UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ERIK HERRERA<br>           Defendant. | Case No. 1:21-CR-00619-BAH |

## ERIK HERRERA'S MOTIONS IN LIMINE

Defendant Erik Herrera, by and through his attorney of record, Deputy Federal Public Defender Jonathan K. Ogata, hereby moves in limine for an order excluding the following: (1) the social media post from Instagram depicting a person, alleged to be Mr. Herrera, in the Senate Parliamentarian's Office on January 6, 2021, (2) any general evidence, including testimony, videos, photos, or other exhibits of the events of January 6, 2021, at the United States Capitol, the eclipse, and area surrounding both locations, (3) any evidence the government seeks to admit pursuant to Federal Rule of Evidence 404(b), and (4) any evidence the government offers pursuant to 902(11).

This motion is based on the attached memorandum of points and authorities, the files and records in this case, and any additional evidence or argument that may be presented to the Court prior to ruling on this motion.

/ / /

/ / /

/ / /

/ / /

/ / /

1

As the government has not yet produced their witness list or exhibit list, the defense reserves the right to file additional objections regarding evidentiary issues up to and during trial.

Respectfully submitted,

DATED: June 17, 2022                         /s/ *Jonathan K. Ogata & Cuauhtemoc Ortega*

CUAUHTEMOC ORTEGA
Federal Public Defender
(Cal. Bar No. 257443)
(E-Mail: Cuauhtemoc_Ortega@fd.org)

JONATHAN K. OGATA
Deputy Federal Public Defender
(Cal. Bar No. 325914)
(E-Mail: Jonathan_Ogata@fd.org)
Office of the Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

The parties have worked to meet and confer regarding witnesses and evidentiary issues. During the meet and confer process the defense requested from the government a draft exhibit list, witness list, and notice of any intent to use 404(b) evidence. In response, the government provided an outline of areas of interest discussing the type of witnesses the government may call and the type of exhibits they may introduce—in general terms. However, the defense has not yet received an exhibit list or witness list with specific exhibits or specific individual witnesses. Similarly, the defense has not received notice from the government of any intent to use 404(b) evidence. For these reasons, the defense moves in limine to exclude evidence that may fall within the government's general outline and reserves the right to continue to raise objections to evidentiary issues as the government completes their exhibit and witness list and as such objections arise leading up to and during trial.

The government charged Mr. Herrera in a five count indictment with violations of (1) obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2); (2) entering or remaining in a restricted building or grounds under 18 U.S.C. § 1752(a)(1); (3) disorderly and disruptive conduct in a restricted building or grounds under 18 U.S.C. 1752(a)(2); (4) disorderly conduct in a Capitol building under 40 U.S.C. 5104(e)(2)(D); and (5) parading, demonstrating, or picketing in a Capitol building under 40 U.S.C 5104(e)(2)(G). Each alleged violation is limited in scope to specific alleged actions regarding Mr. Herrera. It follows that the evidence in this case should similarly be limited in scope to the alleged actions of Mr. Herrera and not to the broader actions of individuals or groups of individuals on January 6, 2021. Further, any evidence introduced should be carefully limited to ensure compliance with the federal rules of evidence ("FRE") to avoid and unfair

prejudice.  In order to ensure such compliance, the defense raises the following evidentiary objections in limine.

## II.     THE COURT SHOULD EXCLUDE THE SOCIAL MEDIA POST FROM INSTAGRAM DEPICTING A PERSON, ALLEGED TO BE MR. HERRERA, IN THE SENATE PARLIAMENTARIAN'S OFFICE ON JANUARY 6, 2021.

In the complaint the government references a photo alleged to depict Mr. Herrera in the Senate Parliamentarian's Office, holding a stack of what appears to be random papers with the caption "I'm reclaiming Aztlan because I love America.  Querer es poder!" ECF No. 1 at 3. Defendant moves to exclude this evidence and any evidence that references or relates to this post on the following grounds: (1) the evidence is not relevant under FRE 401 and 402, (2) even if the evidence is relevant, it is inadmissible under FRE 403, (3) lack of personal knowledge under FRE 602, (4) hearsay under FRE 801 and 802, (5) lack of authentication under FRE 901.

