UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-619 - BAH |
| : | |
| ERIK HERRERA, : | |
| : | |
| Defendant. : | |

**JOINT PRETRIAL STATEMENT**

Pursuant to the Court's Standing Order, the parties hereby jointly submit this pretrial statement in advance of the August 15, 2022 trial in this matter.

**A.    Status of Plea Offers**

(i) The government extended a formal plea offer to resolve this case on or about November 18, 2021, in a written proposed plea agreement and an accompanying statement of offense. The plea offer expired on April 29, 2022. The Government and the defense discussed potential alternative resolutions after this date, however, the defense formally notified the Government on or about May 9, 2022 that the defendant rejected the plea offer and notified the Government that the case should be set for trial. The terms of the offer were as follows: the defendant would plead guilty Count One of the Indictment, charging him with Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2); the Government would move to dismiss all remaining counts of the Indictment at sentencing.

(ii) Counsel for the defendant communicated the terms of the plea offer, and a copy of the written plea agreement, to the defendant on or about November 18, 2021. As part of this communication, counsel explained that the potential sentencing exposure in the event the defendant accepted the plea offer was a maximum of 20 years' imprisonment; a term of supervised

release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and a fine of not more than $250,000, or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3) and (d). Counsel also explained that the estimated offense level under the United States Sentencing Guidelines was as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2J1.2 | Base Offense Level | +14 |
| U.S.S.G. § 2J1.2(b)(2) | Substantial Interference with the Administration of Justice | +3 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -3 |
| | Total | 14 |

Counsel explained that a level 14 carries a guidelines term of imprisonment of 15 to 21 months.

In the alternative, counsel explained that the potential sentencing exposure in the event the defendant rejected the plea offer and proceeded to trial on all five counts was a maximum of twenty-three years in custody (20 years for 18 U.S.C. § 1512(c)(2), a Class C felony; one year for each of two Class A misdemeanors charged and six months for each of two Class B misdemeanors charged); a term of probation of not more than five years for each of two Class B misdemeanors pursuant to 18 U.S.C. § 3561(c); a term of supervised release of not more than 5 years, pursuant to 18 U.S.C. § 3583(b)(2) and (3) (3 years for the Class C felony and one year for each of two Class A misdemeanors); a fine of not more than a total of $460,00 ($250,000 for the Class C felony pursuant to 18 U.S.C. § 3571(b)(3) and (d), $100,000 for each Class A misdemeanor pursuant to 18 U.S.C. § 3571(b)(5) and $5,000 for each Class B misdemeanor pursuant to 18 U.S.C. § 3571(b)(6)); and a special assessment of $170 ($100 per the Class C felony, $25 per each of the two class A misdemeanors pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii), and $10 per each of the class B misdemeanor pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii)).

**B.     Joint Statement of the Case**

This is a criminal case. The United States has charged defendant Erik Herrera with

violating five separate federal criminal laws based on his alleged entry into the United States Capitol building on January 6, 2021 to allegedly obstruct Congress's Joint Session to certify the Electoral College votes and for his alleged presence inside the U.S. Capitol on January 6, 2021. Specifically, the United States alleges that Erik Herrera unlawfully obstructed Congress's Joint Session to certify the Electoral College votes and that he unlawfully entered and remained; unlawfully engaged in disorderly and disruptive conduct; and unlawfully paraded, demonstrated, and picketed; all while inside the United States Capitol Building on January 6. Mr. Herrera has pleaded not guilty to each charge.

### C.     Proposed Voir Dire Questions

The parties' jointly-proposed voir dire questions are set forth in Exhibit 1. In filing these joint proposed voir dire questions the defense does not waive any arguments raised in their motion for change of venue. ECF No. 38.

### D.     Proposed Jury Instructions

The parties' proposed jury instructions are set forth in Exhibit 2. To the extent the parties object to any proposed instructions, those objections are noted. Where the joint proposed jury instructions relate to counts, one, two, and three of the indictment, the defense does not waive any arguments raised in their motion to dismiss related to counts one, two, and three, by agreeing to such instructions. ECF No. 40.

### E.     List of Expert Witnesses

At this time, the parties do not anticipate sponsoring the testimony of expert witnesses at trial.

### F.     List of Motions in Limine

*The United States did not submit motions in limine:*

*The defense previously submitted the following motions in limine:*

1) Motion to Change Venue[1] (ECF No. 36) (The United States submitted a Response in Opposition – ECF No. 42) (Reply – ECF No. 46)

2) Motion to Dismiss Counts One through Three[2] (ECF No. 38) (The United States submitted a Response in Opposition – ECF No. 40) (Reply – ECF No. 48)

3) Motion in Limine (ECF No. 37) (The United States filed a Response in Opposition – ECF No. 41) (Reply – ECF No. 47)

**G.**  **List of Prior Convictions**

The defendant has no prior convictions.

**H.**  **List of Government Exhibits**

The list of government exhibits is attached as Exhibit 3.

At this time, the United States has identified the majority of exhibits it intends to use at trial. The exhibit list was compiled in a good-faith effort to identify all trial evidence that is known or identified at this time. The government reserves the right to supplement this list or to remove items from the list, as it develops additional evidence throughout trial preparations and to streamline the presentation of its case. The government also reserves the right to introduce any evidence produced to the defense in discovery. The defendant reserves the right to object to any modifications to the exhibit list on grounds related to undue delay, timeliness, and fair notice.

---

[1] This is not a motion *in limine* but is included here for the Court's convenience.

[2] This is not a motion *in limine* but is included here for the Court's convenience.

**I.     Stipulations**

The government has proposed approximately 15 stipulations. At this time the defense has not agreed to any of the proposed stipulations. However, the parties will continue discussing possible stipulations relating to the trial and will continue working toward agreement where possible.

**J.     Proposed Verdict Form**

A proposed verdict form is attached as Exhibit 4.


Dated: July 15, 2022

| FOR THE DEFENDANT | FOR THE UNITED STATES |
|---|---|
| ERIK HERRERA<br>Defendant | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| _/s/_<br>JONATHAN K. OGATA, Esq.<br>California Bar No. 325914<br>Deputy Federal Public Defender<br>Santa Ana, CA 92701\<br>jonathan_ogata@fd.org<br>(714) 338-4521 | _/s/_<br>CHRISTOPHER M. COOK<br>Assistant United States Attorney<br>KS Bar No. 23860<br>Capitol Riot Detailee<br>christopher.cook5@usdoj.gov<br>(412) 327-3487 |
| _/s/_<br>CUAUHTEMOC ORTEGA, Esq.<br>California Bar No. 257443<br>Federal Public Defender<br>Los Angeles, CA 90012<br>Cuauhtemoc_Ortega@fd.org<br>(213) 894-2854 | _/s/_<br>JACQUELINE SCHESNOL<br>Assistant United States Attorney<br>Arizona Bar No. 016742<br>Capitol Riot Detailee<br>jacqueline.schesnol@usdoj.gov<br>(602) 514-7500 |