**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-619 (BAH)** |
| v. | : | |
| | : | |
| **ERIK HERRERA,** | : | |
| | : | |
| Defendant. | : | |

**JOINT PROPOSED JURY INSTRUCTIONS**

The parties request the following jury instructions.  Part A consists of the instructions to which the parties agree.  Part B consists of the instructions to which the parties disagree, and each party's arguments.

**A.      Jointly Proposed Jury Instructions**

   **I.  Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

   **II.  Final Instructions**

1.      Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2.      Function of the Court, Redbook 2.101

3.      Function of the Jury, Redbook 2.102

4.      Jury's Recollection Controls, Redbook 2.103

5.      Evidence in the Case, Redbook 2.104

6.      Statements of Counsel, Redbook 2.105

7.      Indictment Not Evidence, Redbook 2.106

8.      Burden of Proof, Redbook 2.107

9.    Reasonable Doubt, Redbook 2.108

10.   Direct and Circumstantial Evidence, Redbook 2.109

11.   Nature of Charges Not To Be Considered, Redbook 2.110

12.   Number of Witnesses, Redbook 2.111

13.   Inadmissible and Stricken Evidence, Redbook 2.112

14.   Credibility of Witnesses, Redbook 2.200

15.   Police Officer's Testimony, Redbook 2.207

16.   Right of Defendant Not to Testify, Redbook 2.208 *or*

      Defendant as Witness, Redbook 2.209, *as applicable*

17.   Statements of the Defendant – Substantive Evidence, Redbook 2.305

18.   Transcripts of Tape Recordings, Redbook 2.310

19.   Count One, Obstruction of an Official Proceeding in violation of 18 U.S.C. §§

      1512(c)(2), 2 [see proposal below]

      a.   Elements

      b.   "Knowingly"

20.   Count Two, Entering or Remaining in a Restricted Building or Grounds in violation

      of 18 U.S.C. § 1752(a)(1) [see proposal below]

      a.   Elements

      b.   "Restricted Building or Grounds"

21.   Count Three, Disorderly or Disruptive Conduct in a Restricted Building or Grounds

      in violation of 18 U.S.C. § 1752(a)(2) [see proposal below]

      a.   Elements

      b.   "Disorderly or Disruptive Conduct"

22.     Count Four, Disorderly or Disruptive Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

    a.  Elements

    b.  "Willfully"

23.     Count Five, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

24.     Proof of State of Mind, Redbook 3.101

25.     Multiple Counts – One Defendant, Redbook 2.402

26.     Unanimity—General, Redbook 2.405

27.     Verdict Form Explanation, Redbook 2.407

28.     Redacted Documents and Tapes, Redbook 2.500

29.     Exhibits During Deliberations, Redbook 2.501

30.     Selection of Foreperson, Redbook 2.502

31.     Possible Punishment Not Relevant, Redbook 2.505

32.     Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

33.     Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

34.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

35.     Excusing Alternate Jurors, Redbook 2.511

36.     Court Interaction with Jury During Deliberations – Note, Redbook 2.600

37.     When Jurors Cannot Agree, Redbook 2.601

38.     Instructions to Jury Before Polling, Redbook 2.602

39.     Instructions to Jury After Polling, Redbook 2.603

40.     Comment on Verdict – Note, Redbook 2.604

**B. Jury Instruction to Which the Parties Disagree[1]**

41.     Definitions with respect to Count One, Obstruction of an Official Proceeding

      In violation of 18 U.S.C. § 1512(c)(2);

          a. "Attempt"

          b.  Aiding and Abetting

          c. "Official Proceeding"

          d. "Corruptly"

42.     "Willfully" (with respect to Count 4, Disorderly or Disruptive Conduct in a Capitol

      Building, in violation of 40 U.S.C. § 5104(e)(2)(D)).

43.     Disorderly or Disruptive Conduct in a Capitol Building "Orderly Conduct of a

      Session of Congress" (with respect to Count Four, in violation of 40 U.S.C. §

      5104(e)(2)(D).

44.     Parading , Demonstrating, or Picketing in a Capitol Building – Elements (with respect

      To Count Five, in violation of 40 U.S.C. § 5104(e)(2)(G).

---

[1] The defense objects to six of the government's proposed instructions and has proposed alternative language in the objections.

# PART A

# Jointly Proposed Jury Instructions

**Joint Proposed Instruction No. 19(a)**

**<u>OBSTRUCTION OF AN OFFICIAL PROCEEDING - ELEMENTS</u>[2]**
(18 U.S.C. §§ 1512(c)(2), 2)

Count One of the indictment charges Erik Herrera with corruptly obstructing an official proceeding, which is a violation of federal law.  Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions.  Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

---

[2] 18 U.S.C. § 1512(c)(2); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 11-12); *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF 119 at 25).

