**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>        v.<br><br>ERIK HERRERA<br><br>                 Defendant. | Case No. 1:21-CR-00619-BAH |

**DEFENDANT ERIK HERRERA'S RESPONSE TO COURT'S JULY 26, 2022 ORDER**

**RE: UNOPPOSED MOTION TO PERMIT DEFENDANT TO APPEAR FOR**

**THE AUGUST 5, 2022 PRETRIAL CONFERENCE BY VIDEOCONFERENCE**

Defendant Erik Herrera, by and through his attorneys of record Jonathan K. Ogata and Cuauhtemoc Ortega, of the Office of the Federal Public Defender for the Central District of California, hereby respectfully files his response to the Court's July 26, 2022, order regarding his Unopposed Motion to Permit Defendant to Appear for the August 5, 2022, Pretrial Conference by Videoconference.  In the order, the Court posed two questions, which are addressed in turn.

1. **Whether, given that a California office of the Federal Public Defender appears to be providing for *two* attorneys to attend the scheduled pretrial conference in Washington, D.C., resources of that office may be reprioritized to provide for defendant himself to attend along with a *single* attorney.**

No.  Where a court concludes "that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own," Congress has enacted legislation and appropriated funds to the United States Marshal's Service (USMS) to, upon order of that court, "arrange for that person's means of noncustodial transportation or [to] furnish the fare for such transportation to the place where his appearance is required," in addition to "money

1

for subsistence expenses."  18 U.S.C. § 4285.  In light of Congress's specific statutory directive assigning transportation of such individuals to the USMS, the Federal Public Defender (FPD) may not expend appropriated funds for a client's travel or lodging expenses for the purposes of facilitating the client's attendance at a court proceeding.  Using FPD funds to pay for client travel to a court proceeding would violate the Anti-Deficiency Act, 31 U.S.C. §§ 1301, 1341, which prohibits the federal government and its agencies from expending funds other than for their specifically appropriated purposes and from augmenting one source of appropriated funds with funds appropriated for other purposes.  Congress specifically appropriates funds to the USMS for transporting financially eligible defendants to court proceedings.  The FPD, accordingly, cannot pay for Mr. Herrera's travel and lodging expenses for the purposes of attending court because doing so would constitute an improper augmentation of the USMS appropriation.  The FPD can pay for the travel costs of Mr. Herrera's defense team because Congress has appropriated funds for travel of FPD attorneys and staff pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.  The issue is not, therefore, the lack of available funds within the FPD, but the limitations on the purposes for which such funds can be expended.

**2.  How to reconcile defendant's stated inability to finance his travel to attend the required pretrial conference, which has been scheduled for over two months, with his apparent ability to have financed travel to Washington, D.C. on January 6, 2021.**

The defense respectfully objects to the Court's request that the defendant make statements, either himself or through counsel, regarding the alleged offense conduct and its circumstances, particularly at the pretrial stage. Not only does the inquiry effectively provide differential treatment to Mr. Herrera because of his indigent status (as a non-indigent defendant would have no need to submit the instant request), it touches upon other rights he holds, as discussed below.  The defense also notes on the matter of differential treatment that the Court has informally excused one of the

two prosecutors on this matter from making an in person attendance and allowed a videoconference appearance, though the government has long been on notice regarding the hearing date as well.

As to the rights implicated by the inquiry, with regard to statements from Mr. Herrera himself, the Fifth Amendment privilege against self-incrimination "protects a person . . . against being incriminated by his own compelled testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409 (1976). The privilege "assure[s] that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action." *Maness v. Meyers*, 419 U.S. 449, 461 (1975). An individual may invoke his Fifth Amendment privilege "in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory[.]" *Kastigar v. United States*, 406 U.S. 441, 444 (1972). Mr. Herrera's communications with his attorneys regarding the alleged offense conduct and its circumstances are also protected by the attorney-client privilege. "The attorney-client privilege protects confidential communications made between clients and their attorneys when the communications are for the purpose of securing legal advice or services." *In re Lindsey*, 148 F.3d 1100, 1103 (D.C. Cir. 1998). This privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It exists "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.*

With regard to Mr. Herrera's financial condition, he was appointed counsel after he was determined indigent by the Court having reviewed his financial affidavit. (Dkt. 20, at 2). Defense counsel are mindful of their duty to update the Court regarding any material changes to the defendant's financial circumstances, and we have no updates at this time.

If the Court denies Mr. Herrera's request to appear by videoconference and his alternative request to order the USMS to arrange for his travel, he will of course make every effort to be present in person at the Pretrial Conference since he, setting aside his financial situation, wants to attend in person. In an abundance of caution, however, if Mr. Herrera is not able to get to the Pretrial Conference because of his financial situation, he waives his presence at the hearing

pursuant to Federal Rule of Criminal Procedure 43. *See* Exhibit A.  Under Rule 43, defendant's presence is not required other than at initial appearance, the initial arraignment, entry of a plea, trial, and sentencing.

Respectfully submitted,

DATED:  July 28, 2022                    By  */s/ Jonathan K. Ogata & Cuauhtemoc Ortega*

CUAUHTEMOC ORTEGA
Federal Public Defender
CA Bar No. 257443
JONATHAN K. OGATA
Deputy Federal Public Defender
CA Bar No. 325914
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone:  (714) 338-4500
E-Mail:  Jonathan_Ogata@fd.org