UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIK HERRERA<br>        Defendant. | Case No. 1:21-CR-00619-BAH |

**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EMAIL COMMUNICATIONS BEWEEN MR. ERIK HERRERA AND MR. JAKE MINGER**

    The government moves to exclude email communications between Mr. Erik Herrera and Mr. Jake Minger at KUSI, a San Diego news outlet. The government argues that the emails constitute inadmissible hearsay not covered by any exception. Contrary to the government's assertions, the emails are admissible, and this Court should deny the government's motion.

    As a threshold matter, the emails from Mr. Jake Minger at KUSI to Mr. Herrera are not hearsay, as they are offered to show their effect on Mr. Herrera and provide context for Mr. Herrera's subsequent conduct. "An out-of-court statement that is offered to show its effect on the hearer's state of mind is not hearsay under Rule 801(c)." *United States v. Thompson*, 279 F.3d 1043, 1047 (D.C. Cir. 2002). Mr. Minger's statements to Mr. Herrera indicated KUSI's interest in engaging Mr. Herrera for photojournalistic coverage in Washington, D.C. As a result, Mr. Herrera traveled to Washington as planned to cover any rallies that would take place. Mr. Herrera reached out to Mr. Minger throughout his trip to Washington and even afterward regarding Mr. Herrera's coverage of the events, including agreeomg to participate in live Zoom interviews with KUSI. After January 6, Mr. Herrera sent Mr. Minger several photos and videos that he took of the events on January 6th. Mr. Minger's emails clearly had an effect on Mr.

1

Herrera's state of mind and subsequent conduct. Accordingly, Mr. Minger's statements are not hearsay.

To the extent the email exchanges between Mr. Herrera and Mr. Minger are considered hearsay, they are admissible under Federal Rule of Evidence 803(3) as statements of their then-existing states of mind. Rule 803(3) provides that "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan)" is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness[.]" Fed. R. Evid. 803(3).

The emails illustrate Mr. Herrera's and Mr. Minger's mutual understanding re: Mr. Herrera providing coverage of any rallies or events that would take place on January 6th, including sending photos and videos of the events to Mr. Minger, and appearing on live Zoom interviews from the field. *See Queen v. Schultz*, 671 F. App'x 812, 815–16 (D.C. Cir. 2016) (unpublished) (finding district court properly admitted, pursuant to Rule 803(3), 226 pages of emails as evidence of parties' contemporaneous states of mind regarding their intent to associate together as partners). Indeed, Mr. Herrera's initial email demonstrates his motive in reaching out to KUSI—namely, the possibility of providing professional photojournalist coverage for KUSI of the events in Washington, D.C. The subsequent email exchanges contain the parties' discussions concerning that arrangement.[1] Those statements are admissible as representative of their states of mind and plan for the news coverage.

The emails also contain Mr. Herrera's statements of intentions and plans concerning his trip to Washington, D.C. Rule 803 provides for the admission of "statements to show a future intent of the declarant to perform an act if the occurrence of that act is at issue." *United States v.*

---

[1] For the same reason, emails to San Diego Union Tribune and other entities from Mr. Herrera expressing his motive for reaching out and his intent to travel to Washington DC are admissible.

2

*Brown*, 490 F.2d 758, 762 (D.C. Cir. 1973); *see also United States v. Persico*, 645 F.3d 85, 100 (2d Cir. 2011) ("[A] declarant's statement of his intent may be introduced to prove that the declarant thereafter acted in accordance with the stated intent.") (internal quotation omitted). Mr. Herrera told Mr. Minger – and other persons and entities -- that he was a photojournalist and was planning to travel to Washington, D.C., to cover any rallies that would take place on January 6th. Mr. Herrera offered to provide Mr. Minger photos and video footage of the events for KUSI's usage. Mr. Herrera did just that. Mr. Herrera's statements of intent are, thus, admissible. *See United States v. Torres*, 901 F.2d 205, 239–40 (2d Cir. 1990) (noting that statement that meets requirements of Rule 803(3) cannot be excluded simply because court believes it is untrustworthy or not credible), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010).