### A.     This Instagram Post Should be Excluded under FRE 401 and 402.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Under Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402." *United States v. Fitzsimons*, No. 21-CR-158, 2022 WL 1658846, at *2 (D.D.C. May 24, 2022) (internal quotations omitted).  "[T]he burden is on the introducing party to establish relevancy," *Dowling v. United States*, 493 U.S. 342, 351 n.3, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), as well as admissibility under other evidentiary rules. *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020).

This Instagram post is not relevant and thus inadmissible.  The Instagram post at issue depicting an individual holding a seemingly random stack of papers inside an Office has no tendency to make a fact of consequence more or less probable.  This is because the post does not establish or tend to establish a fact necessary for the government to prove any alleged offense.  The photo is of unknown origin, taken by an unknown person.  It is unknown what the papers being

4

held are, where they came from, and what if anything they say or relate to. There is simply a dearth of information surrounding the photo—in such an information void it cannot be said that this post meets the evidentiary standard of relevance. Given this lack of information or context surrounding the post the government cannot establish its relevancy and thus it should be excluded.

### B.     This Instagram Post Should be Excluded Under FRE 403.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 renders relevant evidence inadmissible upon a showing that it presents a risk of "unfair prejudice,"—prejudice that is "compelling or unique," *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) (quoting *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis," *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules); *see also United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 146–47 (D.D.C. 2020).

Even if this post is relevant, it would be barred from admission under FRE 403 as unfairly prejudicial. The post at issue lacks context and full information. The unknowns that render this post irrelevant, discussed above, similarly demonstrate the compelling and unique prejudice posed by admission of the post. This post would impermissibly allow a jury to infer what papers are being held, how those papers came to be picked up and what was done with the papers (where they handed to the individual in the photo? Moved from the ground onto a desk? etc.), what the individual was doing in the office, who took the photo and for what purpose, and so on. Should the government attempt to use this evidence it would open a seemingly endless door of inference that could not be closed or limited. Such inferences would no doubt have an undue tendency to suggest a decision by the trier of fact on an improper basis. For these reasons, the post violates FRE 403 and should be excluded.

### C.     This Instagram Post Should be Excluded under FRE 602.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

The government has not yet provided a witness list and thus it is unclear that there is a witness with sufficient personal knowledge of this post to provide testimony related to it. As such, we move to exclude the post on the basis that no witness has sufficient personal knowledge.

### D.     This Instagram Post Should be Excluded under FRE 801 and 802.

"Hearsay is not admissible unless any of the following provides otherwise: a federal statue, these rules, or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Hearsay is defined as an out of court statement offered for the truth of the matter asserted. *See* Fed. R. Evid. 801.

This post contains statements within its caption and elsewhere. By introducing this post, the government would be introducing these statements. To the extent any use of such statements runs afoul of FRE 802, they should be excluded.

### E.     This Instagram Post Should be Excluded under FRE 901.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

In order to introduce this post into evidence the government would have to establish authentication and identify the post sufficient to comport with the federal rules of evidence. As the defense does not currently have copies of the government's exhibit or witness lists it does not appear, at this time, that the government can comply with FRE 901 and thus the post should be excluded.

## III. THE COURT SHOULD EXCLUDE ANY GENERAL EVIDENCE, INCLUDING TESTIMONY, VIDEOS, PHOTOS, OR OTHER EXHIBITS OF THE EVENTS OF JANUARY 6, 2021, AT THE UNITED STATES CAPITOL, THE ECLIPSE, AND AREA SURROUNDING BOTH LOCATIONS.

### A. General Evidence of the Events of January 6, 2021, should be Excluded under FRE 401 and 402.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Under Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402." *United States v. Fitzsimons*, No. 21-CR-158, 2022 WL 1658846, at *2 (D.D.C. May 24, 2022) (internal quotations omitted). "[T]he burden is on the introducing party to establish relevancy," *Dowling v. United States*, 493 U.S. 342, 351 n.3(1990), as well as admissibility under other evidentiary rules. *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020).