**Joint Proposed Instruction No. 19(b)**

## OBSTRUCTION OF AN OFFICIAL PROCEEDING – "KNOWINGLY"[3]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

---

[3] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 4.10 ("Definition of Knowingly"); *see also* Third Circuit Model Jury Instruction, Criminal, 5.02 ("Knowingly")).

**Joint Proposed Instruction No. 20(a)**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS –
ELEMENTS**[4]
(18 U.S.C. § 1752(a)(1))

Count Two of the indictment charges Erik Herrera with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

---

[4] 18 U.S.C. § 1752; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

**Joint Proposed Instruction No. 20(b)**

**<u>ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS –
"RESTRICTED BUILDING OR GROUNDS"[5]</u>**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

---

[5] 18 U.S.C. § 1752(c); 18 U.S.C. § 3056.

**Joint Proposed Instruction No. 21(a)**

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS – ELEMENTS</u>[6]**
(18 U.S.C. § 1752(a)(2))

Count Three of the indictment charges Erik Herrera with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any restricted building or grounds.

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "restricted building or grounds" has the same meaning as in the instruction for Count Two defining "restricted building or grounds."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

---

[6] 18 U.S.C. § 1752(a)(2).

**Joint Proposed Instruction No. 21(b)**

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS – "DISORDERLY OR DISRUPTIVE CONDUCT"[7]</u>**

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

---

[7] Redbook 6.643

**Joint Proposed Instruction No. 22(a)**

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING –
ELEMENTS[8]</u>**
(40 U.S.C. § 5104(e)(2)(D))

Count Four of the indictment charges Erik Herrera with disorderly or disruptive conduct in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same as in the instruction for Count Two defining "disorderly conduct" and "disruptive conduct."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

---

[8] For the elements:  40 U.S.C. § 5104.
For the definition of "United States Capitol Buildings":  40 U.S.C. § 5101.

# PART B

# Jury Instructions to Which the Parties Disagree

**Defense Objection to the Language "which is a violation of federal law."**

The defense objects to Jury instructions 19(a), 20(a), 21(a), and 22(a), use of the clause "which is a violation of federal law." The language is unnecessary and redundant. Each sentence in which this language appears notes that Mr. Herrera was indicted on a charge, and specifies the charge. There is no reason to note that the charge is a "violation of federal law." The fact that it is a violation of federal is implicit—indeed Mr. Herrera can not be indicted for something that is not a "violation of federal law."

**Government Response**

The language makes clear for the jury that if they find the defendant guilty of these counts it is a violation of federal law.

**Government's Proposed Instruction No. 41(a)**

**OBSTRUCTION OF AN OFFICIAL PROCEEDING – ATTEMPT**

In Count One, Erik Herrera is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

15

**Government's Authority**

The Government's authority for this instruction is the Redbook 7.101; The William J.

Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; Third Circuit Pattern Jury

Instructions 7.01.

**Defense Objections**

Mr. Herrera agrees with much of this instruction with several revisions that mirror those

found in Redbook rule 7.101.  The government modified the standard language and the defense

requests their modification be largely rejected. The Mr. Herrera has proposed the following

language with regards to this jury instruction in compliance with Redbook rule 7.101.:

The elements of the crime of attempt to obstruct an official proceeding, each of which the government must prove beyond a reasonable doubt, are that:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Government's Response to Defense Objections**

It is appropriate for the Court to instruct the jurors that an "attempt to commit obstruction

of an official proceeding is a crime even if the defendant did not actually complete the crime of

obstruction of an official proceeding." This language at the top of the Government's proposed instruction clarifies this for the jury. The jury has been instructed with substantially the same language with respect to other trials related to January 6, 2021. See *United States v. Anthony Robert Williams*, No. 21-377 (BAH) ECF No. 112; Federal Rule of Criminal Procedure 31(c) is also instructive. It provides that a defendant may be found guilty of "an attempt to commit the offense charged; or ... an attempt to commit an offense necessarily included in the offense charged, if the attempt is an offense in its own right." Fed. Rules Crim. Proc. 31(c)(2)-(3). *See also, United States v. Resendiz-Ponce*, 549 U.S. 102 (2007).

Similarly, it is appropriate for the Court to instruct the jurors on the second element of this offense that "a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime." The jury must understand that taking such a substantial step can be corroborative evidence that the defendant intended to commit the crime that has been charged. *See United States v. Hite*, 769 F.3d 1154, 1162 (D.C. Cir. 2014).