Finally, the email communications are admissible under the residual hearsay exception in Rule 807. Rule 807 provides that even if a declarant's statements are inadmissible under Rules 803 or 804, they nevertheless may be admitted if they meet five criteria: (1) the statements have guarantees of trustworthiness; (2) the statements are offered as evidence of a material fact; (3) the statements are more probative on the point for which they are offered than any other evidence that reasonably may be procured; (4) admission serves the purpose of the rules of evidence and the interests of justice; and (5) reasonable notice is given to the adverse party. *United States v. Slatten*, 865 F.3d 767, 806 (D.C. Cir. 2017); Fed. R. Evid. 807.

First, the email communications are supported by sufficient guarantees of trustworthiness. The emails depict an ordinary discussion regarding the possibility of engaging Mr. Herrera as a photojournalist. Mr. Herrera reached out to KUSI and others to gauge their interest in his anticipated news coverage of a potentially historic event in hopes of boosting his

professional resume and portfolio. Mr. Minger, who did not know and otherwise had no connection to Mr. Herrera, was interested in Mr. Herrera's work. Mr. Herrera and Mr. Minger went on to exchange professional communications concerning Mr. Herrera's work while in Washington, D.C. There is nothing in the record to remotely suggest that the communications between the two were not genuine or trustworthy.

Second, the email exchanges are being offered as evidence of a material fact—that Mr. Herrera traveled to Washington, D.C., with the hopes of covering a historic event for a major news outlet in his hometown. Mr. Herrera's intent in traveling to Washington and attending the various events on January 6, 2021, are at issue in this case. His initial reasons for going to Washington, his coverage of the events on January 6th, and his subsequent transmission of his photos and videos to KUSI are certainly material to the jury's determination of the ultimate issue.

Third, the emails are the most probative evidence Mr. Herrera can offer on the point of his anticipated engagement with a news outlet for covering events on January 6. The emails are necessary to show that Mr. Herrera was considered by a news outlet in San Diego to feature his coverage. The emails also demonstrate Mr. Herrera's legitimate purpose in attending and documenting the events on January 6th as a photojournalist. No other evidence is more probative on these points than the email communications between Mr. Herrera and Mr. Minger.

Fourth, the admission of the emails would satisfy the purpose of the rules of evidence and the interests of justice. The rules of evidence are in place to assist the trier of fact in "ascertaining the truth and securing a just determination." Fed. R. Evid. 102. In this case, the jury will be tasked with deciding whether Mr. Herrera traveled to Washington, D.C., as a photojournalist to document the day's events. Allowing the jury to weigh Mr. Herrera's communications with Mr.

Minger before, during, and after his trip to Washington, D.C., against the government's evidence will aid the jury in its truth-seeking function. *See Slatten*, 865 F.3d at 809.

Fifth, defense counsel gave the government reasonable notice of their intent to introduce the emails. As the government acknowledged in its motion in limine filed on August 16, 2022, "defense counsel did provide [the subject] emails to the Government as potential exhibits." The government, therefore, had sufficient notice to prepare for their admission. *See* Fed. R. Evid. 807(b).

For the foregoing reasons, the email communications between Mr. Herrera and Mr. Minger, and similar emails Mr. Herrera sent regarding this motive and intent to travel, are admissible. This Court should deny the government's motion in limine and admit the emails.

Respectfully submitted,

DATED: August 17, 2022    By  */s/ Jonathan K. Ogata & Cuauhtemoc Ortega*
CUAUHTEMOC ORTEGA
Federal Public Defender
CA Bar No. 257443
E-Mail: Cuauhtemoc_Ortega@fd.org
JONATHAN K. OGATA
Deputy Federal Public Defender
CA Bar No. 325914
E-Mail: Jonathan_Ogata@fd.org
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone:  (714) 338-4500