Mr. Herrera is charged with violations related to *his* alleged conduct. Evidence in the aggregate, related to the conduct of others on January 6, 2021—including protesters, rioters, demonstrators, and people generally—is not relevant. The conduct of others is not at issue in this case, and the admission of such evidence does not have a tendency to make a fact at issue more or less probable. The government has no relevant purpose for introducing such evidence as it does not link any alleged conduct of Mr. Herrera to the elements of any of the charges. For this reason, any general evidence of the events of January 6, 2021, unrelated to the direct and specific alleged conduct of Mr. Herrera is irrelevant and should be excluded.

### B. General Evidence of the Events of January 6, 2021, Should Be Excluded Under FRE 403.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 renders relevant evidence inadmissible upon a showing that it presents a risk of "unfair

7

prejudice,"—prejudice that is "compelling or unique," *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) (quoting *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis," *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules); *see also United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 146–47 (D.D.C. 2020).

General evidence of the events of January 6, 2021, are not relevant, but if such evidence were relevant, it would violate FRE 403.  Because such evidence is untethered from the alleged conduct of Mr. Herrera that forms the basis for the indictment, the only purpose of the introduction of this evidence would be to impermissibly inflame the passions of the jury and provide a skewed perspective of Mr. Herrera's actual alleged conduct.  In other words, admission of such evidence would allow the jury to superimpose the general conduct of others onto Mr. Herrera, viewing his alleged actions through the aggregate lens of the January 6, 2021, as a whole.  This would be improper.  It would create a vast undue tendency for the jury to tie Mr. Herrera's culpability to the culpability of others present—placing Mr. Herrera on the line for the general conduct that occurred at the Capitol on January 6, 2021, not simply his own alleged conduct.  Because the introduction of general evidence of the events of January 6, 2021, is substantially more prejudicial than probative the Court should bar its introduction.

IV. **THE COURT SHOULD EXCLUDE ANY EVIDENCE THE GOVERNMENT SEEKS TO ADMIT PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b).**

Federal Rule of Evidence 404(b) permits the introduction of "[e]vidence of any other crime, wrong, or act" for certain purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). But such evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id*.  *see also* United *States v. Roberson*, No. CR 21-102 (JDB), 2022 WL 35643, at *2 (D.D.C. Jan. 4, 2022).  In a criminal case 404(b) requires the government to "provide reasonable notice of any such evidence that the

prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice. Fed. R. Evid. 404(b)(3).

It is unclear if the government intends to present any evidence pursuant to FRE 404(b), however to the extent they do intend to, this Court should bar its admission. 404(b) requires the government to provide prior written notice to the defense of such evidence. The defense requested the government provide such notice during the meet and confer process and to date, no notice has been given. If the government were to provide such notice in the future, it would be after this Court's motion in limine deadline, limiting Mr. Herrera's ability to properly challenge such evidence. This would unquestionably prejudice Mr. Herrera. As the advisory committee notes state "[t]he amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility." Notice after the motions in limine deadline would be incongruent with the purpose of reducing surprise and would not promote early resolution on the issue of admissibility. As such, any 404(b) evidence should be excluded.

## V. THE COURT SHOULD EXCLUDE ANY EVIDENCE THE GOVERNMENT OFFERS PURSUANT TO 902(11) BECAUSE REASONABLE NOTICE HAS NOT BEEN PROVIDED

Federal rule of evidence 902(11) requires "[b]efore the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11).

This Court should bar the admission of any evidence the government intends to introduce that relies on a certification made pursuant to 902(11). To date, the government has not provided written notice of its intent to offer a certified record. As such we are unable to inspect or have fair opportunity to challenge such records. Any subsequent challenge would have to occur after the

motions in limine date set by this Court. As no notice has been provided, all evidence relying on certifications made pursuant to 902(11).

Respectfully submitted,

DATED: June 17, 2022          /s/ *Jonathan K. Ogata & Cuauhtemoc Ortega*

CUAUHTEMOC ORTEGA
Federal Public Defender
(Cal. Bar No. 257443)
(E-Mail: Cuauhtemoc_Ortega@fd.org)

JONATHAN K. OGATA
Deputy Federal Public Defender
(Cal. Bar No. 325914)
(E-Mail: Jonathan_Ogata@fd.org)
Office of the Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081