**Government's Proposed Instruction No 41(b)**

**<u>OBSTRUCTION OF AN OFFICIAL PROCEEDING – AIDING AND ABETTING</u>**

In this case, the government further alleges that Erik Herrera aided and abetted others in committing obstruction of an official proceeding as charged in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**Government's Authority ("Aiding and Abetting")**

Redbook 3.200; 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

**Defense Objections ("Aiding and Abetting")**

Mr. Herrera objects to this instruction as it in incongruent with the Redbook instruction and substantially more confusing. Should the Court choose to vary from the Redbook model instruction Mr. Herrera proposes the Court use the Ninth Circuit model instruction 4.1. Accordingly, Mr. Herrera proposes using the Redbook instruction 3.200 or, in the alternative, the Ninth Circuit instruction. Those instructions are provided below:

**Ninth Circuit Instruction 4.1 Aiding and Abetting (18 U.S.C. § 2(a))**

A defendant may be found guilty of [specify crime charged], even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of [specify crime charged] by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed [specify crime charged];

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of [specify crime charged];

Third, the defendant acted with the intent to facilitate [specify crime charged]; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [specify crime charged].

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

20

**Redbook Instruction 3.200**

You may find Erik Herrera guilty of the crime charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by Erik Herrera at the place and time the crime is committed is not by itself sufficient to establish his guilt. However, mere physical presence is enough if it is intended to help in the commission of the crime. It is not necessary that you find that Erik Herrera was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

I have already instructed you on the elements the offense with which Erik Herrera is charged. With respect to the charge of Obstruction of an Official Proceeding, regardless of whether Erik Herrera is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Erik Herrera personally acted knowingly, corruptly, and with intent to obstruct or impede the official proceeding

**Government's Responses to Defense Objections ("Aiding and Abetting")**

The Redbook instruction's language on *mens rea* does not accurately reflect governing

D.C. Circuit Court law. The Redbook instruction requires the government to prove that the

defendant acted "with intent to obstruct or impede the official proceeding."  However, binding

circuit precedent in fact requires only that the government prove the defendant acted with "the

specific intent to facilitate the commission of a crime by another."  *United States v. Wilson*, 160

F.3d 732, 738 (D.C. Cir. 1998).  For similar reasons, the Ninth Circuit instruction does not clarify

that the law requires only that the government prove the defendant acted with "the specific intent to facilitate the commission of a crime by another." *Id*.

The government's proposed instruction for aiding and abetting is identical that used in other trials related to January 6, 2021 where 18 U.S.C. § 1512(c)(2) was charged. *See United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 19 at 27-29) and *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 14-15); *United States v. Williams* No. 21-377 (BAH) (ECF No. 112 at 8-9).

## Defendants Reply to the Government's Responses to Defense Objections ("Aiding and Abetting")

Mr. Herrera objects to this instruction. The government cites *United States v. Wilson* for support of their instruction because they argue the Redbook instruction "is counter the binding circuit authority." The government is mistaken. As the Redbook makes clear "*Wilson-Bey* and *Kitt* held that whether a defendant is a principal offender or an aider and abettor, she or he must have the mens rea required for the charged offense." Redbook 3.200 Comment. This makes clear that the Redbook instruction is, in fact, proper—requiring the mens rea of the instant offense when it states "with intent to obstruct or impede the official proceeding."

**Government's Proposed Instruction No. 41(c)**

**OBSTRUCTION OF AN OFFICIAL PROCEEDING – "OFFICIAL PROCEEDING"**

The term "official proceeding" includes a proceeding before the Congress.  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.  As used in Count One, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

**Government's Authority ("Official Proceeding")**

For the definition of "official proceeding":  18 U.S.C. § 1515(a)(1)(B); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1).

For a holding that Congress's Joint Session to certify the Electoral College vote on January 6, 2021 was an "official proceeding":  *United States v. DeCarlo*, No. 21-cr-73 (BAH) (ECF No. 66, at 32-36); *United Sates v. Sandlin*, No. 21-cr-88, 2021 WL 5865006, at *4 (D.D.C. Dec. 10, 2021) (Friedrich, J.); *United States v. Caldwell*, No. 21-cr-28, 2021 WL 6062718, at *7 (D.D.C. Dec. 20, 2021) (Mehta, J.); *United States v. Mostofsky*, No. 21-cr138, 2021 WL 6049891, at *10 (D.D.C. Dec. 21, 2021) (Boasberg, J.); *United States v. Montgomery*, No. 21-cr-46, 2021 WL 6134591, at *4-10 (D.D.C. Dec. 28, 2021) (Moss, J.); *United States v. Nordean*, No. 21-cr-175, 2021 WL 6134595, at *4-6 (D.D.C. Dec. 28, 2021) (Kelly, J.); *United States v. McHugh*, No. 21-cr-453, 2022 WL 296304, at *5-9 (D.D.C. Feb. 1, 2022) (Bates, J.); *United States v. Grider*, No. 21-cr-22, 2022 WL 392307 (D.D.C. Feb. 9, 2022) (Kollar-Kotelly, J.); *United States v. Miller*, No. 1:21-cr-119, 2022 WL 823070, at *5 (D.D.C. Mar. 7, 2022) (Nichols, J.); *United States v. Andries*,

No. 21-cr-93, 2022 WL 768684, at *3-7 (D.D.C. Mar. 14, 2022) (Contreras, J.); *United States v. Puma*, No. 21-cr-454, 2022 WL 823079, at *4-9 (D.D.C. Mar. 19, 2022) (Friedman, J.).

For the assertion that the proceeding need not be pending:  18 U.S.C. § 1512(f)(1).

For the nexus requirement (that the official proceeding be reasonably foreseeable):  *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *12 (D.D.C. Dec. 10, 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at §§ 1512 & 1515(a)(1).

### Defense Objections ("Official Proceeding")

Mr. Herrera has filed a pre-trial motion on this issue at ECF No. 38 and reasserts the arguments contained therein here.  Further, this instruction confuses the burden of proof.  The instruction states "[i]f the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant." This sentence seems to limit when the government has to prove beyond a reasonable doubt to only those times when the proceeding "was not pending or about to be instituted."  This is improper.

### Government's Response

The United States has filed a Response in Opposition to the defendant's motion at ECF No. 42.  Moreover, this jury has been instructed in substantially the same manner in other January 6 trials.  See *United States v. Anthony Robert Williams* No. 21-377 (BAH) ECF No. 112.

### Joint Proposed Instruction No. 41(d)

### <u>OBSTRUCTION OF AN OFFICIAL PROCEEDING – "CORRUPTLY"</u>

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both.   The defendant must also act with "consciousness of wrongdoing."  "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

### Government's Authority

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North,* 910 F.2d 843, 883 (D.C. Cir. 1990) *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *11-13 (D.D.C. Dec. 10, 2021); *United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *11 (D.D.C. Dec. 20, 2021); *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, at *19-21 (D.D.C. Dec. 28, 2021); *United States v. Nordean*, No. 21-cr-175

(TJK), 2021 WL 6134595, at *10-11 (D.D.C. Dec. 28, 2021); *United States v. Lonich*, No. 18-10298, 2022 WL 90881, at *18 (9th Cir. Jan. 10, 2022).

## Defense Objections

Mr. Herrera objects to this instruction and proposes the following revisions:

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing."  "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

~~For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.~~

The examples in this jury instruction utilize an individual's constitutional right against self-incrimination as a means to explain how one can "impede" or "obstruct" an official proceeding without acting corruptly.  This is improper.  It (1) would insinuate that in order not to act corruptly one would need to invoke a constitutional right, which is not the case, and (2) acts as an poor example of how someone can "impede" or "obstruct" an official proceeding without acting corruptly because the invocation of one's fifth amendment right can never be corrupt as a matter of law and thus is a poor metric with which to measure "corrupt" conduct.  *See Malloy v. Hogan*,

378 U.S. 1, 7 (1964) (nothing "the Fifth Amendment privilege is its essential mainstay" of the American system of criminal prosecution.); *McGahee v. Massey*, 667 F.2d 1357, 1362 (11th Cir. 1982) ("The fifth amendment is a sacred shield. It is one of the cornerstones of the fortress protecting our liberties."); *United States v. Goodwin*, 470 F.2d 893, 904 (5th Cir. 1972) ("We must never forget that the Fifth Amendment is a sacred privilege, and it is not to be defiled….").

### Government's Response to the Defense Objections ("Corruptly")

The government's proposed definition of corruptly is materially identical to the definition used in four trials related to January 6, 2021 where 18 U.S.C. § 1512(c)(2) was charged. *See U*nited States v. Reffitt, No. 21-cr-32 (DLF) (ECF No. 19 at 25-26); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12-13); *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 83 at 27); and *United States v. Anthony Robert Williams*, No. 21-377 (ECF No. 112 at 7).

The defendant seeks to strike language that clarifies for the jury when an act can be "corruptly" undertaken. These examples provide helpful language for the jury to understand this concept. The government requests that this language be included.

**Government's Proposed Instruction No. 42**

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING –<br>"ORDERLY CONDUCT OF A SESSION OF CONGRESS"</u>**

I instruct you that, for purposes of Count Four, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020.

**Government's Authority**

This instruction has been used in other trials related to January 6, 2021.  *See United States v. Anthony Robert Williams* No. 21-377 (BAH) ECF No. 112 at 11

**Defense Objection**

Mr. Herrera objects to this instruction.  The elements of Disorderly or Disruptive Conduct In a Capitol building are enumerated in jury instruction 22(a).  This instruction seeks to unnecessarily and improperly define a term within the elements of the offense.  The government cites to no circuit or Supreme Court authority to support this instruction.  Indeed, the government can only cite to one district court case, *United States v. Anthony Robert Williams* No. 21-377 (BAH) ECF No. 112 at 11, where this instruction was provided.  But, in citing this single district court case, the government fails to provide any authority upon which that court relied or based its decision on.  As such, this is an instruction unsupported by existing law and unvetted by any organization or entity entrusted with the composition of model jury instructions.

**Government's Response**

It is appropriate for the jurors to be instructed that the Joint Session of Congress that was convened on January 6, 2021 is a Session of Congress, and that the certification of the Electoral College Presidential Election of 2020 is a Session of Congress for the purposes of this statute.

**Government's Proposed Instruction No. 43**

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING –
"WILLFULLY"</u>**

A defendant acts "willfully" if he knew his conduct was unlawful and intended to do something that the law forbids.  That is, to find that defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law, nor does it require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

**Government's Authority ("Willfully")**

Third Circuit Model Jury Instruction, Criminal, 5.05 ("Willfully"); *United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Defense Objections ("Willfully")**

Mr. Herrera objects to this instruction and proposes a revised instruction that was proposed in *U.S. v. Webster*, 21-208-APM, and more similar to the instruction at issue and approved of by the Supreme Court in *United States v. Bryan*, 524 U.S. 184, 190 (1998) (affirming decision below).  The defense proposes the following language:

I instruct you that, for purposes of Count Four, a person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

**Government's Responses to Defense Objections ("Willfully")**

The defense's proposed language seems to suggest that lack of evil motive or bad purpose is not relevant to this case.  However, it is likely the defendant will argue that he lacked bad purpose when he entered the U.S. Capitol.  Therefore, the instruction is highly relevant.  Moreover, the fact that willfulness does not require evil motive or bad purpose is standard language in willfulness jury instructions.  *United States v. Pomponio*, 429 U.S. 10, 11-12 (1976) (the term "willful" in context of statute making it a crime to willfully file a false income tax return simply means a voluntary, intentional violation of a known legal duty; there is no requirement of showing of a bad purpose or evil motive beyond a specific intent to violate the law); *United States v. Sacher*, 139 F. Supp. 855, 861 (D.D.C 1956) (vacated on other grounds) (willfulness does not mean bad faith or an evil motive).

**Government's Proposed Instruction No. 44**

## PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING – ELEMENTS
(40 U.S.C. § 5104(e)(2)(G))

Count Five of the indictment charges Erik Herrera with parading, demonstrating, or picketing in a capitol building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress.

The term "United States Capitol Buildings" has the same meaning as in the instruction for Count Four defining "United States Capitol Buildings."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

The term "willfully" has the same meaning as in the instruction for Count Four defining "willfully."

**Government's Authority**

40 U.S.C. § 5104; *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000)

**Defense Objections**

Mr. Herrera supports much of the proposed instruction with minor modifications in language.  The defense proposes the following modified instruction: Count Five of the indictment charges Erik Herrera with parading, demonstrating, or picketing in a capitol building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress.

The term "United States Capitol Buildings" has the same meaning as in the instruction for Count Four defining "United States Capitol Buildings."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

The term "willfully" has the same meaning as in the instruction for Count Four defining "willfully."

This modification removes the extraneous language of "which is a violation of federal law" and the superfluous examples related to the term "demonstrate."

**Government's Response to Defense Objections**

The defense proposes to remove the language "which is a violation of federal law" and "by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying."  It is appropriate to instruct jurors on what conduct can qualify for a violation of 40 U.S.C. § 5104(e)(2)(G), and to note that the United States has alleged a violation of law.  This instruction was used in another January 6 trial held in this Court.  See *United States v. Anthony Robert Williams* No. 21-377 (BAH) ECF No. 112.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney


By:      */s/Christopher Cook*
        Christopher M. Cook
        KS Bar No. 23860
        Jacqueline Schesnol
        AZ Bar No. 016742
        Assistant United States Attorneys
        jacqueline.schesnol@usdoj.gov
        (480) 599-1741 (cell)

34