# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**HUNTER SEEFRIED**,<br><br>Defendant. | Case No. 21-cr-287 (TNM) |

## <u>MEMORANDUM OPINION</u>

Did the electoral certification on January 6, 2021 involve the "administration of justice"? The answer determines whether significant sentencing enhancements may apply to convictions under 18 U.S.C. § 1512(c) for obstruction of an official proceeding.  In the Court's view, the answer is no.  Text, context, and precedent show that the "administration of justice" most naturally refers to a judicial or related proceeding that determines rights or obligations.  The electoral certification was not such a proceeding.

## I.

This Court found Hunter Seefried guilty of obstructing an official proceeding—the electoral certification—under § 1512(c), along with four other counts.  *See* Presentence Investigation Report (PSR) ¶ 9; *see also* Tr. of Bench Trial Verdict, ECF No. 109.  Hunter Seefried was a 22-year-old forklift technician when he came to Washington on January 6.  *See* PSR ¶ 76; *see also* Def.'s Mem. in Aid of Sentencing at 15, ECF No. 114.  He watched as other protestors used a police riot shield and a wooden beam to shatter the Capitol's large windows. *See* PSR ¶ 19.  He then cleared glass from a window and clambered through it, followed by other protestors.  *See id.* ¶¶ 19–20.  Once inside the Capitol building, Seefried joined other protestors in confronting U.S. Capitol police and even chasing an officer through the Senate corridors.  *See*

*id.* ¶ 21.  Seefried's fellow rioters searched for Members of Congress and the location of the certification proceeding.  *See id.* ¶ 22.

## II.

Section 1512(c)(2) provides that "whoever corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so" faces a fine or up to 20 years imprisonment.  18 U.S.C. § 1512(c)(2).  The Government has charged many defendants in the January 6 cases with violating this statute.  *See, e.g.*, *United States v. Hale-Cusanelli*, No. 21-cr-37, Superseding Indictment, ECF No. 59; *United States v. Reffitt*, No. 21-cr-32, Second Superseding Indictment, ECF No. 34; *United States v. Rubenacker*, No. 21-cr-193, Superseding Indictment, ECF No. 33.

The "official proceeding" at issue in these cases is the certification of electoral votes. During this proceeding, the "certificates and papers purporting to be certificates of the electoral votes . . . [are] opened, presented, and acted upon in the alphabetical order of the States."  3 U.S.C. § 15.  Then, tellers "make a list of the votes as they [] appear" and "the result . . . [is] delivered to the President of the Senate," who announces the outcome of the election.  *Id.* Finally, a list of the votes is entered in the House and Senate journals.  *See id.*  This Court has held—along with most other judges in this district—that the certification qualifies as an "official proceeding" under § 1512(c).  *See, e.g.*, *United States v. Hale-Cusanelli*, 2022 WL 4300000, at *1 (D.D.C. Sept. 19, 2022).

But does the electoral certification also involve the "administration of justice"?  That is a thornier question.  For defendants convicted under § 1512(c), the Government has argued that sentencing enhancements for obstructing or interfering with "the administration of justice" should apply.  U.S.S.G. §§ 2J1.2(b)(1)(B), (b)(2).  One provision triggers an eight-level enhancement "[i]f the offense involved causing or threatening to cause physical injury to a

person, or property damage, in order to obstruct the administration of justice." *Id.*

§ 2J1.2(b)(1)(B). And another prompts a three-level enhancement "[i]f the offense resulted in

substantial interference with the administration of justice." *Id.* § 2J1.2(b)(2).

For Seefried, this is not an academic question. If these enhancements apply, his

sentencing guideline level is 25, with a recommended sentence of 57–71 months; if they do not,

his level is 14, with a recommended sentence of 15–21 months. The Court finds that the

enhancements in §§ 2J1.2(b)(1)(B) and (b)(2) do not apply because the electoral certification

does not involve the "administration of justice."

## III.

In interpreting the Sentencing Guidelines, the Court applies the ordinary tools of statutory

interpretation and looks to the plain meaning of its terms. Many circuits agree. *See, e.g.*, *United

States v. Savin,* 349 F.3d 27, 35–36 (2d Cir. 2003); *United States v. Peterson*, 629 F.3d 432, 434

(4th Cir. 2011); *United States v. Bustillos-Pena*, 612 F.3d 863, 868 (5th Cir. 2010); *United States

v. Bahhur*, 200 F.3d 917, 927 (6th Cir. 2000); *United States v. Smith*, 989 F.3d 575, 586 (7th Cir.

2021); *United States v. Collins*, 754 F.3d 626, 630 (8th Cir. 2014); *United States v. Kirilyuk*, 29

F.4th 1128, 1137 (9th Cir. 2022).

To discern the text's plain meaning, courts look to dictionary definitions and analyze the

word or phrase in context. *See, e.g.*, *Kaufman v. Nielsen*, 896 F.3d 475, 485–87 (D.C. Cir.

2018). The relevant context for a sentencing guideline may include the commentary. *See, e.g.*,

*Kirilyuk*, 29 F.4th at 1137–39. Finally, the Court looks to precedent to analyze how other courts

have interpreted this phrase or similar phrases.

### A.

First, text. Black's Law Dictionary defines the phrase "administration of justice" as

"[t]he maintenance of right within a political community by means of the physical force of the state" and "the state's application of the sanction of force to the rule of right." *Administration of Justice*, Black's Law Dictionary (11th ed. 2019). Similarly, "due administration of justice" is defined as "[t]he proper functioning and integrity of a court or other tribunal and the proceedings before it in accordance with the rights guaranteed to the parties." *Id*. Although the Guideline only contains the phrase "administration of justice," not "due administration of justice," the Government has given the Court no reason to believe these are not closely associated phrases. These definitions suggest that the "administration of justice" involves a judicial or quasi-judicial tribunal that applies the force of the state to determine legal rights.

The certification does not share the characteristics of these definitions. The best evidence for what actually occurs during the certification is the statute proscribing its procedures. *See* 3 U.S.C. § 15. During the proceeding, "certificates and papers purporting to be certificates of the electoral votes . . . [are] opened, presented, and acted upon in the alphabetical order of the States." *Id*. Then, tellers "make a list of the votes as they . . . appear" and deliver the result to the President of the Senate after Members resolve any objections. *Id*. Finally, the votes are entered in the House and Senate journals. *See id.*

The certification is thus largely a ceremonial proceeding where Members and staff open, read, list, and announce the electoral votes. *See id.* It takes place within the deliberative branch of government—Congress—not the branches that typically exercise judgment (the judiciary), or force (the executive). *See generally* The Federalist No. 78 (Alexander Hamilton). Congress applies no "physical force" or "sanction of force" during the certification. And the proceeding involves no possibility of punishment by the state, as a judicial, investigatory, or enforcement proceeding might to "maint[ain] [] right within a political community." Nor does the

certification involve the "proper functioning and integrity of a court or other tribunal . . . in accordance with the rights guaranteed to the parties." These definitions evoke traditional judicial or quasi-judicial bodies that decide or maintain the legal rights of the parties before them. In contrast, the certification confirms, announces, and officially records whom the people have chosen to be President and Vice President. *See* 3 U.S.C. § 15. In other words, it commemorates and completes the peaceful transfer of executive authority.

Consider another relevant definition. Black's Law Dictionary defines "obstructing the administration of justice" and "interfering with the administration of justice" as "[t]he skewing of the disposition of legal proceedings, as by fabricating or destroying evidence, witness-tampering, or threatening or intimidating a judge." *Perverting the Course of Justice*, Black's Law Dictionary (11th ed. 2019) (cross-referencing these phrases). This definition is probative because § 2J1.2 uses the terms "obstruct" and "interference" when discussing what a defendant might impermissibly *do* to the "administration of justice."

This definition further corroborates that the "administration of justice" involves something like a legal proceeding, such as a trial or grand jury hearing. Obstruction or interference with such a proceeding occurs through action that could "skew . . . the disposition." The definition suggests that possible actions include falsifying or destroying evidence, tampering with witnesses, or threatening a judge. The certification does not resemble a trial or similar judicial proceeding where evidence could be falsified or destroyed, witnesses could be tampered with, or a judge could be intimidated so as to interfere with the disposition of parties' legal rights.

Indeed, the Government could have charged Seefried with violating § 1503, a different provision in the same statute that defines "obstruction of justice" as an act that "corruptly or by

threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the *due administration of justice*."  18 U.S.C. § 1503 (emphasis added).  But to the Court's knowledge, none of the January 6 defendants have been charged under § 1503.  Though the Court hesitates to derive meaning from exercises of prosecutorial discretion, the existence of similar language elsewhere with a clear relationship to the enhancements in § 2J1.2 is curious.  The official proceeding statute under which this Court convicted Seefried contains no such language.  *See* 18 U.S.C. § 1512.

To be sure, some courts have recently interpreted the "administration of justice" in § 2J1.2 more broadly.  In *United States v. Miller*, another judge in this district defined the individual words in the phrase by looking to Webster's Third New International Dictionary.  *See* 21-cr-75, Tr. at 16 (May 23, 2022), ECF No. 73.  The court explained that "administration in this sense means to mete out, and justice means fair treatment."  *Id.*  The court reasoned that these definitions are broad enough to encompass the certification because Congress was "adjudicating in some . . . limited sense, subject to very substantial constraints, the results of the election."  *Id.*

But this Court hesitates to slice and dice a term of art.  "Adhering to the *fair meaning* of the text (the textualist's touchstone) does not limit one to the hyperliteral meaning of each word in the text . . . .  The full body of a text contains implications that can alter the literal meaning of individual words."  Antonin Scalia & Brian A. Garner, *Reading Law: The Interpretation of Legal Texts* 356 (2012) (Scalia & Garner); *see also Bostock v. Clayton County*, 140 S. Ct. 1731, 1825 (2020) (Kavanaugh, J., dissenting) ("[C]ourts must adhere to the ordinary meaning of phrases, not just the meaning of the words in a phrase."); William Eskridge, *Interpreting Law* 62 (2016) (noting that judges should follow ordinary meaning "when two words combine to produce a meaning that is not the mechanical composition of the two words separately").

And even if segmenting the terms of the phrase were appropriate, another legal dictionary supports this Court's reading.  Ballentine's Law Dictionary defines "administration" as the "execution of a law by putting it in effect, applying it to the affairs of men."  *Administration*, Ballentine's Law Dictionary (3d ed. 1969).  And it defines "justice" as "[t]hat end which ought to be reached in a case by the regular administration of the principles of law involved as applied to the facts."  *Justice*, Ballentine's Law Dictionary (3d ed. 1969).  Even separating the words supports the reading that the "administration of justice," as a legal term of art, refers to state action vis-à-vis legal rights.

In *United States v. Rubenacker*, another judge in this district interpreted the administration of justice broadly to apply § 2J1.2's enhancements to a January 6 defendant convicted under § 1512(c).  *See United States v. Rubenacker*, 21-cr-193, Tr. at 71–72 (May 26, 2022), ECF No. 70.  In *Rubenacker*, the court reasoned that the Black's Law Dictionary definition of "administration of justice" suggests "that the state would use mechanisms, such as the police or prosecutors, to force compliance with or maintain a right; that is not necessarily tied to a court or a particular tribunal."  *Id.* at 72.  The court explained that "the physical force of the state" was present during the certification "in the form of law enforcement officers located in and around the Capitol to secure the proceedings."  *Id.* at 75.  And it suggested that legislators' statutory right to object during the certification "can be analogized to evidentiary objections."  *Id.* at 66.

This Court is unconvinced.  The fact that law enforcement is present at an official proceeding—which will often be the case—surely cannot mean that the administration of justice is occurring.  Consider a presidential inauguration.  Police and Secret Service are present at this official proceeding to protect the incoming President and other distinguished attendees.  But no

one would say that the inauguration involves the "administration of justice"; it is a ceremonial proceeding that formally installs the Nation's new leader.

The definitions of the "administration of justice" discussed above suggest that a judicial or quasi-judicial body must itself be applying the force of the state to decide legal rights, not that force need merely be present.  The *Rubenacker* court's other argument—that legislators have the right to object to the certification—also does not mean that the certification involves the administration of justice.  Simply because Members may debate whether a certified vote is proper, and rules exist for resolving objections, does not mean they are administering justice.  Indeed, if this were the case, it is hard to imagine a congressional proceeding that would not qualify, given that the legislative process often involves these same characteristics.

Admittedly, the dictionary definitions here are a bit unwieldy.  Dictionary definitions are valuable because they are evidence of how ordinary speakers of language understand words and how legal interpreters understand terms of art.  But dictionaries do not end the inquiry.  This is so because not all "meanings appropriate to particular contexts are to be found in the dictionary." Scalia & Garner at 70.

A reader therefore must look to context to determine "which of several possible senses a word or phrase bears."  *Id.*; *accord Bostock*, 140 S. Ct. at 1827 (Kavanaugh, J., dissenting) ("If the usual evidence indicates that a statutory phrase bears an ordinary meaning different from the literal strung-together definitions of the individual words in the phrase, we may not ignore or gloss over that discrepancy.  Legislation cannot sensibly be interpreted by stringing together dictionary synonyms of each word." (cleaned up)); *see also id.* at 1766 (Alito, J., dissenting) ("[T]he meaning of language depends on the way a linguistic community uses words and phrases in context.").  So the Court looks to both the context in which the "administration of justice"

most often appears and the immediate context found in the commentary to § 2J1.2.

**B.**

The Court undertakes two analyses to understand how the "administration of justice" is properly understood in context. The first uses a methodology called "corpus linguistics" to assess the customary usage of the phrase at the time the Sentencing Commission crafted the Guidelines. The second looks to § 2J1.2's commentary, which the Court finds helpful but not dispositive.

**1.**

Although dictionaries provide a useful starting point, "[b]ecause common words typically have more than one meaning, you must use the context in which a given word appears to determine its aptest, most likely sense." Scalia & Garner at 418; *see generally* Stephen C. Mouritsen, *The Dictionary is Not a Fortress: Definitional Fallacies and a Corpus-Based Approach to Plain Meaning*, 2010 B.Y.U. L. Rev. 1915 (2010) (describing the shortcomings of collecting dictionary definitions and advocating for a broader, corpus-based approach to linguistic meaning). To understand what meaning the Guideline most naturally evokes, the Court also looks to customary usage at the time.

Courts may assess the customary usage of a phrase by searching relevant databases of naturally occurring language. This method is known as corpus linguistics. "Corpus linguistics is an empirical approach to the study of language that uses large, electronic databases" of language gathered from sources. Thomas R. Lee & Stephen C. Mouritsen, *Judging Ordinary Meaning*, 127 Yale L. J. 788, 828 (2018); *see also* Lawrence B. Solum, *Triangulating Public Meaning: Corpus Linguistics, Immersion, and the Constitutional Record*, 2017 B.Y.U. L. Rev. 1621, 1643–49 (2017) (explaining why the method helps clarify linguistic meaning).

Other courts have deployed corpus-based approaches to textual meaning.  For example, Justice Breyer, writing for the Court, adopted a corpus-based approach to illuminate the meaning of the phrase "carries a firearm."  *See Muscarello v. United States*, 524 U.S. 125, 128–31 (1998) (recounting the phrase in context from dictionaries, literature, and newspaper articles found in computerized databases).  Other courts have also conducted corpus-based analyses using publicly available databases.  *See, e.g.*, *Wilson v. Safelite Grp., Inc.*, 930 F.3d 429, 439 (6th Cir. 2019) (Thapar, J., concurring in part and concurring in the judgment); *United States v. Rice*, 36 F.4th 578, 583 n.6 (4th Cir. 2022); *Health Freedom Def. Fund, Inc. v. Biden*, No. 8:21-cv-1693, --- F. Supp. 3d ---, 2022 WL 1134138, at *7 (M.D. Fla. Apr. 18, 2022).

Because various publicly-available databases of language exist, *see, e.g.*, https://www.english-corpora.org/; lncl8.lawcorpus.byu.edu, courts must choose a corpus carefully.  The database searched should include texts from the relevant linguistic community that would read and understand the text at issue.  *Cf.* Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum. L. Rev. 527, 536 (1947) (explaining that texts "addressed to specialists, [] must be read by judges with the minds of the specialists"); James A. Heilpern, *Dialects of Art: A Corpus-Based Approach to Technical Terms*, 58 Jurimetrics J. 377, 389–97 (2018) (explaining the promise of a corpus-based approach for terms of art).

The primary linguistic community using and understanding the Sentencing Guidelines is an informed legal audience—most notably, lawyers and judges.  Unlike most statutes, which are at least theoretically intended to be read and understood by citizens, the Guidelines are a practitioner's guide to federal sentencing.  The Court therefore focused on the Corpus of

Caselaw Access Project (COCAP), which compiles the text of federal and state court decisions. *See* https://lncl8.lawcorpus.byu.edu/.[1]

But just in case one thinks the Guidelines should be read like criminal statutes—directed to the general public—the Court also searched the Corpus of Historical American English (COHA), which collects sources across genres, including fiction, magazines, newspapers, and academic articles. *Cf. Rice*, 36 F.4th at 583 n.6 (looking to a database collecting "documents an ordinary speaker of English would interact with regularly" when interpreting a criminal statute). At the very least, it would be notable if these corpora produced wildly different results. As it turns out, they did not.

The Court queried the COCAP for the years 1977–1987. This period represents the decade before and including the year in which the Commission promulgated § 2J1.2. *See* U.S.S.G. § 2J1.2 (effective Nov. 1, 1987). *Cf. Safelite*, 930 F.3d at 444 (Thapar, J., concurring in part and concurring in the judgment) (looking to a ten-year period to generate a sample of written text around the time Congress first passed the relevant language). This search returned 14,118 hits, or "concordance lines." Given such a large universe, the Court reviewed a random sample of 375 concordance lines containing the phrase "administration of justice" to see what sorts of official proceedings were discussed. This sample size produces a 95% confidence interval. A random sample can be generated through the database itself by filtering for a specific number of results.

The most frequent usage of the "administration of justice"—about 65% of the total hits—corresponds with the sense described above: a judicial proceeding deciding legal rights. The

---

[1] The Court has collected and coded the hits from the databases it queried into a spreadsheet appended as Attachment A.

phrase appeared in conjunction with witness tampering, contempt of court, various evidentiary privileges, the effect of jury instructions on court proceedings, and the conduct of juries. The phrase also accompanies issues of judicial management, including delays in court proceedings, repeat litigants, and even courtroom dress code. Other hits dealt with media access to judicial proceedings. Finally, some hits reflected more general concerns about retroactivity and the "fair," "proper," "effective," or "thorough" administration of justice by courts.

The next most common context in which the "administration of justice" appeared—around 25% of hits—involved disciplining judges or lawyers for conduct that interfered with judicial proceedings. Some hits referenced violations of various ethical rules, contempt of court, recusal, disqualification of counsel, and perjury when a lawyer testified before a grand jury. Again, the customary usage of the phrase was closely linked with judicial proceedings, or an actor who is intimately involved with the judicial process.

Another category of note—about 4% of hits—involved law enforcement activities. Some hits referenced conduct such as resisting arrest. Others discussed the need for anonymous informants to promote cooperation with law enforcement, the rationale for the exclusionary rule, and prosecutorial discretion. One discussed setting standards for roadside intoxication tests. These hits differed from those described above in that they did not always involve a formal proceeding or a judicial body. But they all contemplate the state's application of force or the government's role in investigating and prosecuting crimes.[2]

---

[2]  The Court identified a few other categories, all of which had only a few hits. These referred to grand juries, bar associations, and two committees (one Congressional and the other Presidential) that have the phrase "administration of justice" in their title. The Court also coded a few entries as "unclear" if the context in the concordance line did not provide enough information to categorize the entry.

In contrast, the least common usage of "administration of justice" was as a broad term referring to government function generally. The Court identified three such entries out of the 375 it coded. One dealt with a public utility commission that discussed the administration of justice in broad terms. Another noted that local commissioners' power to issue licenses involves the administration of justice. And another suggested that Texas counties are involved in the administration of justice. No entries discussed a Congressional proceeding.

This is not to say that because the administration of justice most often appeared in the context of a judicial proceeding means that it takes on that meaning in all contexts. And of course, the certification of electoral votes *could* involve the administration of justice, despite not appearing in this sample. But the vast majority of examples in the sample shared certain hallmarks such as action disruptive of, or prejudicial to, a court proceeding; discipline of judges and lawyers; and conduct that would disrupt or aid law enforcement investigations. The certification does not share these characteristics.

Even if the proper linguistic community is not lawyers and judges, a review of a broader set of sources does nothing to undermine the Court's findings. Querying COHA for the same time period returned 12 results for "administration of justice." Though the Court hesitates to draw conclusions from such a small sample size—four of which are from the same book—these results largely support the Court's prior interpretation. The phrase most often appeared in the context of judicial decision-making, courts generally, bar associations, or law enforcement. Two concordance lines could be interpreted as referring to government generally, and two were unclear. These limited exceptions seem to be outliers.

In short, there is essentially no evidence that either judges, lawyers, or speakers more generally used the term "administration of justice" to refer to legislative proceedings like the

certification of the electoral count.  Instead, both professional and lay speakers overwhelmingly used this term to reference judicial proceedings or activities closely related to them.  To be sure, corpus linguistics is but one tool in the interpretative toolbox.  But "[i]ts foremost value may come in those difficult cases where . . . dictionaries diverge.  In those cases, corpus linguistics can serve as a cross-check on established methods of interpretation (and vice versa)." *Wilson*, 930 F.3d at 440 (Thapar, J., concurring in part and concurring in the judgment).  Even though dictionaries do not necessarily diverge here, corpus linguistics provide further evidence that the Government is stretching the Guideline beyond its natural meaning.

**2.**

The Government offers a different bit of context.  It argues that the commentary to § 2J1.2 defines the administration of justice broadly enough to encompass the certification.  *See* Gov't Mem. in Aid of Sentencing (Gov't Mem.) at 29.

To begin, query whether the commentary to a sentencing guideline is authoritative.  *See, e.g.*, *United States v. Winstead*, 890 F.3d 1082, 1089 (D.C. Cir. 2018) (noting disagreement over this issue).  The Supreme Court held in *Stinson v. United States* that the commentary should "be treated as an agency's interpretation of its own legislative rule."  508 U.S. 36, 44–45 (1993) (citing *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)).  The Court explained that commentary which "interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  *Id.* at 38.

Yet other circuits have explained that *Stinson* should be applied with care.  This is so because it rests on *Seminole Rock* (later called *Auer*) deference, which the Supreme Court recently clarified.  *See generally Kisor v. Wilkie*, 139 S. Ct. 2400 (2019).  When *Stinson* was

decided, courts were far more willing to defer to agency interpretations of text.  After *Kisor*, they

must be more careful to reduce ambiguity using the standard tools of statutory interpretation

before deferring.  *See* 139 S. Ct. at 2414.  "Congress has delegated substantial responsibility to

the Sentencing Commission, but, as the Supreme Court emphasized in *Kisor*, the interpretation

of [the Guidelines] ultimately 'remains in the hands of the courts.'"  *United States v. Nasir*, 17

F.4th 459, 472 (3d Cir. 2021) (en banc) (quoting *Kisor*, 139 S. Ct. at 2420); *see also United

States v. Riccardi*, 989 F.3d 476, 485 (6th Cir. 2021) ("*Kisor* must awake us from our slumber of

reflexive deference to the commentary" (cleaned up)).

And the D.C. Circuit has suggested that courts should eschew deference to the

Commission where the commentary expands the meaning of the text of the Guidelines

themselves.  *See Winstead*, 890 F.3d at 1092 ("[S]urely *Seminole Rock* deference does not extend

so far as to allow [the Commission] to invoke its general interpretive authority via commentary

. . . to impose such a massive impact on a defendant with no grounding in the guidelines

themselves.").

But the Court need not wade into that debate.  Even if § 2J1.2's commentary bound the

Court, it supports a narrower interpretation of the "administration of justice" than the

Government offers.  The commentary to § 2J1.2 provides:

> "Substantial interference with the administration of justice" includes a premature
> or improper termination of a felony investigation; an indictment, verdict, or any
> judicial determination based upon perjury, false testimony, or other false evidence;
> or the unnecessary expenditure of substantial Governmental or court resources.

U.S.S.G. § 2J1.2 cmt. n.1.  The modifying phrase "substantial interference" appears only in the

three-level enhancement.  *Compare* § 2J1.2(b)(2), *with id*. (b)(1)(B) (eight-level enhancement

referencing only the "administration of justice").

As it has in prior cases, the Government relies on the last portion of the definition, "the

unnecessary expenditure of substantial Governmental or court resources," to argue that the

enhancement applies. *See* Gov't Mem. at 29. According to the Government, this part of the

definition means that the "administration of justice" encompasses more than judicial

proceedings. *See id.* Because the rioters' disruption of the electoral certification caused

"unnecessary expenditure of substantial Governmental . . . resources," the argument goes, they

substantially interfered with the administration of justice. *Id.* While the events of January 6

caused the Government to commit significant resources—evidenced in part by the number of

cases charged in this district—this argument proves too much. If courts may enhance an

obstruction-related sentence by eleven levels any time the Government can show that the offense

caused unnecessary expenditure of its resources, "substantial interference with the administration

of justice" could encompass just about anything. Indeed, the Government could theoretically

trigger the enhancements at will.

      The Government's reliance on the "unnecessary expenditure" clause also obscures the

rest of the definition. In short, it fails to read that phrase in context. Substantial interference

with the administration of justice also "includes a premature or improper termination of a felony

investigation; an indictment, verdict, or any judicial determination based upon perjury, false

testimony, or other false evidence[.]" U.S.S.G. § 2J1.2 cmt. n.1. This portion of the definition

fits the Court's textual interpretation of the "administration of justice" in Part III.A. The list

refers to investigations, verdicts, and judicial determinations—all of which involve the coercive

force of the state and the actual or potential determination of legal rights in judicial or

enforcement proceedings.

      Isolating the "unnecessary expenditure of substantial Governmental . . . resources" clause

also cuts out the "or court" part of the phrase. That "Governmental" appears next to "court" in a

phrase about "resources" suggests that the term really refers to *prosecutorial* resources rather than the expenditure of resources by any public agency.  *See* Scalia & Garner at 195–98 (explaining that words "associated in a context suggesting that [they] have something in common . . . should be given related meanings" under the canon *noscitur a sociis*).  After all, a broad definition of "Governmental" would include court resources, rendering the phrase "or court" superfluous.  *See id.* at 176–79 (explaining that under the surplusage canon, "courts must . . . lean in favor of a construction which will render every word operative, rather than one which may make some idle and nugatory" (citation omitted)).  That the other portions of the definition also refer to judicial-like proceedings bolsters this conclusion.

More, the Government ignores another section of the commentary that lists exemplar offenses to which this Guideline applies.  *See* U.S.S.G. § 2J1.2 cmt., Background.  These offenses fit with the Court's definition of "administration of justice" in Part III.A.  For example: "using threats or force to intimidate or influence a juror or federal officer; obstructing a civil or administrative proceeding; stealing or altering court records; unlawfully intercepting grand jury deliberations . . . [and] using intimidation or force to influence testimony [or] alter evidence[.]" *Id.*  All the examples that the Commission provides evoke traditional notions of judicial or enforcement proceedings and are consistent with the Court's corpus linguistics analysis.  None of them relate to a legislative proceeding.

True, the commentary cross-references § 1512, along with a slew of other statutes.  *See* U.S.S.G. § 2J1.2 cmt, Statutory Provisions.  But that does not mean that the three- and eight-point enhancements apply to *every* situation in which the Government charges § 1512(c)—only that they could apply at times.  Indeed, the mine run of § 1512(c) cases may well qualify for the § 2J1.2(b)(1)(B) and (b)(2) enhancements.  For there are many "official proceedings" that

involve the official application of force to decide legal rights, like a trial.  But the key here is that the electoral certification is not one such proceeding.  It does not qualify for these enhancements because it involves no judicial or quasi-judicial application of force to decide or maintain legal rights.

## C.

Finally, precedent.  Seefried cites decisions that he claims limit the "administration of justice" to "judicial or grand jury proceedings."  Def.'s Mem. at 4.  The Government counters that other courts have applied the enhancement to proceedings that would not fit Seefried's "narrow definition."  Gov't Mem. at 30.

Seefried cites *United States v. Aguilar*, in which the Supreme Court construed the phrase "due administration of justice" in another section of the same statute, 18 U.S.C. § 1503.  *See* 515 U.S. 593, 598–99 (1995).  Section 1503 makes it a crime to "corruptly . . . influence[], obstruct[], or impede[], or endeavor[] to influence, obstruct, or impede, the due administration of justice[.]"  18 U.S.C. § 1503.  This particular clause in the statute follows other prohibited conduct, most of which pertain to judicial proceedings.  *See id.* (forbidding the influencing, intimidating, or impeding any juror or officer who may be "serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate," or injuring any such officer).

In *Aguilar*, the Court held that a man who made false statements to FBI agents—a potential grand jury witness—did not violate § 1503.  *See Aguilar*, 515 U.S. at 599.  The Court reasoned that the FBI agents were not an "arm of the grand jury" and that grand jury had not "even summoned them to testify."  *Id.* at 600.  Because the defendant did not know that his false statements were likely to affect the grand jury proceeding, the Court explained that he could not

be found guilty for "imped[ing] the due administration of justice." *Id.* at 599–601.  Ultimately, *Aguilar*'s reasoning suggests that the "administration of justice" in § 1503 is analogous to a "judicial or grand jury proceeding." *Id.* at 599.

Seefried also cites various appellate decisions that follow *Aguilar* to interpret the "due administration of justice" in § 1503 to mean "interfering with the procedure of a judicial hearing or trial." *United States v. Richardson*, 676 F.3d 491, 502–03 (5th Cir. 2012); *see also United States v. Brenson*, 104 F.3d 1267, 1280 (11th Cir. 1997) ("Section 1503 employs the term 'due administration of justice' to provide a protective cloak over all judicial proceedings."); *cf. United States v. Warlick*, 742 F.2d 113, 115–16 (4th Cir. 1984) ("[O]bstruction of the administration of justice requires . . . some act that will . . . thwart the judicial process.").

Admittedly, terms may carry different meanings in a statute versus a guideline. *See, e.g.*, *DePierre v. United States*, 564 U.S. 70, 88 (2011).  But *Aguilar*'s reasoning, and that of the circuit courts following it, is still a building block in the wall of evidence supporting the reading that the "administration of justice" involves a judicial or quasi-judicial proceeding applying the force of the state to decide legal rights.

The cases the Government cites do not cast doubt on this Court's interpretation of the "administration of justice." *See* Gov't Mem. at 30.  Indeed, many of its authorities involve judicial or investigative proceedings from which punishment could follow.  *See, e.g.*, *United States v. Pegg*, 812 F. App'x 851, 860 (11th Cir. 2020) (defendant's action "prevented the government from prosecuting" another investigative target); *United States v. Atl. States Cast Iron Pipe Co.*, 627 F. Supp. 2d 180, 200–04 (D.N.J. 2009) (defendants' actions obstructed agency's efforts to investigate a deadly accident); *United States v. Weissman*, 22 F. Supp. 2d 187, 194–98 (S.D.N.Y. 1998) (defendant withheld subpoenaed documents from an investigative congressional

committee and lied at his deposition).  And even the case it cites that is furthest from a judicial

proceeding still involved a law enforcement investigation.  *See United States v. Ali*, 864 F.3d

573, 574 (7th Cir. 2017) (affirming application of the three-level administration of justice

enhancement where man absconded abroad with children and several federal agencies and agents

worked for days to complete his seizure).  This Court's interpretation fits comfortably alongside

these holdings.

Finally, though it is historical rather than legal precedent, recall that the phrase

"administration of justice" appears in one of our seminal founding documents: the Declaration of

Independence.  And it does so in the context of judicial proceedings.  In castigating King George

III, Thomas Jefferson wrote:  "He has obstructed the Administration of Justice, by refusing his

Assent to law for establishing Judiciary powers.  He has made Judges dependent on his Will

alone, for the tenure of their offices, and the amount and payment of their salaries."  *The*

*Declaration of Independence* para. 8 (U.S. 1776).  In short, text, context, and precedent suggest

that the Government reads the "administration of justice" too broadly.

\*   \*   \*

An inconsistency in the Government's litigating position also bears noting.  January 6

defendants have argued in motions to dismiss their indictments that they have not violated §

1512(c) because the statutory phrase "official proceeding" only references proceedings that

involve the administration of justice, and the electoral certification does not.  *See, e.g.*, *United*

*States v. Sandlin*, 575 F. Supp. 3d 16, 23–24 (D.D.C. 2021).  Seefried made the same argument

here.  *See* Mot. to Dismiss at 2, ECF No. 36.

The Government has argued in opposition that § 1512(c) "operates as a catch-all to cover

otherwise obstructive behavior that might not constitute a more specific" obstruction offense—

such as obstruction of the administration of justice.  *See* Opp'n to Mot. to Dismiss at 7–8, ECF

No. 44.  Most judges in this district have agreed.  *See, e.g.*, *United States v. Montgomery*, 578 F.

Supp. 3d 54, 61–65 (D.D.C. 2021) (explaining that Congress does not engage in the

administration of justice).  The Government cannot have its cake and eat it too.  It would be

incongruous for this Court to say pre-trial that the "official proceeding" of the electoral

certification is more expansive than proceedings only involving the administration of justice, but

then turn around at sentencing to say the opposite.

It is the Government's burden to prove that a sentencing enhancement applies.  *See*

*United States v. Bapack*, 129 F.3d 1320, 1324 (D.C. Cir. 1997).  It has not done so here.

**IV.**

The Court acknowledges that this is a close interpretative call.  If the Sentencing

Commission had foreseen the Capitol breach, it may well have included "official proceeding" in

the text of § 2J1.2.  But the Commission did not.  Given that courts should interpret the

Guidelines using traditional tools of statutory interpretation, this Court declines to rewrite

§ 2J1.2 to say what it does not.  If the Commission wishes to expand the text of the Guideline to

include official proceedings such as the electoral certification, "it may seek to amend the

language of the guidelines by submitting the change for congressional review."  *Winstead*, 890

F.3d at 1092.

In the meantime, this Court may still consider the concerns underlying the Government's

requests for these enhancements under the § 3553(a) factors at sentencing.  But for all of these

reasons, the Court finds that Seefried did not obstruct, impede, or interfere with the

"administration of justice" and that the enhancements in § 2J1.2(b)(1)(B) and (b)(2) are

inapplicable.

**SO ORDERED**.

Dated:  October 31, 2022

2022.10.31
08:40:40 -04'00'

TREVOR N. McFADDEN, U.S.D.J.

Attachment A

| Year | Corpus | Source or Source Type | Excerpt of Concordance Line | Contextual summary | Classification/Description |
|------|--------|----------------------|----------------------------|---------------------|---------------------------|
| 1986 | COCAP | Maine, In the Matter of Ronald L. KELLAM, 503 A.2d 1308 | As we said in both Benoit and Ross , in determining appropriate disciplinary sanctions , we must be careful to assure the orderly administration of justice in the public interest . | Considering appropriate sanctions for a judge whose discourtesy to parties rose to violation of the Judicial Code. | Judicial discipline, judicial proceeding |
| 1987 | COCAP | Colorado, The PEOPLE of the State of Colorado, Complainant, v. Thomas H. MAY, Attorney-Respondent, 745 P.2d 218 | We agree with the finding of the hearing board that the respondent 's conduct violated C.R.C.P. 24 1.6 and the following disciplinary rules in the Code of Professional Responsibility : DR 1 - 102 ( A ) ( 1 ) ( a lawyer shall not violate a disciplinary rule ) ; DR 6 - 101 ( A ) ( 2 ) ( a lawyer shall not handle a legal matter without preparation adequate in the circumstances ) ; DR 6 - 101 ( A ) ( 3 ) ( a lawyer shall not neglect a legal matter entrusted to him ) ; DR 7 - 101 ( A ) ( 1 ) ( a lawyer shall not intentionally fail to seek the lawful objectives of his client ) ; D R 7 - 101 ( A ) ( 3 ) ( a lawyer shall not prejudice or damage his client during the course of the professional rela tionship ) ; and DR 1 - 102 ( A ) ( 5 ) ( a lawyer shall not engage in conduct that is prejudicial to the administration of justice ) . | Finding lawyer's failure to apprise client of case status violated state professional conduct rules. | Discipline of lawyer, judicial proceeding |
| 1979 | COCAP | Texas, Phil P. O'NEAL, Appellant, v. The COUNTY OF SAN SABA, Appellee, 577 S.W.2d 795 | Nevertheless , there comes a time when the orderly administration of justice requires that the appellate process be not delayed further by the absence of the statement of facts . | Discussing failure of court reporter timely to prepare statement of facts needed for appeal. | Judicial proceeding, not delaying |
| 1979 | COCAP | Michigan, PEOPLE v. KAMIN; PEOPLE v. AUSTIN; PEOPLE v. CARGILL; PEOPLE v. HARRISON, 405 Mich. 482 | In Rich , this Court refused retroactive application of a jury instruction on the defense of intoxication and specific intent because of the marked effect on the administration of justice in view of the profound reliance on the old rule . | Discussing reasons for a new rule's exclusively prospective application | Judicial proceeding, jury instruction |
| 1977 | COCAP | Illinois, INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC., Plaintiff-Appellant, v. THE CITY OF EVANSTON et al., Defendants-Appellees, 53 Ill. App. 3d 443 | Although summary judgment is an important tool in the administration of justice and its use encouraged in proper cases ( Fooden v. Board of Governors ( 1971 ) , 48 Ill. 2d 580 , 586 , 272 N.E. 2d 497 ; Allen v. Meyer ( 1958 ) , 14 Ill. 2d 284 , 292 , 152 N.E. 2d 576 ) , courts must remain cautious not to preempt the right to trial by jury where a material dispute may exist ( Anderson v. Doric k ( 3rd Dist . 1975 ) , 28 Ill . App . 3d 225 , 227 , 327 N.E. 2d 541 ) . | Discussing impropriety of grant of summary judgment below. | Judicial proceeding |
| 1980 | COCAP | D. Mass., UNITED STATES of America v. John R. BARLETTA, 500 F. Supp. 739 | Because the issue has potentially far - reaching ramifications with respect to the orderly and effective administration of justice in the district court , it is appropriate that this court detail the basis for its determination . | Asserting the ability of the court to defer ruling on an evidentiary motion against Government's contrary argument. | Judicial proceeding, judicial power & prerogative |
| 1980 | COCAP | Kansas, State of Kansas, Petitioner, v. J. R. Russell, Respondent, 227 Kan. 897 | The imposition of the ethical obligation of honesty upon lawyers under DR 1 - 102 ( A ) ( 4 ) and subsequent discipline for violation of the rule is permissible and may be necessary in the interests of the administration of justice . | Discussing tension between ethical rules and lawyer's First Amendment rights. | Discipline of lawyer |

| | | | | |
|---|---|---|---|---|
| 1980 | COCAP | N. Dakota, KFGO RADIO, INC. and WDAY, Inc., Plaintiffs and Appellees, v. Cynthia ROTHE, 298 N.W.2d 505 | A literal interpretation of Article I , § 22 of the C onstitution of North Dakota would wreak havoc with established judicial practices in that it would allow public access to all phases of the administr ation of justice , including chambers ' conference s , plea bargaining and settlement conferences , a doption proceedings , those juvenile proceedings presently closed , grand jury proceedings , and ap pellate court conferences . | Discussing ramifications of state constitutional provision concerning public's access to proceedings. | Judicial proceeding, judicial power & prerogative |
| 1979 | COCAP | Cal., Mosk v. Superior Ct. of Los Angeles Cnty, 25 Cal. 3d 474 | " In a proceeding in which the Commission finds that : ( 1 ) the subject matter is generally known to the public ; ( 2 ) there is broad public interest ; ( 3 ) confidence in the administration of justice i s threatened due to lack of public information co ncerning the status and conduct of the proceedin g ; and ( 4 ) the public interest in maintaining co nfidence in the judicial office and the integrity of the administration of justice requires that some o r all aspects of such proceeding should be publicl y conducted or otherwise reported or disclosed to the public , the requirement of confidentiality m ay , to the extent determined by the Commission , be modified with respect to said proceeding ; an d , after completion of the investigation , a public hearing shall be held and shall be publicly condu cted . | Discussing when the Commission on Judicial Performance may allow disciplinary hearings to be public. | Judicial proceeding, discipline, judge |
| 1984 | COCAP | Pa., Smith v. Mason, 328 Pa. Super. 314 | ( 3 ) The misbehavior of any person in the presen ce of the court , thereby obstructing the administr ation of justice . | Discussing when a person may be found in criminal contempt of court. | Judicial proceeding, contempt |
| 1981 | COCAP | Colo., People v. Gottsegen, 623 P.2d 878 | After reviewing the record , we conclude that cau se for discipline has been established and a publi c censure is the appropriate discipline . In the for mal complaint you were charged with violating R ule 241 ( B ) , C.R. C.P. , and the Code of Profes sional Responsibility , DR 1 - 102 ( A ) ( 5 ) , DR 6 - 101 ( A ) ( 3 ) , and DR 7 - 101 ( A ) ( 2 ) and ( 3 ) , by reason of the followi ng acts : ( 1 ) neglecting a legal matter entrusted t o you ; ( 2 ) failing to carry out a contract of emp loyment entered into with a client for professiona l services ; ( 3 ) causing damage or prejudice to a client during the course of your professional rela tionship ; and ( 4 ) engaging in conduct that was prejudicial to the administration of justice . | Concluding public censure was the appropriate discipline for a dilatory and otherwise negligent attorney. | Judicial proceeding, discipline, lawyer |
| 1984 | COCAP | DDC, Hastings v. Judicial Conf. of the United States, 593 F. Supp. 1371 | It was for this reason that a separate standard for misbehavior , " conduct prejudicial to the admini stration of justice by bringing the judicial office i nto disrepute , " was deleted by the Senate Judici ary Committee for fear that such a general disrep ute standard directly embodied in the statute coul d be used to intrude into a judge 's personal life unrelated to his or her judicial conduct . | Limiting a statute controlling censurable judicial behavior to that which would interfere with judge's duties or taint public's perception. | Judicial proceeding, discipline, judges |
| 1984 | COCAP | Ind., In re Colestock, 461 N.E.2d 137 | The proper administration of justice necessitates the maintenance of independent professional jud gment by a lawyer on behalf of his client . | Finding that a lawyer violated rules of professional responsibility. | Judicial proceeding, discipline, lawyer |
| 1987 | COCAP | Wash., In re Disciplinary Proceeding against Mark S. Demig, 108 Wash. 2d 82 | Further , the holding of a private hearing would h ave damaged the public 's confidence in the admi nistration of justice and led to suspicions as to th e objectiveness of the hearing . | Finding appropriate the procedure of a judicial conduct proceeding below. | Judicial proceeding |

| | | | | | |
|---|---|---|---|---|---|
| 1987 | COCAP | DDC, In re Sealed Case, 832 F.2d 1268 | The Independent Counsel relies on a single quotation plucked from Blackmer v. United States , 284 U.S. 421 , 438 , 52 S.Ct . 252 , 255 , 76 L.Ed . 375 ( 1932 ) : " one of the duties which the citizen owes to his government is to support the administration of justice by attending its courts and giving his testimony whenever he is properly summoned . " | Rejecting government's request to subpoena potentially self-incriminating documents. | Judicial proceeding, court procedure |
| 1986 | COCAP | N.C., LEA COMPANY v. NORTH CAROLINA BOARD OF TRANSPORTATION, 317 N.C. 254 | In order to promote the expeditious administration of justice , we elect to exercise the rarely used general supervisory powers given this Court in article IV , section 12 ( 1 ) of the Constitution of North Carolina and choose to address two collateral issues not raised by the parties . | Guiding determination of damages. | Judicial proceeding, powers & prerogatives |
| 1981 | COCAP | Mich., Falk v. State Bar of Mich., 411 Mich. 63 | On the other hand , there are other dining occasions that support activities germane to the State Bar 's performance of its duties in the improvement of the administration of justice and the advancement of jurisprudence . | Assessing propriety of judges at various social functions. | Bar association regulating judges |
| 1982 | COCAP | E.D. Va., U.S. v. Caron, 551 F. Supp. 662 | The concluding clause of the statute penalizes anyone who " corruptly ... endeavors to influence , obstruct , or impede , the due administration of justice . " | Outlining provisions of s. 1503 against improper influence of witness, juror, or court official. | Judicial proceeding, perjury |
| 1985 | COCAP | Wash., State v. Samsel, 39 Wash. App. 564 | The administration of justice would be greatly burdened if required to accommodate separate trials in all cases where multiple parties have participated in a criminal offense and where one or more have confessed to its commission . " State v. Ferguson , 3 Wn . App . 898 , 906 , 479 P. 2d 114 ( 1970 ) , review denied , 78 Wn .2 d 996 ( 1971 ) . | Finding no error in refusal to grant motion to sever. | Judicial proceeding, court procedure |
| 1984 | COCAP | Pa., In Re Anonymous No. 60 D.B. 83, 33 Pa. D. & C.3d 187 | The committee found that respondent had violated D.R. 1 - 102 ( A ) ( 5 ) in that his conduct was prejudicial to the administration of justice . | Finding violation of professional rules requiring lawful behavior where lawyer consumed drugs and consorted with drug dealers. | Judicial proceeding, discipline, lawyer |
| 1987 | COCAP | Miss., In re Inquiry Concerning County Court Judge Kelly COLLINS, 524 So. 2d 553 | The Commission , based upon its findings of conduct prejudicial to the administration of justice which brings the judicial office into disrepute , as opposed to willful misconduct in office , has determined that a public reprimand is an appropriate sanction finding that this case is somewhat similar to the trilogy of check collecting cases filed by the Commission . | Describing appropriate sanctions for personal use of labor of county prisoners. | Judicial proceeding, discipline, judge |
| 1984 | COCAP | C.A. 10, Barclaysamerican Corp. v. Kane, 746 F.2d 653 | In a mandamus action in which petitioner seeks to have discovery orders involving a claim of privilege reviewed , we have held that review is appropriate when : " ' ( 1 ) disclosure of the allegedly privileged or confidential information renders impossible any meaningful appellate review of the claim of privilege or confidentiality ; and ( 2 ) the disclosure involves questions of substantial importance to the administration of justice . ' " United States v. West , 672 F. 2d 796 , 798 - 99 ( 10th Cir .1982 ) ( quoting United States v. Winner , 641 F. 2d 825 , 830 ( 10th Cir .1981 ) ( quoting Iowa Beef Processors , Inc. v. Bagley , 601 F. 2d 949 ( 8th Cir .1979 ) ) , cert . denied , 457 U.S. 1133 , 102 S.Ct . 2959 , 73 L.Ed .2 d 1350 ( 1982 ) . | Refusing to breach judicial privilege. | Judicial proceeding, discipline, judge |

| | | | | | |
|---|---|---|---|---|---|
| 1980 | COCAP | Md., Adams v. Peck, 288 Md. 1 | It is very obvious that the public policy which renders the protection of witnesses necessary for the administration of justice must as a necessary consequence involve that which is a step towards and is part of the administration of justice — namely , the preliminary examination of witnesses to find out what they can prove . | Upholding absolute privilege for defamatory statements in documents prepared for use inlitigation but not filed. | Judical proceeding, procedure |
| 1980 | COCAP | Ak., Friedman v. District Court, 611 P.2d 77 | In our judgment the court 's order requiring appellant to wear a tie in court was a simple requirement bearing a reasonable relationship to the proper administration of justice in that court . " Id . at 23 . | Upholding court's requirements of minimum standards of dress. | Judicial proceeding, powers & prerogatives |
| 1982 | COCAP | Ga., Dowdy v. Palmour, 164 Ga. App. 804 | " This was in disobedience to a lawful order , or a command , if you want to call it that , of the court , which tended to obstruct the administration of justice . | Reviewing proceedings below to find in contempt attornets who did not stand to reply to the court. | Judicial proceeding, discipline, lawyer |
| 1984 | COCAP | D. P.R., U.S. v. Acevedo-Ramos, 600 F. Supp. 501 | Finally , the Magistrate concluded that no condition or combination of conditions would assure the safety of the Government 's witnesses and the community or insure the proper administration of justice in defendant 's case . | Reviewing magistrate judge's pretrial detention of witness. | Judicial proceeding, powers & prerogatives |
| 1983 | COCAP | CITY CONSUMER SERVICES, INC., Plaintiff, v. David G. HORNE, et al., Defendants | Disqualification will not hinder the efficient administration of justice | Consdering motion to disqualify counsel. | Judicial proceeding, powers & prerogatives |
| 1986 | COCAP | D.C., In re James D. Hutchinson, 518 A.2d 995 | The term " serious crime " shall include any felony and any lesser crime a necessary element of which , as determined by the statutory or common law definition of such crime , involves improper conduct as an attorney , interference with the administration of justice , false swearing , misrepresentation , fraud , willful failure to file income tax returns , deceit , bribery , extortion , misappropriation , theft , or an attempt or a conspiracy or solicitation of another to commit a " serious crime . " | Considering whether conduct of attorney was "serious crime" requiring disbarment. | Judicial proceeding, discipline, lawyer |
| 1979 | COCAP | Fla., Petition of SUPREME COURT SPECIAL COMMITTEE FOR LAWYER DISCIPLINARY PROCEDURES TO AMEND INTEGRATION RULE, ARTICLE II AND ARTICLE XI, 373 So. 2d 1 | The goals of the Court 's program are to improve the administration of justice in this state and to expand the delivery of legal services to the poor . | Describing goals of program providing for deposition of clients' common trust funds in savings accounts, interest payable to programs designed to benefit the public. | Judicial proceeding, policy |
| 1979 | COCAP | D.C., U.S. v. Walton, 411 A.2d 333 | Although the court concluded that " there was an ample independent source of identification " , it added that it was so tainted by duress and improper suggestiveness " that it would . be an aberration in the administration of justice " to permit it . | Describing reasoning to forbid in-court identification. | Judicial proceeding, procedure |
| 1979 | COCAP | Ala., Hall v. State, 377 So. 2d 1123 | Courts exist for the administration of justice , and in the conduct of trials in general much must , of necessity , and in the very nature of things , be left to the discretion of the court charged with the duty of administering justice , and having the inherent power to regulate such matters in the trial forum . | Explaining finding of no abuse of discretion below. | Judicial proceeding, procedure |

| Year | | Case | Quote | Description | Category |
|---|---|---|---|---|---|
| 1987 | COCAP | N.Y., In re Devine, 128 A.D.2d 1024 | Therefore , we sustain charge II , but only insofar as it charges respondent with engaging in " conduct that is prejudicial to the administration of justice " ( DR 1 - 102 [ A ] [ 5 ] ) and " [ c ] onceal [ ing ] or knowingly fail [ ing ] to disclose that which he is required by law to reveal " ( DR 7 - 102 [ A ] [ 3 ] ) . | Upholding sanction for failure to comply with subpoena of documents as predicate to censure. | Judicial proceeding, discipline, lawyer |
| 1978 | COCAP | Pa., In re Anonymous No. 25 D.B. 77 | The hearing committee found that while respondent had not violated Disciplinary Rule 1 - 102 ( A ) ( 3 ) , which provides for illegal conduct involving moral turpitude , it did find that respondent violated Rules of Professional Responsibility D.R. 1 - 102 ( A ) ( 4 ) , in that he had engaged in conduct amounting to a form of misrepresentation , D.R . 1 - 102 ( A ) ( 5 ) , in that he had engaged in conduct that is prejudicial to the administration of justice , and D.R. 1 - 102 ( A ) ( 6 ) , in that he had engaged in conduct that adversely reflects on his fitness to practice law : | Characterizing behavior of lawyer who misrepresented facts in transaction. | Judicial proceeding, discipline, lawyer |
| 1984 | COCAP | C.A. 2, U.S. v. Assi, 748 F.2d 62 | " This is a serious crime because the true administration of justice is the cornerstone of all our liberties . | Judge providing jury instructions | Judicial proceeding |
| 1985 | COCAP | N.Y., People v. Grissom, 128 Misc. 2d 246 | Requiring the party who wants the minutes to order them promotes the administration of justice . | Discussing incentives back of production requirements as between parties. | Judicial proceeding, procedure |
| 1986 | COCAP | Minn., In re Marriage of Adams, 393 N.W.2d 508 | Bredemann v. Bredemann , 253 Minn. 21 , 24 - 5 , 91 N.W. 2d 84 , 87 ( 1958 ) stated the rule that dissolution judgments may be set aside " under such circumstances as amount to a fraud on the court and the administration of justice . * * * To be fraud on the court and the administration of justice , there must be found fraud on [ the wife ] . " | Explaining controlling precedent. | Judicial proceeding, procedure |
| 1978 | COCAP | C.A. 3, U.S. v. Moskow, 588 F.2d 882 | We are also conscious of undue delays in the administration of justice produced by unnecessary trials , and also of the crushing financial burdens placed on the taxpayers who ultimately pay the expenses of federal criminal litigation . | Rejecting judicial economy arguments against allowing conditional pleas. | Judicial proceeding, powers & prerogatives |
| 1986 | COCAP | S.D.N.Y., U.S. v. Vitale, 635 F. Supp. 194 | The obstruction of justice predicate contained in paragraph 5 provides : It was part of the pattern of racketeering activity that in or about September , 1981 , in the Eastern District of New York and elsewhere , that the defendants , Joseph Massino , a / k / a " Joseph Messina , " a / k / a " Joseph Massina , " a / k / a " Joey , " and Salvatore Vitale , a / k / a " Sally , " unlawfully , wilfully and knowingly would and did corruptly endeavor to influence , obstruct and impede the due administration of justice in that the defendants would and did corruptly endeavor to counsel another person to avoid service of a grand jury subpoena , in violation of Title 18 , United States Code , Section 1503 . | Recalling the indictment. | Judicial proceeding, procedure |
| 1978 | COCAP | E.D. Pa., U.S. v. Simmons, 444 F. Supp. 500 | The defendant argued that he could not be guilty of the offense because there was no judicial proceeding pending which could be equated to an " administration of justice . " | Rejecting argument that grand jury must have heard testimony or decided to issue subpoean before it could be "obstructed." | Grand Jury |

| | | | | | |
|---|---|---|---|---|---|
| 1984 | COCAP | Ore., In re Complaint as to the Conduct of RICHARD F. CRIST, Accused, 683 P.2d 85 | The complaint alleged that his described conduct violated DR 6 - 101 ( A ) ( 1 ) and ( 3 ) , which provide that a lawyer shall not handle a legal matter when he knows , or should know , that he is not competent to do so , and that he shall not neglect a legal matter entrusted to him . Violation of DR 1 - 102 ( A ) ( 5 ) was also charged . That rule forbids a lawyer to engage in conduct that is prejudicial to the administration of justice . | Assessing discipline of lawyer whose inexperience made him incompetent to handle a probate. | Discipline, Lawyer |
| 1983 | COCAP | Bankr. N.D. Ga., In re Seven Springs Apartments, Phase II, 33 B.R. 458 | As the Supreme Court noted in Northern Pipeline Construction Co. v. Marathon Pipe Line Co. , supra , 458 U.S. 50 at 64 , n. 15 , 102 S.Ct . 2858 at 2867 , n. 15 , 73 L.Ed .2 d 598 at 610 , n. 15 : " The Framers chose to leave to Congress the precise role to be played by the lower federal courts in the administration of justice . " | Explaining why courts cannot arrogate powers not given to them by Congress. | Judicial proceeding, powers & prerogatives |
| 1983 | COCAP | Ore., In re: Complaint as to the Conduct of WILLIAM C. ROCHAT, Accused, 295 Or. 533 | The accused 's conduct with respect to his interaction with Calvin and with Wade was boorish in the extreme , but the issue is whether that conduct was " prejudicial to the administration of justice " or " adversely reflects on his fitness to practice law " or both . | Finding that badgering of clerks was prejudicial to the administration of justice. | Discipline, Lawyer |
| 1987 | COCAP | E.D. Va., U.S. v. Allen, 666 F. Supp. 847 | Certainly this court recognizes the importance of the orderly and efficient administration of justice but acknowledges the court 's primary responsibility of assuring individuals their rights to a properly selected jury , based upon the Batson standards . | Qualifying criticisms of imprecision of guidance to lower courts. | Judicial proceeding, procedure |
| 1986 | COCAP | Mass., Michael J. Foley vs. Lowell Division of the District Court Department, 398 Mass. 800 | Although the single justice was not in error , it is appropriate that we consider the matter under our broader inherent common law and constitutional powers to supervise the administration of justice . | Taking cognizance of a justice's conduct. | Discipline, judge |
| 1987 | COCAP | Pa., Commonwealth v. Cherpes, 360 Pa. Super. 246 | But , while the mediation of courts is based upon the principle of judicial impartiality , disinterestedness , and fairness pervading the whole system of judicature , so that courts may as near as possible be above suspicion , there is , on the other side , an important issue at stake : that is , that causes may not be unfairly prejudiced , unduly delayed , or discontent created through unfounded charges of prejudice or unfairness made against the judge in the trial of a cause . It is of great importance to the administration of justice that such should not occur . | Outlining the duties and discretion of a judge to vet his own impartiality. | Discipline, judge |
| 1987 | COCAP | Ore., In re Complaint as to the Conduct of FERRIS F. BOOTHE, Accused, 740 P.2d 785 | None of these cases contains any reasoned analysis explaining why the " administration of justice " language should include bar proceedings . Upon reflection , however , we conclude that it does . Bar disciplinary proceedings , although sui generis in nature , strongly resemble judicial proceedings in that they primarily involve factual adjudications . | Asserting that bar proceedings are "administration of justice" for purposes of rules of professional conduct. | Discipline, lawyer |
| 1979 | COCAP | C.A. 6, DETROIT POLICE OFFICERS' ASSOCIATION et al., Plaintiffs-Appellees, v. Coleman A. YOUNG, Mayor of the City of Detroit, et al., Defendants-Appellants, 608 F.2d 671 | see also President 's Commission on Law Enforcement and the Administration of Justice , Task Force Report : The Police 169 , 174 ( 1967 ) ( citing sur veys which found racially exclusionary hiring practices and racially discriminatory job assignments in Detroit Police Department ) . | Adducing evidence and citations that hiring program did not violate Title VII. | Referencing President's Commission on Law Enforcement and the Administration of Justice |

| | | | | | |
|---|---|---|---|---|---|
| 1985 | COCAP | D.C., In re Melvin J. WASHINGTON, 489 A.2d 452 | Not only did Respondent engage in conduct prejudicial to the administration of justice in ignoring the various inquiries sent to him by Bar Counsel in the Jones Conservatorship case , but he made arguments and gave testimony at the hearing in t his case that the Hearing Committee charitably c haracterized as " frivolous . " | Characterizing conduct that resulted in three months' suspension. | Discipline, Lawyer |
| ***1977 | COCAP | Pa., Hamill Estate, 3 Pa. D. & C.3d 100 | This is a distinction well recognized in Common wealth v. Shawell , supra. , wherein the Supreme Court said : " The nature and character [ of the d uty ] and the practice under the common law and related statutes must control the interpretation of the term ' court . ' Is the duty of such nature as t o require joint consideration by all the members of the court ? . . . The appointment and removal of public official s . . .has far reaching consequences and should be ex ercised by all the available judges of the tribunal assembled . . . ( but ) there are many things in connection with the general administration of justice ( that may b e done by fewer members ) . " | Elaborating on the court's functions. | Judicial powers & prerogatives |
| 1980 | COCAP | Md., Sweetwine v. State, 288 Md. 199 | As pointed out in United States v. Tateo , supra , 377 U.S. at 466 , the rule of United States v. Ball is also grounded upon fairness in the administrat ion of justice , considering the interests of the pu blic as well as those of the defendant . | Discussing the appropriate scope of grant of retrial. | Judicial proceeding, procedure |
| 1981 | COCAP | Ore., In Re: Complaint as to the conduct of HECTOR E. SMITH, Accused, 292 Or. 84 | Smith , by persuading his secretary to make a fal se acknowledgement , engaged in conduct that pr ejudicial to the administration of justice . | Asserting liability under disciplinary rule for causing secreatary (also a notary) to make a false acknowledgement on a power of a attorney. | Discipline, Lawyer |
| 1979 | COCAP | D. Minn., U.S. v. Bonnell, 483 F. Supp. 1070 | In re Murphy states that opinion work product " c an be discovered only in very rare and extraordin ary circumstances . where weighty consideration s of public policy and a proper administration of justice would militate against the nondiscovery o f an attorney 's mental impressions . " | Discussing appropriate bounds of privilege. | Judicial proceeding, procedure |
| 1986 | COCAP | C.A. 9, U.S. v. Kamer, 781 F.2d 1380 | As discussed in Section I.A , supra , by developi ng a complete and searching record , the trial cou rt can , and should , ensure the thor ough and eff ective administration of justice . | Grounding the insufficieny of trial judge's process. | Judicial proceeding, procedure |
| 1984 | COCAP | Ind., In re McDaniel, 470 N.E.2d 1327 | Respondent is further charged with violating Dis ciplinary Rules 1 - 102 ( A ) ( 1 ) , ( 4 ) , ( 5 ) and ( 6 ) , by engagin g in conduct involy - ing dishonesty , fraud , deceit or misrepresentati on and engaging in conduct prejudicial to the ad ministration of justice which adversely reflects o n his fitness to practice law . | Describing basis of liability for knowingly false testimony to grand jury. | Perjury, Discipline, Lawyer |
| 1977 | COCAP | Conn., State v. Carr, jr., 172 Conn. 458 | Section 53a - 147 , a part of our penal code , covers the crime of bribery in broad terms and is not limited to the administration of justice and attempts to influen ce legislation . | Describing basis of liability for bribing a police officer. | Law enforcement |
| 1981 | COCAP | Md., Atty Gen'l of Md. v. Waldron, 289 Md. 683 | The administration of justice under our adversary system largely depends upon the public 's ability to rely on the honesty of attorneys who are place d in a position of being called upon to conduct th e affairs of others both in and out of court . | Asserting and explaining judicial oversight of the bar. | discipline, judges |

| | | | | | |
|---|---|---|---|---|---|
| 1977 | COCAP | Fla., State v. Patrus, 46 Fla. Supp. 19 | The court notes that to try both of these charges separately is not in the best administration of justice , for among other reasons — a ) the cost and time of two trials , and b ) inconvenience to witnesses returning for a second trial , and c ) delay in ultimate resolve of the accusations . | Finding trial court exceeded discretion in requiring separate trials. | Judicial proceeding, procedure |
| 1981 | COCAP | Miss., Jones v. State, 398 So. 2d 1312 | We recognize that the fair and orderly administration of justice requires that trial judges must have reasonable discretion in dealing with errant jurors who demonstrate their unwillingness to abide by the instructions of the court , or other unanticipated occurrences which transpire during trials . | Defending discretion of judges to discontinue trials. | Judicial proceeding, procedure |
| 1985 | COCAP | Wash., In the Matter of the Marriage of Joyce E. Hilt, Respondent, and Daniel M. Hilt, Appellant, 41 Wash. App. 434 | Finally , we do not believe that retroactive application of Brown will " ' cast substantial doubt upon the validity of numerous prior judgments , and would impose a great burden on the administration of justice by allowing many cases to be relitigated . . . " ' Milbradt , 103 Wn .2 d at 342 , quoting Annot. , Comment Note — Prospective or Retroactive Operation of Overruling Decision , 10 A.L.R. 3 d 1371 , 1391 ( 1966 ) . | Deciding to allow retroactive application of new rule. | Judicial proceedings |
| 1980 | COCAP | Pa., Jones v. Montefiore Hosp., 418 A.2d 1361 | The general subject is , therefore , one in which the public [ has ] an interest , with regard to which legislative action , in the interest of the public is absolutely necessary . . . . [ The use of stenographers to report judicial proceedings ] expedites judicial procedure , economizes the time of public tribunals , and so promotes the prompt administration of justice and reduces the amount of public moneys in that behalf expended | Requiring county to pay costs of stenography. | Judicial proceeding, procedure |
| 1987 | COCAP | Colo., Fields v. People, 732 P.2d 1145 | Because the court could not sanction the method by which the jury panel was formed , it reversed the judgment below " in the exercise of our power of supervision over the administration of justice in the federal courts . " | Quoting precedent in discussion of review of lower court's practices for calling potential jurors. | Judicial proceeding, procedure |
| ***1985 | COCAP | Fla., Fla. Bar v. Hawkins, 467 So. 2d 998 | The Bar states that acceptance of this petition will not adversely affect the public interest , undermine the purity of the courts , or hinder the administration of justice or the confidence of the public in the legal profession . | Granting peition for leave to resign where attorney repeatedly failed in his duties. | Discipline, Lawyer |
| 1982 | COCAP | Md., ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. WILLIAM H. PATTISON, JR., 292 Md. 599 | Engage in conduct that is prejudicial to the administration of justice . | Quoting disciplinary rule as basis for liability of attorney who converted client funds to his own use. | Discipline, Lawyer |
| 1980 | COCAP | Kan., State v. Russell, 227 Kan. 897 | An attorney may also be disciplined for conduct which interferes with the processes of the administration of justice | Quoting bases of liabilty for attorney's statements. | Discipline, Lawyer |
| 1986 | COCAP | D.C., Synanon Foundation, Inc. v. Bernstein, 503 A.2d 1254 | Rule 60 ( b ) , however , does not subsume or abrogate the court 's " inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice . " | Assessing remedial options against attorney's fraud on the court. | Discipline, Lawyer |
| 1979 | COCAP | Oh., In re McAuley, 63 Ohio App. 2d 5 | He voiced concern that the holding of the majority invites state and federal authorities to undermine the historic independence of the press by attempting to annex the journalistic profession as an investigative arm of government which will in the long run harm rather than help the administration of justice . | Discussing Supreme Court opinions on the limited reporter's privilege from testifying before grand juries. | Grand Jury |

| | | | | | |
|---|---|---|---|---|---|
| 1985 | COCAP | C.A. 7, 757 F.2d 811 | In determining the retroactivity of constitutional rules in criminal cases , the Supreme Court has considered three criteria : " ' ( a ) the purpose to be served by the new standards , ( b ) the extent of the reliance by law enforcement authorities on the old standards , and ( c ) the effect on the administration of justice of a retroactive application of the new standards . ' | Reciting doctrinal basis for retroactivity determination. | Judicial proceeding, procedure |
| 1983 | COCAP | N.Y., People v. Molina, 121 Misc. 2d 483 | Neither good - faith reliance by state or federal authorities on prior constitutional law or accepted practice , nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances . " ( Williams v United States , 401 US 646 , 653 ; United States v Johnson , 457 US 537 . ) | Reciting doctrinal basis for giving retroactive effect to motion to suppress evidence. | Judicial proceeding, evidence |
| 1987 | COCAP | E.D. Ark., Curl v. Gen. Tele. Co. of the Southwest, 669 F. Supp. 930 | The speedy and efficient administration of justice requires , however , that ' [ m ] eritless claims ... be disposed of at the first appropriate opportunity . ' Hungate v. United States , 626 F. 2d 60 , 62 ( 8th Cir .1980 ) . | Discussing the dismissal of a complaint. | Judicial proceeding, procedure |
| 1985 | COCAP | C.A. 3, Morrison v. Kimmelman, 752 F.2d 918 | He noted , for example , that " although the rule is thought to deter unlawful police activity in part through the nurturing of respect for Fourth Amendment values , if applied indiscriminately it may well have the opposite effect of generating disrespect for the law and administration of justice . " Id . 428 U.S. at 491 , 96 S.Ct . at 3051 . | Discussing Powell, J. on the exclusionary rule. | Law enforcement |
| 1979 | COCAP | Md., In re Application of Howard C., 286 Md. 244 | The majority would do well to bear in mind the comment of Judge Markell for this Court in the case of In re Meyerson , 190 Md. 671 , 678 , 59 A. 2d 489 ( 1948 ) , quoted many times since then , to the effect that " due regard for the administration of justice does not permit disbarment and reinstatement to be made mere adjuncts to reform schools and the parole system . " | Discussing timing of admission to the bar aafter criminal acts. | Discipline, Lawyer |
| 1982 | COCAP | Mich., In re Grimes, 414 Mich. 483 | The following acts or omissions by an attorney , individually or in concert with another person , are misconduct and grounds for discipline , whether or not occurring in the course of an attorney - client relationship : " ( 1 ) conduct prejudicial to the proper administration of justice ; " | Citing grounds of liability for attorney who backdated and persuaded client to backdated a loan agreement. | Discipline, Lawyer |
| 1985 | COCAP | C.A. 7, Steinle v. Warren, 765 F.2d 95 | Steinle mistakenly believes that his duty to his client extends even to commencing a frivolous and meritless action intended to harass appellees and to impede and obstruct the due administration of justice by intentionally forcing a United States District Judge to recuse himself from a pending criminal case on the eve of trial . | Characterizing attorney's conduct. | Discipline, Lawyer |
| 1981 | COCAP | Ind., In re Friedland, 416 N.E.2d 433 | There are limits which have been drawn to guarantee the effective administration of justice . | Characterizing attorney's repeated violations of rules of professional conduct. | Discipline, Lawyer |
| 1981 | COCAP | Colo., People v. Barnes, 636 P.2d 1323 | Although a defendant's right to counsel must be respected , this right can not be manipulated in such a manner as to impede the efficient administration of justice . People v. Lucero , Colo. , 615 P. 2d 660 ( 1980 ) ; United States ex rel . Baskerville v. Deegan , 428 F. 2d 714 ( 2d Cir . 1970 ) , cert . denied , 400 U.S. 928 , 91 S.Ct . 193 , 27 L.Ed .2 d 188 . | Discussing rejection of defendant's request to discharge counsel and represent himself after jury was empanneled. | Judicial proceeding, procedure |

| Year | | Case | | | |
|---|---|---|---|---|---|
| 1987 | COCAP | La., State v. Taylor, 502 So. 2d 537 | However , because of the strong constitutional i mplications of the attorney - client privilege , " it would serve the orderly ad ministration of justice and further insure the defe ndant a fair trial if the admissibility of the [ attor ney - client communications ] could be determined in a pretrial proceeding . " State v. Tanner , supra , at 1174 . | Explaining use of motion to suppress to test admissibility of attorney-client communications before trial. | Judicial proceeding, procedure |
| 1984 | COCAP | U.S. Claims, White Mountain Apache Tribe v. U.S., 4 Cl. Ct. 575 | The interests embodied in rules dealing with pret rial disclosure are significant and are an essential part of the administration of justice . | Discussing sanctions. | Judicial proceeding, procedure |
| ***1984 | COCAP | Complaint Concerning The Honorable Robert Crane WINTON, Jr., Judge of District Court, Hennepin County, State of Minnesota | Standard of Conduct The Code of Judicial Condu ct focuses on conduct prejudicial to the administr ation of justice , which includes but is not limited to criminal conduct . | Explaining significance of canons within Code of Judicial Conduct. | Discipline, judge |
| 1980 | COCAP | Mich., Hardigree v. Green, 97 Mich. App. 62 | Factors to be taken into account in determining w hether a decision is to be applied prospectively or retroactively are : ( 1 ) the purpose of the new ru le , ( 2 ) the general reliance on the old rule , and ( 3 ) the affect on the administration of justice . P eople v Hampton , 384 Mich 669 , 673 - 674 ; 187 NW2d 404 ( 1971 ) . | Reciting factors for determining retroactive or prospective application of a decision. | Judicial proceeding, precedent |
| 1977 | COCAP | C.A. 5, U.S. v. Bullock, 551 F.2d 1377 | Our inspection of the District 's Plan persuades u s that , though it burdens the Court , counsel and others involved in the administration of justice , i t does not , as a corollary , reward defendants wit h automatic dismissals in all cases of underachie vement . | Assessing a District Court's plan for case management. | Judicial proceeding, procedure |
| 1985 | COCAP | N.J., Greenberg v. Kimmelman, 99 N.J. 552 | The recusal of all judges so affected could impos e a substantial burden on the administration of ju stice , particularly in Atlantic County . | Rejecting mandatory recusal of judges whose spouses work in the kind of business at bar. | Discipline, judge |
| 1978 | COCAP | Ill., Rincon v. License Appeal Comm'n of the City of Chicago, 62 Ill. App. 3d 600 | The Illinois Supreme Court " has frequently held that differences in the size of the municipalities may raise special or unique problems in connectio n with many activities which justify classificatio n including * * * [ the ] administration of justice , [ citations ] • • Du Bois v. Gibbons ( 1954 ) , 2 Ill. 2d 392 , 402 , 118 N.E. 2d 295 , 301 . | Allowing different review procedures for license depending on the size of the municipality. | Local commissioners issuing licenses |
| 1987 | COCAP | Me., State v. Willoughby, 532 A.2d 1020 | The only authority cited by the Willough - bys to support their argument for the requiremen t of a specific intent is a definition of contempt in an Illinois case , picked up and quoted by this co urt in In re Holbrook , 133 Me . 276 , 280 , 177 A. 418 , 420 ( 1935 ) , along with an assortment of other definitions from other jurisdictions : any act which is calculated to embarrass , hinder or o bstruct the court in the administration of justice .. .. ( Emphasis added ) We reject the Willough - bys ' suggestions that " is calculated " as there u sed means " is specifically intended " ; we read " is calculated " as meaning nothing more than " h as a natural tendency . " | Upholding contempt conviction. | Judicial proceeding |
| 1986 | COCAP | Ala., Hall v. Hall, 485 So. 2d 747 | This contempt power may not be taken away or a bridged , as it is essential to the due administratio n of justice . | Describing a court's inherent power. | Judicial proceeding, powers & prerogatives |

| | | | | |
|---|---|---|---|---|
| 1980 | COCAP | La., Thomas v. State, 383 So. 2d 108 | The trial judge 's knowledge of the condition of his docket , considered against the need for an orderly and prompt administration of justice , placed him in a unique position to determine whether the dismissal should be with or without prejudice | Allowing dismissal with prejudice considering previous continuances and judge's docket. | Judicial proceeding, procedure |
| 1985 | COCAP | Colo., In re Stone, 703 P.2d 1319 | Here , sufficient evidence was presented from which the trial court could conclude that the respondents knew that the preliminarily qualified jurors were precluded from talking to anyone , including members of the media , about the case ; that the respondents ' conduct in contacting the jurors despite this knowledge was " volitional and committed when they knew their conduct was wrongful " ; and that the respondents ' conduct was ' contemptuous because they " knowingly interfered with the lawful Order of the court and that misbehavior was of such a character as to obstruct the administration of justice " and offend the dignity of the court . | Upholding contempt finding for improper contact with jurors. | Judicial proceeding, powers & prerogatives |
| 1983 | COCAP | N.J., In re Application of Matthews, 94 N.J. 59 | His actions undertaken with such knowledge would demonstrate a fundamental lack of honesty and truthfulness , a deep want of trustworthiness and fidelity to those with whom he has entered a business relationship , and a chronic contempt for the administration of justice and the laws that govern the affairs of individuals . | Characterizing lawyer's engagement in criminal activity. | Discipline, Lawyer |
| 1982 | COCAP | Az., Dicenso v. Bryant Air Conditioning Corp., 131 Ariz. 605 | The policy underlying the statute of limitations is primarily for the protection of the defendant , and the courts , from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses ' memories faded . This policy is sound and necessary for the orderly administration of justice . " Brooks v. Southern Pacific Co. , 105 Ariz. 442 , 444 , 466 P. 2d 736 , 738 ( 1970 ) . | Discussing doctrine. | Judicial proceeding, procedure |
| 1981 | COCAP | Mass., Commonwealth v. Dunigan et al., 384 Mass. 1 | . If the single justice concludes that the administration of justice would not be facilitated by reporting the appeal to the full bench , the Commonwealth can not proceed as if no determination had been made . | Affirming judicial prerogatives under state law. | Judicial proceeding, powers & prerogatives |
| 1980 | COCAP | C.A. 4, U.S. v. Endo, 635 F.2d 321 | To the extent such a charge is valid at common law , it is constitutionally impermissible as it discourages defendants from exercising their rights to testify , without substantially benefiting the administration of justice . | Considering whether a perjury information is constitutionally permissible. | Judicial proceeding, procedure |
| 1986 | COCAP | N.C., Hogan et al. v, Forsyth Country Club Co., 79 N.C. App. 483 | The Court noted that , according to her allegations , plaintiff was discharged in retaliation for her refusal to commit a criminal act and that to permit her discharge , without legal recourse , upon such grounds would be offensive to the compelling public interest in the administration of justice . | Assessing the bounds of at-will employment; plaintiff getting her day in court | Judicial proceeding |
| 1986 | COCAP | Az., State v. Garcia, 152 Ariz. 245 | In so holding , we are aware of the considerations regarding possible prior good - faith reliance on RAJI 4.01 and the administration of justice as the result of vacating prior convictions in cases where that instruction was given . | Discussing retroactive application of a new rule. | Judicial proceeding, powers & prerogatives |
| 1986 | COCAP | Ala., Blakesley v. State, 715 P.2d 269 | We are further satisfied that Judge Blair did not err in concluding , based on his factual findings , that Santamour 's conduct did not " [ fall ] below an acceptable standard for fair and honorable administration of justice . " Bruce v. State , 612 P. 2d 1012 ( Alaska 1980 ) . | Rejecting defense of entrapment. | Law enforcement |

| | | | | |
|---|---|---|---|---|
| 1984 | COCAP | Va., Stockton v. Commonwealth, 227 Va. 124 | The orderly administration of justice requires that tactical matters , such as continuances , be left with counsel . | Finding meritless dispute with court-appointed counsel. | Judicial proceeding, procedure |
| 1987 | COCAP | Sup. Ct., Frazier v. Heebe, 96 L. Ed. 2d 557 | Respondents assert that these requirements facilitate the efficient administration of justice , because nonresident attorneys allegedly are less competent and less available to the court than resident attorneys . | Finding discriminatory bar admission rules not backed by evidence. | Bar association rules regulating lawyers |
| 1981 | COCAP | Cal., Wenger v. Comm'n on Judicial Performance, 29 Cal. 3d 615 | Prejudicial conduct must be " conduct prejudicial to the administration of justice that brings the judicial office into disrepute . " ( Const. , art . VI , § 18 , subd . ( c ) ; italics added . ) | Assessing bases for disqualification of a judge. | Discipline, judge |
| 1984 | COCAP | W.D. Mo., Williams v. Trans World Airlines, Inc., 588 F. Supp. 1037 | The preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar is paramount . | Explaining motivations for requiring disqualification of attorney likely to reveal confidential information. | Discipline, Lawyer |
| 1981 | COCAP | C.A. 9, Wheeler v. U.S., 640 F.2d 1116 | The trial court 's inherent power to protect the sound administration of justice has provided the basis for orders issued to protect jurors after the trial has ended . | Discussing a post-trial protective order. | Judicial proceeding, powers & prerogatives |
| 1978 | COCAP | E.D. Pa., U.S. v. Consolidated Foods Corp., 455 F. Supp. 142 | If the Government suffered any prejudice , the specifics of which are still unknown to me , it was plainly self - inflicted . Delay in the administration of justice has been the subject of much criticism . | Chiding the government's lack of preparation. | Judicial proceeding, procedure |
| 1977 | COCAP | Tex., Howell v. State, 559 S.W.2d 432 | " Administration of justice " has been described thusly : " The administration of justice consists in the trial of cases in the court , and their judicial determination and disposition by orderly procedure , under rules of law , and putting of the judgment into effect . " Massey v. City of Macon , 97 Ga.App . 790 , 794 , 104 S.E. 2d 518 , 521 - 522 ( 1958 ) . We do not believe that the language " a lawyer shall not : . . engage in conduct that is prejudicial to the administration of justice " is so vague and indefinite that it violates the due process and equal protection clauses of the Constitution of Texas . | Discussing state bar rules and refusing vagueness challenge in disciplinary case. | Discipline, Lawyer |
| 1983 | COCAP | C.A. 1, Austin v. Unarco Indus., Inc., 705 F.2d 1 | In contrast to the problems of choice of forum , choice of law and conflicting rules of navigation foreseen in those cases , we see no similar burdens on the administration of justice or on the flow of maritime commerce that will result from a denial of admiralty jurisdiction in this case . | Discussing concerns in the definition of the reach of admiralty jurisdiction. | Judicial proceeding, procedure |
| 1977 | COCAP | C.A. 2, In re U.S., 565 F.2d 19 | " By withholding the identity of the informer , the government profits in that the continued value of informants placed in strategic positions is protected , and other persons are encouraged to cooperate in the administration of justice . " United States v. Tucker , 380 F. 2d 206 , 213 ( 2d Cir . 1967 ) . | Discussing the necessity of anonymity of informants to promote cooperation with law enforcement. | Law enforcement |
| 1977 | COCAP | C.A. 9, Vauman v. U.S. Dist. Ct., 557 F.2d 650 | Particularly in an era of excessively crowded lower court dockets , it is in the interest of the fair and prompt administration of justice to discourage piecemeal litigation . | Quoting Supreme Court's reaffirmation of review of final rather than "piecemeal" judgments. | Judicial proceeding, procedure |
| 1985 | COCAP | C.A. 8, U.S. v. Ray, 768 F.2d 991 | See § 3162 ( a ) ( 2 ) ( " the court shall consider , among others , each of the following factors : the seriousness of the offense ; the facts and circumstances of the case which led to the dismissal ; and the impact of a reprosecution on the administration of this chapter and on the administration of justice . " ) . | Discussing dismiassal under the Speedy Trial Act for delay between filing of, and hearing on, motions. | Judicial proceeding, procedure |

| | | | | | |
|---|---|---|---|---|---|
| 1982 | COCAP | S.D. W. Va., Dostert v. Neely, 537 F. Supp. 912 | The Court reflected upon the extraordinary nature of the state 's interest in Dostert v. Neely , supra : " In declining to enjoin the imposition of the disciplinary suspension against the plaintiff , the court wishes to emphasize the extraordinary state interest in disciplinary proceedings which affect state judges . Disciplinary proceedings exist to vindicate the most fundamental of state interests , the need for a fair and impartial administration of justice for the benefit of all the state 's citizens . | Discussing sanctions against judges. | Discipline, judge |
| 1982 | COCAP | Mich., In re Hotchkiss, 415 Mich. 1101 | ( 5 ) Respondent 's conduct aforesaid constituted misconduct in office , in that said conduct was clearly prejudicial to the administration of justice within the provisions of article 6 , § 30 of the Michigan Constitution of 1963 , as amended , and GCR 1963 , 932.4 , as amended . | Adopting a statement of reprimand against a judge. | Discipline, judge |
| 1980 | COCAP | Pa., Commonwealth v. Miller, 417 A.2d 128 | In Stovall v. Denno , 388 U.S. 293 , 87 S.Ct . 1967 , 18 L.Ed .2 d 1199 ( 1967 ) , a majority of the United States Supreme Court agreed on the factors which should inform a decision regarding retroactivity : " The criteria guiding resolution of the question implicate ( a ) the purpose to be served by the new standards , ( b ) the extent of the reliance by law enforcement authorities on the old standards , and ( c ) the effect on the administration of justice . " ( Footnote omitted . ) Id. , at 297 , 87 S.Ct . at 1970 . | Reciting standards for retroactive application. | Judicial proceeding, powers & prerogatives |
| 1986 | COCAP | Wash., In re Disciplinary Proceeding Against Fred R. Staples, 105 Wash. 2d 905 | The Commission has held that Judge Staples ' actions nevertheless do not fit within the " administration of justice " exclusion . We disagree . | Allowing a judge to engage in limited law reform efforts. | Judicial conduct |
| 1980 | COCAP | S.D.N.Y., Wingate v. Harris, 501 F. Supp. 58 | Factors to be considered in determining whether transfer is appropriate typically include whether the statute of limitations has otherwise run , the convenience of the parties and witnesses , and the effect on the efficient and expeditious administration of justice . E. g. , Shear v. Harless , supra , 561 F. 2d at 794 ; Eccles v. United States , 396 F .Supp . 792 , 796 ( D.N.D. 1975 ) . | Considering transfer. | Judicial proceeding, powers & prerogatives |
| 1979 | COCAP | C.A. 5, U.S. v. Williams, 594 F.2d 86 | United States ex rel . Brown v. Fogel , 395 F. 2d 291 , 293 ( 4th Cir . 1968 ) ( for breach of condition other than nonappearance , court may do all that is appropriate to orderly progress of trial and fair administration of justice ) . | Collecting citations supporting history of criminalization of bail-jumping. | Judicial proceeding, powers & prerogatives |
| 1985 | COCAP | N.Y., People v. Scala, 128 Misc. 2d 831 | The court may order a prepleading mental health and physical examination of a defendant and a prepleading investigation by the Department of Probation to provide material that would reasonably aid in the administration of justice by facilitating the plea bargaining process . ( People v Crosby , 87 Misc 2d 1079 , 1080 [ Sup Ct , Bronx County 1976 ] . ) | Discussing pretrial abilities of court. | Judicial proceeding, procedure |
| 1985 | COCAP | Colo., Fanning v. Denver Urban Renewal Auth., 709 P.2d 22 | The doctrine of equitable estoppel is premised upon principles of fair dealing and is designed to aid the law in the administration of justice where , without its aid , injustice might result . City & County of Denver v. Stackhouse , 135 Colo. 289 , 310 P. 2d 296 ( 1957 ) ; Corporation of Presiding Bishop v. Board of County Commissioners , 689 P. 2d 738 ( Colo.App .1984 ) . | Discussing doctrine estopping plaintiff from raising issue in separate action that could have been raised in first. | Judicial proceeding, procedure |

| | | | | |
|---|---|---|---|---|
| 1986 | COCAP | N.J., Battista v. Olson, 213 N.J. Super. 137 | In scrupulously guarding this fundamental right , our Supreme Court has noted that : [ a ] jury is a n integral part of the court for the administration of justice and on elementary principles its verdict must be obedient to the court 's charge , based s olely on legal evidence produced before it and en tirely free from the taint of extraneous considerat ions and influences . | Discussing juries. | Judicial proceeding, powers & prerogatives |
| 1980 | COCAP | Okla., Amoco Production Co. v. Lindley, 609 P.2d 733 | Therefore , Appellee asserts that the court can im pose a default judgment by analogy to the interro gatory statute , or in the alternative it is within th e inherent power of the court " to do all things th at are necessary for the administration of justice within the scope of its - jurisdiction . " Layman v. State , 355 P. 2d 444 ( Okl.Cr.App .1960 ) | Assessing whether default judgment would be appropriate. | Judicial proceeding, powers & prerogatives |
| 1986 | COCAP | Colo., Rodriguez v. District Court, 719 P.2d 699 | The interest of the public in the fair and proper a dministration of justice includes concerns that tri als be conducted in an evenhanded manner ; that the participants in the adversary process , includi ng witnesses , be protected from unfair tactics ; a nd that the courts maintain the integrity of the ju dicial system and the highest ethical standards of the legal profession . James , 708 F. 2d 40 ; Garc ia , 517 F. 2d 272 ; G. Lowenthal , supra , at 61 . | Protecting privilege of communication of sitnesses with counsel. | Procedure; policy |
| 1986 | COCAP | Colo., People v. Yost, 729 P.2d 348 | The hearing board concluded that the respondent 's submission of false documents to the grievanc e committee violated C.R.C.P. 241.6 ( 7 ) and D R 1 - 102 ( A ) ( 1 ) ( violation of a disciplinary rule ) , DR 1 - 102 ( A ) ( 4 ) ( conduct involving dishonesty , f raud , deceit or misrepresentation ) , and DR 1 - 102 ( A ) ( 5 ) ( conduct that is prejudicial to the administration of justice ) . | Recalling findings below. | Discipline, Lawyer |
| 1979 | COCAP | Cal., People v. Perez, 24 Cal. 3d 133 | Alternatively , the bar asserts that it adopted the Rules under its authority to make regulations to a id in the administration of justice ( Bus . & Prof. Code , § 6031 ) and to ensure that persons admitt ed to the bar have received proper training ( see Bus . & Prof. Code , § 6047 ) . | Recalling State Bar's justifications for allowing supervised law students to participate in criminal matters. | Bar association adopting rules |
| 1977 | COCAP | C.A. 5, U.S. v. Partin, 552 F.2d 621 | defendants EDWARD G. PARTIN , JACK P. F. GREMILLION , JR. , HAROLD SYKES , BEN TRANTHAM and CROCKETT CARLTON , u nlawfully , willfully and knowingly did combine , conspire , confederate and agree together and wi th each other and with their co- conspirators , Claude W. Roberson , Mitchell Hu sser and other unknown parties , to commit an of fense against the United States , to - wit , Title 18 , United States Code , Section 150 3 , that is to corruptly endeavor to influ ence , ob struct and impede the due administration of justi ce in the United States District Court for the Sout hern District of Texas in that knowing that one C laude W. Roberson was a material Government witness at the trial of the criminal case , then pen ding | Restating the indictment. | Judicial proceeding, powers & prerogatives |

| | | | | |
|---|---|---|---|---|
| 1981 | COCAP | Mich., Falk v. State Bar of Mich., 411 Mich. 63 | defendants EDWARD G. PARTIN , JACK P. F. GREMILLION , JR. , HAROLD SYKES , BEN TRANTHAM and CROCKETT CARLTON , u nlawfully , willfully and knowingly did combine , conspire , confederate and agree together and wi th each other and with their co-conspirators , Claude W. Roberson , Mitchell Hu sser and other unknown parties , to commit an of fense against the United States , to - wit , Title 18 , United States Code , Section 150 3 , that is to corruptly endeavor to influ ence , ob struct and impede the due administration of justi ce in the United States District Court for the Sout hern District of Texas in that knowing that one C laude W. Roberson was a material Government witness at the trial of the criminal case , then pen ding | Influencing witness | Judicial proceeding, powers & prerogatives |
| 1981 | COCAP | Mass., Commonwalth v. Brown, 11 Mass. App. Ct. 288 | Public confidence in the fairness of the criminal j ustice system and community participation in the administration of justice are also critical by - products of juries composed of a representative cross section of the community . People v. Wheel er , 22 Cal . 3d 258 , 270 - 272 ( 1978 ) . | Discussing the proportionality requirements for juries. | Judicial proceeding, procedure |
| 1982 | COCAP | Oh., Vill. Of Oakwood v. Wuliger, 69 Ohio St. 2d 453 | This is so because the mayor had the power to is sue a warrant for the arrest of defendant to comp el his appearance at a stated time by reason of th e mayor 's statutory powers enumerated in R. C. 1905.20 , relating to criminal matters which , int er alia , provides : " * * * The mayor shall award and issue all writs and process that are necessary to enforce the administration of justice througho ut the municipal corporation . * * * " | Citing ordinance. | Law enforcement; Mayoral powers |
| 1980 | COCAP | W. Va., Re: Bonn Brown, 166 W. Va. 226 | Woven throughout our disciplinary cases involvi ng attorneys is the thought that they occupy a spe cial position because they are actively involved in administering the legal system whose ultimate g oal is the evenhanded administration of justice . | Discussing the disciplinary system. | Discipline, Lawyer |
| 1983 | COCAP | Ill., People v. Siegel, 94 Ill. 2d 167 | The fact that she chose instead to make her dema nds in the midst of an already unstable , difficult , and conceivably dangerous setting gives rise to a reasonable inference that her conduct was calcu lated to embarrass , hinder or obstruct the court i n its administration of justice . | Evaluating conduct of disruptive individual | Judiical proceeding; disruptive incident |
| 1981 | COCAP | Del., Hicks v. State, 434 A.2d 377 | When a defendant , for one reason or another , re fuses the assistance of counsel , trial courts are fa ced with a difficult question : should the Court re quire " standby " counsel , even against the wish es of the defendant , in order to protect the defen dant 's basic rights ? There is no right to standby counsel . Nevertheless , the appointment of stand by counsel may benefit not only the defendant bu t also the Court , by insuring an orderly and fair a dministration of justice . | Assessing doctrine. | Judicial proceeding, procedure, fairness to defendant |

| | | | | | |
|---|---|---|---|---|---|
| 1983 | COCAP | Bankr. N.D. Ill., In re Wildman, et al., 30 B.R. 133 | The following assertion of Judge Will is not true and to that extent creates an appearance of despe ration in attempting to establish a point : " ' The Judicial Council 's order was undeniably " neces sary . ... for the effective and expeditious adminis tration of justice . ' The chaos and hardship to liti gants that would have ensued at the expiration of the Marathon stay , had there been no uniform p rocedure for carrying forward the business of fed eral bankruptcy jurisdiction , are universally ackn owledged . " | Judge's assessment of delegations to bankruptcy judges. | Judicial proceeding, powers & prerogatives |
| 1982 | COCAP | Wash., State c. Kelly, 32 Wash. App. 112 | ( 2 ) On motion of the state , the court or a party , the court may continue the case when required i n the administration of justice and the defendant will not be substantially prejudiced in the present ation of his or her defense . | Ordering conditions for grants of continuances. | Judicial proceeding; procedure |
| 1979 | COCAP | C.A. 10, Plastic Container Corp. v. Continental Plastics of Oklahoma, 607 F.2d 885 | Considering that this case is on appeal from an or der granting summary judgment , the court has , i n furtherance of the proper administration of just ice , decided the issue of collateral estoppel on th e merits of the case . | Discussing procedure in patent cases. | Judicial proceeding; procedure |
| 1980 | COCAP | N.D. Tex., Bullard v. Estelle | In Ex Parte Reynolds , supra , the progenitor of t his line of cases , the court interpreted Robinson as diminishing the importance of the " reliance " prong of the tripartite test of Stovall and Desist , and virtually eliminating the third branch of the t est ( effect on administration of justice ) . | Discussing retroactivity. | Judicial proceeding, powers & prerogatives |
| 1977 | COCAP | E.D. Ill, Persico v. U.S. DoJ, 426 F. Supp. 1013 | For these reasons , this Court feels that unless rel iance upon the old rule is so great that the accom panying difficulties in the retroactive administrati on of justice forbid ; it is important that some ave nue of relief be made open to the petitioner . | Discussing retroactivity. | Judicial proceeding, powers & prerogatives |
| 1982 | COCAP | C.A. 1, Fernandez v. Chardon, 681 F.2d 42 | There would also seem to be little impact on - the administration of justice whether or not Rick s is applied retroactively . | Discussing retroactivity. | Judicial proceeding, powers & prerogatives |
| 1985 | COCAP | D. Mass., Lombard v. Eunice Kennedy Schriver Ctr. for Mental Retardation, Inc., 556 F. Supp. 677 | This is not a case , therefore , in which the unspe cified duration of M.G.L. c. 260 , § 7 's tolling p eriod would have pernicious consequences for th e administration of justice . | Assessing the effects of mental incompetence on state tolling provision. | Judicial proceeding, powers & prerogatives |
| 1977 | COCAP | Pa., In re Anonymous No. 65 D.B. 75, 7 Pa. D. & C.3d 519 . . . BOARD | Engage in conduct that is prejudicial to the admi nistration of justice . | Citing basis of liability for not informing client and not filing action. | Discipline, Lawyer |
| 1986 | COCAP | U.S. Claims, Park v. U.S., 10 Cl. Ct. 790 | This court also has said that a minimal showing o n the part of defendant serves the administration of justice because it is much easier for defendant than plaintiff to determine , for example , the abs ence of defendant 's witnesses and loss of defend ant 's documents . | Discussing showings for prejudicial delay. | Judicial proceeding; procedure |
| 1986 | COCAP | N.Y., In re Padilla, 67 N.Y.2d 440 | By statute , the Supreme Court has " power and c ontrol over attorneys and counsellors - at - law and all persons practicing or assuming to pr actice law " in this State , and the Appellate Divi sion is specifically " authorized to censure , susp end from practice or remove from office any atto rney and counsellor - atlaw admitted to practice who is guilty of profe ssional misconduct , malpractice , fraud , deceit , crime or misdemeanor , or any conduct prejudici al to the administration of justice " ( Judiciary La w § 90 [ 2 ] ) . | Reiterating court's control of conduct of lawyers. | Discipline, Lawyer |

| | | | | |
|---|---|---|---|---|
| 1984 | COCAP | Tex., State v. Rotello, 671 S.W.2d 507 | As was said by this court in Southern Pacific Transportation Go . v. Stoot , 530 S.W. 2d at 931 : Delay haunts the administration of justice . | Affirming dismissal for prejudicial delay. | Judicial proceeding; procedure |
| 1987 | COCAP | M.D. Fla., U.S. v. Lehder-Rivas, 667 F. Supp. 827 | The court found that the district court 's conclusi on that publicity posed a serious and imminent th reat to the administration of justice was correct . | Discussing restraining order on attorneys regarding media contacts. | Judicial proceeding; powers & prerogatives |
| 1984 | COCAP | C.A. 9, U.S. v. Tertou, 742 F.2d 538 | (footnote citing the Speedy Trial Act) | | Judicial proceeding; procedure |
| 1979 | COCAP | Ct. Customs & Patent Appeals, ASG Indus. et al. v. U.S., 610 F.2d 770 | Accordingly , and in furtherance of the administration of justice , we conclude that a trial de novo is indicated in this case so that the merits of the issue of the amount of the net bounty herein involved can be fully developed . | Considering impacts of recent statutory amendments on procedure. | Judicial proceeding; procedure |
| 1977 | COCAP | N.C., In re Inquiry Concerning Judge W. Milton Nowell, 293 N.C. 235 | We are entirely convinced that the ex parte dispo sition of a criminal case out of court , or the disp osition of any case for reasons other than an hone st appraisal of the facts and law as disclosed by t he evidence and the advocacy of both parties , wi ll amount to conduct prejudicial to the administra tion of justice . | Finding a violation of ethical rules in judge's dispositoin of a case outside of normal procedures. | Discipline, judicial; procedure |
| 1977 | COCAP | Fla. Pub. Serv. Comm'n, Petition of Myers, 46 Fla. Supp. 74 | Black 's Law Dictionary , Rev. 4th Ed. , informs us that such a body is ( p. 425 ) — " A tribunal o fficially assembled under authority of law at the a ppropriate , time and place , for the administratio n of justice . In re Carter 's Estate , 254 Pa. 518 , 99 A. 58 . " | Public utility commission querying attributes of a body that can constitutionally exercise judicial functions | Broad description |
| 1981 | COCAP | C.A.D.C., Grace v. Burger, 214 U.S. App. D.C. 375 | On this occasion , however , Zywicki informed t he police officer that a decision of the District of Columbia Superior Court had narrowed the appli cation of 40 U.S.C. § 13k to prohibit only conduc t engaged in " with the intent to disrupt or interfe re with or impede the administration of justice or with the intent of influencing the administration of justice . " | Recounting conduct of officers at Supreme Court. | Judicial proceeding; procedure |
| 1986 | COCAP | C.A. 2, Lockett v. Montemago, 784 F.2d 78 | The trial court also found , pursuant to § 220. - 15 , that appellee had the capacity to understand the proceedings against him ; his plea was knowi ngly and voluntarily made ; and acceptance of th e plea was required in the interest of the public in the effective administration of justice . | Assessing court's finding that pleas was voluntary. | Judicial proceeding; procedure |
| 1983 | COCAP | N.C., In re Inquiry Concernign a Judge, 309 N.C. 635 | The findings in 9 ( b ) and ( e ) , which we have adopted , constitute conduct prejudicial to the ad ministration of justice that brings the judicial offi ce into disrepute . | Assessing judge's involvement with female probation officer. | Discipline, judge |
| 1983 | COCAP | Tex., District Judges v. County Judge, 657 S.W.2d 908 | The raising of revenue and the allocation of finan cial resources among all government entities is in itially and primarily the responsibility of the legis lative branch of government , and sound public p olicy considerations demand that when the judici ary seeks to use its inherent power to overcome t his peculiar prerogative of the Legislature , it be held to a high standard and assume the burden of showing that the funds sought to be compelled a re essential for the holding of court , the efficient administration of justice , or the performance of its constitutional and statutory duties . | Reciting standard for judicial, as opposed to legislative, exactions. | Judicial proceeding; financing |
| 19781 | COCAP | N.Y., In re Newman, 64 A.D.2d 145 | " conduct that is prejudicial to the administration of justice " ( Code of Professional Responsibility , DR 1 - 102 , subd [ A ] , par [ 5 ] ) ; | Basis of liability for a lawyer's repeated violations of ethical rules. | Discipline, lawyer |

| | | | | | |
|---|---|---|---|---|---|
| 1983 | COCAP | Az., In re Appeal, 680 P.2d 163 | To permit the losing party in an ongoing dependency custody dispute , as in the case before us , to file a later adoption proceeding before a different Arizona juvenile judge while the dependency proceedings are being processed by another Arizona juvenile judge would cause havoc to the orderly administration of justice . | Discussing prudential concerns of lack of jurisdictional limits. | Judicial proceeding; procedure |
| 1985 | COCAP | S.D.N.Y., U.S. v. Reed, 601 F. Supp. 685 | Applying this interpretation of the 1831 Act to the facts in Nye , the Supreme Court noted that the allegedly obstructive acts occurred more than one hundred miles from the court in which the underlying action was pending , and concluded that such actions were not " so near thereto as to obstruct the administration of justice , " and therefore could not be punished by the offended court . | Recalling criteria for "obstruction." | Judicial proceeding; powers & prerogatives |
| 1986 | COCAP | C.A. 11, U.S. v. Petzold, 788 F.2d 1478 | (footnote citing s. 1503) | Obstruction statute | Unclear |
| 1977 | COCAP | Fla., State v. Patrus, 46 Fla. Supp. 19 | This discretion should be exercised in fairness to all parties and the administration of justice . | Announcing bounds for courts' exercises of discretion. | Judicial proceeding; procedure |
| 1980 | COCAP | W. Va., Puchinsky v. W. Va. Bd. of Law Examiners, 164 W. Va. 736 | " Rather we think the language of these cases amply indicates that the purpose of the requirements was to insure that dishonest , unscrupulous or corrupt individuals would not use their knowledge of the law to perpetrate fraud upon the unsuspecting and unknowledgeable public or to obstruct the proper administration of justice for their own or their clients ' benefit . | Citing, and then distinguishing, the motivationd of bar rules from a lawyer's holding some or other political philosophy. | Discipline, Lawyer |
| 1986 | COCAP | Minn., In re Marriage of Nordmark, 388 N.W.2d 436 | A court retains inherent power to grant relief to a party who has been denied an opportunity to defend in a divorce action under such circumstances as amount to a fraud on the court and the administration of justice . Bredemann v. Bredemann , 253 Minn. 21 , 24 , 91 N.W. 2d 84 , 87 ( 1958 ) . | Describing powers of the court. | Judicial proceeding; powers & prerogatives |
| 1980 | COCAP | W. Va., State ex rel. The Herald Mail Co., 165 W. Va. 103 | Typical of the reasoning of these courts is E. W. Scripps Co. v. Fulton , supra , where the public interest was stated as follows : " It can never be claimed that in a democratic society the public has no interest in or does not have the right to observe the administration of justice . | Discussing access of journalists to judicial proceedings. | Judicial proceedings; access to |
| 1986 | COCAP | Pa., Kaplan v. Alleghany Co. Comm'rs, 45 Pa. D. & C.3d 396 | In considering the serious request which was not made lightly , we are guided by the rationale of our Superior Court in Crawford 's Estate , 307 Pa. 102 , 108 ( 1931 ) , wherein the court stated : " Due consideration should be given by him [ judge ] to the fact that the administration of justice should be beyond the appearance of unfairness . | Assessing whether any county judge would be able to hear the instant case. | Judicial proceeding; procedure |
| 1987 | COCAP | C.A. 9, U.S. v. Kelm, 827 F.2d 1319 | There is little doubt that Kelm 's conduct hindered the " efficient administration of justice . | Assessing denial of continuance when *pro se* party repeatedly missed court and imposed requirements for appointed counsel. | Judicial proceeding; procedure |
| 1986 | COCAP | D. Ark., Polson v. Davis, 635 F. Supp. 1130 | Nor does the public service or the administration of justice require complete immunity for such an action . | Refusing absolute privilege to public officers in the context of terminating employment. | Judicial proceeding |
| 1987 | COCAP | Mo., In re Clinton Adams, 737 S.W.2d 714 | ( d ) engage in conduct that is prejudicial to the administration of justice | Stated as basis of liabiltiy under professional conduct rules for failures to advise client of adverse judgment, delay payment to government division, and acting against client's interests. | Discipline, Lawyer |

| Year | | Case | Quote | Note | Category |
|------|------|------|-------|------|----------|
| 1983 | COCAP | Colo., People v. Whitcomb, 676 P.2d 11 | DR 1 - 102 ( A ) ( 5 ) ( conduct prejudicial to the admin istration of justice ) ; and DR 6 - 101 ( A ) ( 3 ) ( neglect of a legal matter ) . | Reciting basis of liability resulting in suspension of one year and one day. | Discipline, Lawyer |
| 1986 | COCAP | Bankr. W.D. Ark., In re Westfall, 73 B.R. 186 | It is in the best interests of the estate , the debtor and the creditors to dismiss this Chapter 11 case to effectuate a substantial savings in litigation an d administrative expenses which would otherwis e be incurred if it were to remain pending and to further serve the ends of the fair efficient and eff ective administration of justice . | Restating rationale for dismissal offered below. | Judicial proceeding; procedure |
| 1977 | COCAP | C.A. 8, Banks v. Heun-Norwood, 566 F.2d 1073 | To take such action could , in our judgment , esta blish a precedent which would not advance the pr oper administration of justice . | Characterizing the result of granting relief sought for first time on appeal. | Judicial proceeding; procedure |
| 1977 | COCAP | La., Martin v. South Coast Corp., 356 So. 2d 500 | In both instances , the trial judge 's knowledge o f " the condition of his docket , fairness not only to both parties but also to other litigants in his co urt , and the need for an orderly and prompt admi nistration of justice " provides him with superior ability to determine the terms of the dismissal . Malter v. McKinney , 310 So .2 d 696 , 698 ( La. App . 1st Cir . 1975 ) . | Describing judges' latitiude in dismissals. | Judicial proceeding; procedure |
| 1985 | COCAP | C.A. 6, U.S. v. Schneider, 771 F.2d 149 | Section 1503 also contains a broad omnibus clau se which makes illegal any actions whereby a per son who " corruptly or by threats or force , or by any threatening letter or communication , influen ces , obstructs or impedes , or endeavors to influ ence , obstruct , or impede , the due administrati on of justice , shall be fined not more than $ 5,00 0 or imprisoned not more than five years , or bot h . | (Cited in footnote of appeal reversing and granting new trial.) | Judicial proceeding; procedure |
| 1987 | COCAP | N.D. Ind., Naked City, Inc. v. Aregood, 667 F. Supp. 1246 | Prosecutor Ryan corruptly obstructed and impede d the due administration of justice in violation of 18 USC 1503 . | (Appendix stating cause of action from complaint.) | Lawyer misconduct |
| 1987 | COCAP | Pa., Pa. Labor Relations Bd. v. Am. Federation of State…, 526 A.2d 769 | Concomitantly , to promote and maintain the effi cient administration of justice and the enforceabil ity of their employees ' contracts , the judges of t he courts of common pleas must have input throu gh the county commissioners . Id. , 507 Pa. at 27 9 , 489 A. 2d at 1329 - 1330 . | Judges must have collective bargaining input from county commissioners. | Judicial conduct |
| 1985 | COCAP | N.J., State v. Vasky, 203 N.J. Super. 91 | It comprehends any act which is calculated to or t ends to embarrass , hinder , impede , frustrate , o r obstruct the court in the administration of justic e , or which is calculated to or has the effect of le ssening its authority or its dignity ; or which inter feres with or prejudices parties during the course of litigation , or which tends otherwise to bring t he authority or administration of the law into disr epute or disregard . | Finding of contempt | Judicial proceeding; powers & prerogatives |
| 1977 | COCAP | Az., In re Appeal in Pima Cnty, 118 Ariz. 127 | In determining whether to give a decision prospe ctive or retrospective application , the purpose of the decision , reliance on a prior rule of law , and the possible effect upon the administration of jus tice are factors which must be considered . | Appeal from court order granting adoption and denying habeas as to two children. | Law enforcement |
| 1977 | COCAP | C.A. 3, Commonwealth v. Local Union 542, 552 F.2d 498 | That statute provides that a federal court has the power to punish by fine or imprisonment such co ntempt of its authority as " [ misbehavior of any person in its presence or so near thereto as to obs truct the administration of justice . " | Underlying contempt order (on appeal). | Judicial proceeding; powers & prerogatives |
| 1979 | COCAP | Ill., Peoplle v. Elder, 73 Ill. App. 3d 192 | This right may not be employed to thwart the ad ministration of justice or to delay prosecution ind efinitely . | Motion for continuance to employ different attorney in case below implicating right to counsel. | Judicial proceeding; procedure |

| | | | | |
|---|---|---|---|---|
| 1980 | COCAP | N.Y., Lipman v. Salsberg, 107 Misc. 2d 276 | Finally , it does not serve the interests of the adm inistration of justice to deny the making of a moti on to dismiss when , as here , the affidavit in sup port of the motion to dismiss goes beyond mere c onclusionary allegations of lack of proper service . | Review of denial of motion to dismiss. | Judicial proceeding; procedure |
| 1978 | COCAP | Oh., State v. Conliff, 61 Ohio App. 2d 185 | In the instant case , the record fails to disclose th at the statement constituted " an imminent threat to the administration of justice . " | Underlying contempt finding (on appeal). | Judicial proceeding; powers & prerogatives |
| 1982 | COCAP | Colo., People v. Kenelly, 648 P.2d 1065 | In addition , it was found that the respondent 's conduct was prejudicial to the administration of j ustice and reflects his unfitness to practice law a nd was therefore in violation of DR1 — 102 ( A ) ( 5 ) and ( 6 ) . | Grievance Committee's evalution of attorney's conduct. | Discipline, Lawyer |
| 1978 | COCAP | C.A. 1, Del Rio v. Northern Blower Co., 574 F.2d 23 | The trial court , citing no common law authoritie s , briefly adverted to the statute , but spoke main ly of the duty of compensation carriers in particul ar , and the orderly process and administration of justice in general . | Lower court's assessment of workmen's compensation scheme. | Unclear |
| 1987 | COCAP | Fla., Dudley v. State, 511 So. 2d 1052 | First , a criminal contempt is classically defined a s an act which is calculated to embarrass , hinder , or obstruct a court in the administration of justi ce , or which is calculated to lessen its authority or dignity . | Underlying contempt order (on appeal). | Judicial proceeding; powers & prerogatives; contempt |
| 1982 | COCAP | Fla., Bar v. Hoffer, 412 So. 2d 858 | By reason of the foregoing , respondent has negle cted a legal matter entrusted to him in violation o f The Florida Bar Code of Professional Responsi bility , Disciplinary Rule 6 - 101 ( A ) ( 3 ) ; engaged in conduct prejudicial t o the administration of justice in violation of Dis ciplinary Rule 1 - 102 ( A ) ( 5 ) ; and engaged in conduct that adv ersely reflects on his fitness to practice law in vio lation of Disciplinary Rule 1 - 102 ( A ) ( 6 ) . | Bar official's evaluation of attorney's conduct (on reivew) | Discipline, Lawyer |
| 1985 | COCAP | Pa., Commonwealth v. Williams, 344 Pa. Super. 108 | By resisting arrest , Williams threatened that tim e - tested yet fragile social balance whereby our elec ted representatives provide laws for the good of s ociety , and public officers to execute and enforc e them , and under which respect and obedience shown to officers discharging their lawful duties are as essential to the orderly administration of ju stice as the laws themselves . | Evaluation of conduct (resisting arrest). | Law enforcement |
| 1981 | COCAP | Mich., Falk v. State Bar of Mich., 411 Mich. 63 | In an integrated bar the compelling state interest i s the administration of justice . | Court's assessment of policy aims. | Bar generally |
| 1981 | COCAP | Pa., Commonwealth v. Reid, 494 Pa. 201 | The appellant was held in contempt of court and sentenced to five and one - half months imprisonment under Subsection 3 o f the Penal Contempt Statute which provides : Th e power of the several courts of this Commonwe alth to issue attachments and to inflict summary punishments for contempts of court shall be restr icted to the following cases : ( 3 ) The misbehavi or of any person in the presence of the court , the reby obstructing the administration of justice . | Reciting statute in appeal from criminal contempt. | Judicial proceeding; powers & prerogatives; contempt |
| 1984 | COCAP | Ne., In re Complaint, 351 N.W.2d 693 | Conduct which falls short of reaffirming one 's fi tness for the high responsibilities of judicial offic e constitutes conduct prejudicial to the administr ation of justice that brings the judicial office into disrepute . | Basis of liability in charges against judge. | Discipline, judge |

| | | | | |
|---|---|---|---|---|
| 1979 | COCAP | C.A. 4, U.S. v. Baker, 611 F.2d 964 | A witness violates no duty to claim it , but one who bribes , coerces , forces or threatens a witness to claim it , or advises with corrupt motive the witness to take it , can and does himself obstruct or influence the due administration of justice . 329 F. 2d at 443 . | Citing upholding of conviction under s. 1503, for inducing witness to use Amend. V privilege. | Judicial proceeding; powers & prerogatives; Tampering |
| 1979 | COCAP | Ill., People v. Page, 73 Ill. App. 3d 796 | Accordingly , we conclude that the evidence established beyond a reasonable doubt that defendant wilfully and knowingly interfered with the administration of justice . | Affirming conviction either for misleading court or causing delat, in either case giving rise to liabiltiy. | Judicial proceeding; powers & prerogatives; Tampering |
| 1984 | COCAP | S.C., Beall v. Doe, 281 S.C. 363 | Principles of finality , certainty , and the proper administration of justice suggest that a decision once rendered should stand unless some compelling countervailing consideration necessitates religitation . | Explaining doctrine back of question whether a party is precluded from relitigating an issue with a nonparty. | Judicial proceeding; procedure |
| 1978 | COCAP | Fla., Bar v. Ward, 366 So. 2d 405 | The Florida Bar in response submits that to grant the petition would not adversely affect the purity of the court system , hinder the administration of justice , or adversely affect the confidence of the public in the legal profession . | Petition to resign from bar. | Discipline, lawyer |
| 1987 | COCAP | D.C., In re Hutchison, 534 A.2d 919 | This court imposed a thirty - day suspension , even though we concluded that the attorney 's conduct had perpetrated a fraud on the judicial system and compromised the administration of justice . | Describing previous sanction on lawyer. | Discipline, lawyer |
| 1979 | COCAP | C.A. 5, Stegmaier v. Trammell, 597 F.2d 1027 | The administrative office of the courts was given authority to " serve as an agency to apply for and receive grants or other assistance and to coordinate or conduct studies and projects in connection with the improvement of the administration of justice . | Describing the duty of court officers. | Judiciary generally |
| 1987 | COCAP | N.J., State v. Ramseur, 106 N.J. 123 | State v. Gregory , 66 N.J. 510 , 519 ( 1975 ) ( prohibiting multiple prosecution for acts arising out of same arrest under court 's supervisory power to ensure fairness in the administration of justice , although rejecting constitutional attack ) . | Outlining court's doctrine. | Judicial proceeding; procedure |
| 1987 | COCAP | Md., Attorney Grievance Comm'n of Md. v. Singleton, 532 A.2d 157 | So , it is clear beyond any argument that the Respondent is guilty of violating Disciplinary Rule 1 - 102 " Misconduct . ( A ) A lawyer shall not : ( 1 ) Violate a Disciplinary Rule ; ( 5 ) Engage in conduct that is prejudicial to the administration of justice ; and ( 6 ) Engage in any other conduct that adversely reflects on his fitness to practice law . " | Upholding sanction of attorney in bar proceeding. | Discipline, lawyer |
| 1987 | COCAP | N.Y., Stock v. Stock, 127 A.D.2d 829 | While we are sensitive to the fact that the efficient administration of justice can not be subject to the whims and inordinate delays of litigants , and are not convinced that the failure in this case of the plaintiff 's new attorney to be prepared for trial could not have been avoided , there is nothing in this record to indicate bad faith on the part of the plaintiff in seeking an adjournment . | Reversing dismissal. | Judicial proceeding; procedure |
| 1982 | COCAP | C.D. Cal., U.S. v. Donn, 584 F. Supp. 525 | Since defendant Donn persisted in his contemptible conduct despite the warnings of the Court , and so misbehaved that in the presence of the Court he , Donn , outrageously obstructed the administration of justice , the Court finds said Donn in contempt of Court and he is ordered to be sentenced to a term of six months , all as appears conclusively in the transcript of Evidentiary Hearing , et al. , January 25 , 1982 , which is hereby incorporated herein and made part hereof . | Contempt finding. | Judicial proceeding; powers & prerogatives; Contempt |

| | | | | | |
|---|---|---|---|---|---|
| 1986 | COCAP | D.C., In re Hutchison, 518 A.2d 995 | This court imposed a thirty - day suspension , even though we concluded that the attorney 's conduct had perpetrated a fraud o n the judicial system and compromised the admi nistration of justice . | Recalling past sanction. | Discipline, lawyer |
| 1986 | COCAP | N.J., In re Mintz, 101 N.J. 527 | Respondent 's discussion of murdering another p erson , raising a false claim of physical inability t o stand trial , cocaine selling , and jumping bail c onstituted unethical conduct prejudicial to the ad ministration of justice , in violation of DR 1 - 102 ( A ) ( 5 ) and adversely reflecting on his fit ness to practice law , in violation of DR 1 - 102 ( A ) ( 6 ) | Disciplinary proceeding. | Discipline, lawyer |
| 1983 | COCAP | C.A. 11, U.S. v. London, 714 F.2d 1558 | London has not offered any reason why a fraudul ent judgment given by a lawyer to his client does not constitute an endeavor to impede the due ad ministration of justice other than the fact that the obstruction occurred after the resolution of the la wsuit . | Appeal of conviction under s. 1503. | Judicial proceeding; powers & prerogatives; Tampering |
| 1981 | COCAP | Pa., In re Campolongo, 435 A.2d 581 | Although clearly inappropriate and ill - advised , the question did not significantly disru pt the proceedings and thus did not constitute an obstruction of the administration of justice . | Reveral of contempt finding. | Discipline, lawyer |
| 1978 | COCAP | Pa., Commonwealth v. Stevenson, 393 A.2d 386 | It is precisely because " the necessities of the ad ministration of justice require such summary dea ling . [ as ] a mode of vindicating the majesty of l aw , in its active manifestation , against obstructi on and outrage to it , " Offutt v. United States , 3 48 U.S. 11 , 14 , 75 S.Ct . 11 , 13 , 99 L.Ed . 11 , 16 ( 1954 ) , that the summary contempt power has been upheld against due process attacks , see , e. g. , Cooke v. United States , supra , 267 U.S. at 534 , 45 S.Ct . 390 , 69 L.Ed . at 773 ; Ex part e Terry , 128 U.S. 289 , 9 S.Ct . 77 , 32 L.Ed . 4 05 ( 1888 ) , and we therefore decline to adopt ap pellant 's argument that summary adjudication is per se unconstitutional . | Assessing arguments on appeal of contempt finding. | Judicial proceeding; powers & prerogatives; Contempt |
| 1985 | COCAP | C.A. 1, Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 | A federal district court must be able " to protect t he administration of justice by levying sanctions in response to abusive litigation practices . " Pent house International , Ltd. v. Playboy Enterprises , Inc. , 663 F. 2d 371 , 386 ( 2d Cir .1981 ) . | Expounding doctrine. | Judicial proceeding; procedure |
| 1981 | COCAP | N.H., State v. Parkhurst, 121 N.H. 821 | Permitting a defendant to proclaim his guilt in op en court and still avoid conviction is incompatibl e with the sound administration of justice . | Finding that guilty pleas waive all but jurisdictional defects; remanding defective guilty plea. | Judicial proceeding; procedure |
| 1986 | COCAP | La., State v. Williams, Permitting a defendant to proclaim his guilt in open court and still avoid conviction is incompatible with the sound administration of justice . | A juror 's failure to attend court interferes with t he orderly administration of justice . See La.C.Cr .P . arts. 17 , 20 , 21 . | Affirming trial judge's replacement of absent juror. | Judicial proceeding; procedure; juries |
| 1977 | COCAP | Va., Landmark Communications, Inc. v. Commonwealth, 217 Va. 699 | They are matters involving a serious and substant ive evil — the imminent and substantial threat to the orderly administration of justice posed by the premature disclosure of the confidential proceed ings of the Judicial Inquiry and Review Commiss ion . | Importance of confidentiality of review of judges. | Discipline, judges |

| | | | | | |
|---|---|---|---|---|---|
| 1977 | COCAP | Pa., In re Anonymous No. 65 D.B. 75, Disciplinary Board of the Supreme Court of Pennsylvania | Respondent did not advise [ C ] that the statute had expired , nor what actions could be taken to protect his interest . It is charged that respondent 's action involved a violation of : a. D.R. 1 - 102 ( A ) ( 5 ) — Engage in conduct that is prejudicial to the administration of justice . b. D.R. 1 - 102 ( A ) ( 6 ) | Board outlining basis of liability. | Discipline, lawyer |
| 1987 | COCAP | E.D. Mich, Snider v. Lone Star Art Trading Co., Inc., 659 F. Supp. 1249 | Although not an entirely impossible mission , such a task would make the administration of justice by the Court an extremely arduous task | Assessing the elaboration of RICO's test beyond its current scope. | Judicial proceeding; application of doctrine |
| 1982 | COCAP | Bankr. E.D. Mich., In re Rutter, 25 B.R. 244, | Analysis Lifting the Stay for Cause : Administration of Justice 11 U.S.C. § 362 ( d ) states : On request of a party in interest and after notice and a hearing , the court shall grant relief from the stay ... such as by terminating , annulling , modifying , or conditioning such stay — ( 1 ) for cause ... The Court has found as sufficient cause for modifying the stay in this case that the administration of justice and the convenience of the parties is better served by having the State court act as the one tribunal before which all claims , counterclaims , or cross-claims may be heard . | Outlining legal standard in bankruptcy court. | Judicial proceeding; procedure |
| 1981 | COCAP | Ind., In re Moody, 428 N.E.2d 1257 | From the foregoing findings we now find that Respondent filed the lawsuit when he knew that his action would merely serve to harass and maliciously injure others , engaged in conduct prejudicial to the administration of justice , which adversely reflects on his fitness to practice law , and , by filing a lawsuit against a judge for conduct occurring in the performance of his judicial capacity , advanced a claim which is unwarranted under existing law . | Assessing complaint against attorney. | Discipline, lawyer |
| 1987 | COCAP | Ia., Committee on Professional Ethics v. Lucas, 420 N.W.2d 781 | Based on the facts outlined above , we agree with the commission 's determination that Lucas violated the following provisions of the Iowa Code of Professional Responsibility for Lawyers : EC 1 - 5 ( requiring high standards of professional conduct ) ; DR 1 - 102 ( A ) ( 1 ) ( violating disciplinary rule ) ; DR 1 - 102 ( A ) ( 3 ) ( prohibiting conduct involving moral turpitude ) ; DR 1 - 102 ( A ) ( 4 ) ( prohibiting dishonesty , fraud , deceit or misrepresentation ) ; DR 1 - 102 ( A ) ( 5 ) ( prohibiting conduct prejudicial to the administration of justice ) ; | Commission's findings (affirmed). | Discipline, lawyer |
| 1983 | COCAP | C.A. 6, White Motor Corp. v. Citibank, 704 F.2d 254 | Consequently , the Council concluded that " the uniform effective and expeditious administration of justice within this Circuit requires that the attached rule for the administration of the bankruptcy system in this Circuit be adopted by the District Courts .... " Order of the Judicial Council of the Sixth Circuit , December 21 , 1982 . | Recalling Judicial Council, C.A. 6 determination. | Judicial council determining rules |
| 1987 | COCAP | N.C., State v. Norville, 321 N.C. 92 | Nor is there the slightest reference in his remarks to burdens on the administration of justice , to wasted court resources , or to the necessity of empanelling another jury in the event of a mistrial . | Upholding instructions of trial judge. | Judicial proceeding; procedure |

| | | | | | |
|---|---|---|---|---|---|
| 1977 | COCAP | C.A. 8, Baker v. Wyrick, 547 F.2d 428 | Such proof might support a reasonable inference that Negroes are excluded from juries for reasons wholly unrelated to the outcome of the particular case on trial and that the peremptory system is being used to deny the Negro the same right and opportunity to participate in the administration of justice enjoyed by the white population . | Expositing rationale of peremptory challenges. | Judicial proceeding; procedure |
| 1987 | COCAP | Ala., Vienna v. Scott Wetzel Services, Inc., 740 P.2d 447 | and 4 ) the effect on the administration of justice of a retroactive application of the new rule of law . | Discussing retroactivity standard. | Judicial proceeding; retroactivity |
| 1979 | COCAP | Mich., St. Bar Grievance Administrator v. Del Rio, 407 Mich. 336 | ( 5 ) Engage in conduct that is prejudicial to the administration of justice . | Reciting rules that govern professional conduct in review of determinations thereof. | Discipline, lawyer |
| 1981 | COCAP | Oh., St. v. Fox, 68 Ohio St. 2d 53 | Out of a concern for the " practical administration of justice , " we conclude , with the trial judge here , that not enough evidence was introduced to warrant the requested instruction . | Affirming jury instructions of trial judge. | Judicial proceeding; procedure |
| 1985 | COCAP | S.D.N.Y., In re Lion Capital Group, 48 B.R. 329 | In the letter , the movants renew their application to withdraw the reference because this will further the efficient administration of justice and contend that " [ i]ndeed , the practical consequence of the withdrawal of the reference is that it should obviate the need for the prosecution and resolution of appeals from the bankruptcy judge 's determination that the proceedings below are core proceedings .... " | Finding movants' motion unreasonable, and so denying it. | Judicial proceeding; procedure |
| 1980 | COCAP | Ala., McCracken v. Corey, 612 P.2d 990 | In State v. DeLomba , 117 R.I. 673 , 370 A. 2d 1273 ( 1977 ) , the Rhode Island supreme court , relying in part on Coleman , adopted the requirement of either a grant of use and derivative use immunity for testimony given at a probation revocation hearing , or postponement of the revocation proceeding until after the criminal trial , on the reasoning that " the unfairness of the current practice , even if not so severe as to rise to the level of a constitutional deprivation , is nevertheless so real and substantial that it calls for action by us on public policy grounds and in furtherance of our responsibility to assure a sound and enlightened administration of justice . " Id . at 1275 . | Resolving constitutional question, raised below, of coordination of probation and criminal proceedings. | Judicial proceeding; procedure |
| 1980 | COCAP | Nev., Harvey v. State, 619 P.2d 1214 | Inquiries would also promote the effective administration of justice by resolving most conflict situations at the earliest possible stage of the proceedings | Reversing and remanding for want of separate trials below. | Judicial proceeding; procedure |
| 1982 | COCAP | Del., In re Kennedy, 442 A.2d 79 | The Respondent objects to the finding that his conduct in refusing to produce the records was ' prejudicial to the administration of justice ' in violation of DR 1 - 102 ( A ) ( 5 ) and ' conduct that adversely reflects on his fitness to practice law ' in violation of DR 1 - 102 ( A ) ( 6 ) . | Requesting review of disciplinary determination below. | Discipline, lawyers |
| 1983 | COCAP | Kan., Burnworth v. Hughes, 234 Kan. 69 | We believe that the restrictive view to the contrary , that it can not , only encourages multiplicity of litigation and waste in the administration of justice . | Announcing rule for visitation and child suppoer cases. | Judicial proceeding; procedure |

| | | | | | |
|---|---|---|---|---|---|
| 1986 | COCAP | C.A. 4, In re Evans, 801 F.2d 703 | The repeated assertions by Mr. Evans , even after the dispositive approving opinion of the Fourth Circuit Court of Appeals on the very matters whi ch Mr. Evans contends were erroneously decided by the Magistrate , and his continued and unrele nting groundless assertions that the Magistrate ac ted out of bias , rather than in compliance with w ell - established rules of law , make it apparent that Mr. Evans acted originally , and continues to act , in a way that is prejudicial to the administration of justice in violation of DR 1 -- 102 ( A ) ( 5 ) | Recounting reasoning of judge in disciplinary matter below. | Discipline, lawyers |
| 1987 | COCAP | Ind., In re Carmody, 513 N.E.2d 649 | Such conduct is prejudicial to the administration of justice and reflects adversely on his fitness to practice law . | Affirming disciplinary findings below. | Discipline, lawyers |
| 1985 | COCAP | D. Conn., U.S. v. Curico, 608 F. Supp. 1346 | Furthermore , if the disqualification of one gover nment attorney could serve as the predicate for th e disqualification of the entire United States Atto rney 's Office , the administration of justice woul d be irreparably damaged . | Assessing and rejecting defendants' disqualification arguments. | Judicial proceeding; procedure |
| 1981 | COCAP | N.C., State v. Burney, 302 N.C. 529 | In summary , Richmond Newspapers does not se rve to support defendant 's demand that he be aw arded a new trial because a trial judge in the inter est of the fair administration of justice may impo se reasonable limitations upon the access of the p ublic and the press to a criminal trial_U.S. at _n . 18,65 L. Ed .2 d at 992 , 100 S. Ct. at 2830 . | Rejecting reasoning back of motion for new trial. | Judicial proceeding; procedure |
| 1985 | COCAP | C.A. 7, U.S. v. Murphy, 768 F.2d 1518 | The waiver provision of § 455 ( e ) , which appli es to the " appearance " of impropriety issues un der § 455 ( a ) but not to any actual conflict of int erest under § 455 ( b ) , reinforces our conclusion that § 455 ( a ) is concerned with perceptions rat her than actual defects in the administration of ju stice . | Expounding doctrine of waiver for potential judicial conflicts. | Judicial proceeding; procedure |
| 1979 | COCAP | Fla., Sentinel Star Co. v. Booth, 372 So. 2d 100 | The standard to be met before first amendment f reedoms can be abridged is that the expression b y the press must constitute " ' an immediate , not merely likely , threat to the administration of justi ice . | Finding trial court was perfunctory in denying press access. | Judicial proceeding; procedure |
| 1982 | COCAP | N.D. Tex., Crane v. State, 534 F. Supp. 1237 | Texas counties perform a number of functions fo r the state including the supervision of state electi ons , the collection of state property taxes , the co nstruction of state roads , bridges and ferries , an d the administration of justice . The Texas Supre me Court has emphasized that when counties act in certain capacities they are agents of the state . | Law enforcement/policy. | Broad description |
| 1981 | COCAP | Conn., State v. Gunning, 183 Conn. 299 | Such ineffective communication can not aid the defendant , the state or the administration of justi ce . | Assessing police conduct in matter below. | Law enforcement |
| 1981 | COCAP | C.A. 1, Feinstein v. Mass. Gen. Hosp., 643 F.2d 880 | However , the interest of comity and the efficient administration of justice will best be served by a voiding the duplication of administrative arrange ments necessitated by such a requirement . 12 . S eep . 882 , supra . 13 . | Jurisdictional concerns in handling medical malpractice claims. | Judicial proceeding; procedure |
| 1982 | COCAP | Cal., Cal-American Income Property Fund VII v. Brown Development Corp., 138 Cal. App. 3d 268 | So serious a matter as the appointment of a recei ver should not be made without a full and comple te hearing unless the due administration of justic e clearly requires it . " { Cohen v. Herbert ( 1960 ) 186 Cal.App .2 d 488 , 495 [ 8 Cal.Rptr . 922 ] . ) | Clarifying procedural requirements upon lower court. | Judicial proceeding; procedure |

| | | | | | |
|---|---|---|---|---|---|
| 1979 | COCAP | W.D. Pa., Albright v. Albright, 463 F. Supp. 1220 | Despite the unfairness to litigants that sometimes results , the doctrine of judicial immunity is thought to be in the best interests of ' the proper administration of justice . . . [ for it allows ] a judicial officer , in exercising the authority vested in him [ to ] be free to act upon his own convictions , without apprehension of personal consequences to himself . ' Bradley v. Fisher , 13 Wall . , at 347 . | Affirming judicial immunity. | Judicial proceeding |
| 1983 | COCAP | Pa., Commonwealth v. McCool, 457 A.2d 1312 | [ T ] he desirability of permitting a defendant additional time to obtain private counsel of his choice must be weighed against the public need for the efficient and effective administration of justice . | Announcing balancing considerations for finding counsel of one's choice. | Judicial proceeding |
| 1977 | COCAP | Ill., People v. Lott, 66 Ill. 2d 290 | This court reemphasized in People v. Shrum ( 1957 ) , 12 Ill. 2d 261 , 265 , the belief that adequate opportunity to defend is the first essential of trial fairness : " Speedy administration of justice is desirable , but the desire for speed must not be allowed to impinge upon the constitutional requirement of a fair opportunity to defend . " | Finding unfair surprise on defense counsel of unnoticed testimony. | Judicial proceeding; evidentiary issue |
| 1981 | COCAP | E.D. Va., U.S. v. Computer Sci. Corp., 511 F. Supp. 1125 | The exclusion of the occupational groups and of women with young children rests upon a factual finding by this court that jury service by these groups would entail undue hardship , extreme inconvenience or serious obstruction or delay in the fair and impartial administration of justice . | Appeal based on defects in jury selection. | Judicial proceeding; jury |
| 1985 | COCAP | Fla., Everton v. Willard, 468 So. 2d 936 | This discretionary power is considered basic to the police power function of governmental entities and is recognized as critical to a law enforcement officer 's ability to carry out his duties . See ABA Standards for Criminal Justice , Standard 1 - 4.1 ( 2d ed . 1980 ) ; President 's Commission on Law Enforcement and Administration of Justice , The Challenge of Crime in a Free Society 103 - 06 ( 1967 ) . | Apprising duties of police officers. | Referencing President's Commission on Law Enforcement and the Administration of Justice |
| 1987 | COCAP | Cal., People v. Sanders, 191 Cal. App. 3d 79 | t stake is the honor of the government ^ ] public confidence in the fair administration of justice , and the efficient administration of justice . . . . ' [ Citations . ] " ( People v. Mancheno , supra , 32 Cal .3 d at p. 866 . ) | Review of broken plea agreement. | Law enforcement |
| 1986 | COCAP | C.A. 4, In re Evans, 801 F.2d 703 | In Greenfield , supra , an attorney was suspended from practice for three years for professional misconduct and conduct prejudicial to the administration of justice . After a judge had denied the attorney 's motion in a pending action , Greenfield , along with another attorney , Rothstein , wrote two letters to the judge accusing him without any basis in fact of misconduct in office . The attorneys also prepared and circulated letters and affidavits concerning the alleged misconduct to the presiding judge of the court , as well as the Governor , the District Attorney , and the Judicial Conference . | Collecting precedent to uphold instant disciplinary finding. | Discipline, lawyer |
| 1982 | COCAP | C.A. 11, U.S. v. Gonzalez, 671 F.2d 441 | In passing the Act , Congress sought to promote not only the defendant 's right to a speedy trial , but also the public 's interest in the efficient administration of justice . | Legislative history of Speedy Trial Act. | Judicial proceeding; procedure |
| 1977 | COCAP | Cal., Cooper v. Cnty of Los Angeles, 69 Cal. App. 3d 529 | The principle is founded upon a need for judicial economy in the administration of justice . | Rationale for lower court's strict compliance with instructions on remand. | Judicial proceeding; procedure |

| | | | | | |
|---|---|---|---|---|---|
| 1980 | COCAP | Mass., Globe Newspaper Co. v. Superior Court, 379 Mass. 846 | In broader terms , the statute 's purposes go beyo nd protection of juvenile privacy to encompass th e Státe 's interest in sound and orderly administr ation of justice ; ipost important , the statute help s obtain just convictions for the types of crimes f rom which the victims had often suffered at the h ands of the criminal justice system , while their a sssail - ants had often gone free . | Expounding policy back of statute limiting press access to some trials while reviewing the same. | Judicial proceeding; media access to |
| 1981 | COCAP | Cal., In re Marriage of Lee, 124 Cal. App. 3d 371 | We also note the immense burden on the adminis tration of justice in our civil courts were such reli tigation permitted . | Rejecting fully retroactive application of new rule. | Judicial proceeding; retroactivity |
| 1980 | COCAP | Colo., People v. Hardin, 607 P.2d 1291 | " We have given complete retroactive effect to t he new rule , regardless of good - faith reliance by law enforcement authorities or t he degree of impact on the administration of justi ce , where the ' major purpose in new constitutio nal doctrine is to overcome an aspect of the crimi nal trial that substantially impairs its truth - finding function and so raises serious questions about the accuracy of guilty verdicts in past trials . . . Williams v. United States , 401 U.S. 646 , 653 , 91 S.Ct . 1148 , 1152 , 28 L.Ed .2 d 388 ( 1971 ) | Explaining doctrine concerning retroactive application. | Judicial proceeding; retroactivity |
| 1987 | COCAP | Ark., Clark v. State, 291 Ark. 405 | The fires which it kindles must constitute an im minent , not merely a likely , threat to the admini stration of justice . | Assessing when language rises to contempt in review of contempt conviction. | Judicial proceeding; Contempt |
| 1986 | COCAP | Ala., Farleigh v. Anchorage, 728 P.2d 637 | We have denied broader retroactive application o f a new rule going to defendant 's right to a fair tr ial on grounds of reasonable reliance by law enfo rcement officials on the old rule and potential im pact on the administration of justice . See Lauder dale , 548 P. 2d at 383 . | Discussing retroactive application of a new rule. | Judicial proceeding; retroactivity |
| 1977 | COCAP | N.C., N.C. St. Bar v. Hall, 293 N.C. 539 | Both the court and the prosecuting attorney may well decline to accept such plea in cases where th e due administration of justice might be imprope rly affected , for when the plea is accepted it is ac cepted with all the implications and reservations which under the law and accurate pleading apper tain to that plea . " Winesett v. Scheldt , Comr . o f Motor Vehicles , 239 N.C. 190 , 194 - 95 , 79 S.E. 2d 501 , 504 - 505 ( 1954 ) . | Discussing doctrine back of plea of nolo contendere in remanding and denying state bar summary judgment. | Judicial proceeding |
| 1984 | COCAP | D.D.C., Laker Airways Ltd. V. Pan Am. World Airways, Inc., 604 F. Supp. 280 | The basic rationale for the exceptions related to t he administration of justice is that the " unhinder ed and untrammeled functioning of our courts is part of the very foundation of our constitutional d emocracy , " for it is clear that when a court is pr evented by outside pressure or other interference from adjudicating claims between litigants before it , the rule of law is significantly impaired . | Explaining the rationale of antisuit injunctions to evaluate whether defendants were interfering with administration of justice. | Judicial proceeding |
| 1984 | COCAP | Colo., People v. Barron, 677 P.2d 1370 | Criminal contempt consists of conduct that obstr ucts the administration of justice or tends to brin g the court into disrepute . | Reciting rules in review of erroneous dismissal for supposed lack of jurisdiction over matter brought by information. | Judicial proceeding; contempt |
| 1983 | COCAP | Ala., Guidry v. State, 671 P.2d 1277 | For the reasons we have expressed with respect t o our conclusion that the conduct involved here d id not fall below an acceptable standard for the fa ir and honorable administration of justice , we co nclude that the conduct was not shocking and tha t judicial integrity does not require suppression o f the fruits flowing from it . | Explaining the exclusionary rule. | Law enforcement |

| | | | | | |
|---|---|---|---|---|---|
| 1985 | COCAP | Az., State c. Hooper, 703 P.2d 482 | Finally , we believe retroactive application of the Chapple rule would have an undesirable effect up on the administration of justice | Discussing retroactivity | Judicial proceeding; retroactivity |
| 1982 | COCAP | C.A.D.C., Nat'l Cable Television Ass'n v. Copyright Royalty Tribunal, 223 U.S. App. D.C. 65 | Congress had , however , sought to determine an appropriate fee for jukeboxes for nearly 20 years before settling on the figure in the Act . See I Co pyright Law Revision : Hearings on H.F. 2223 B efore the Subcomm . on Courts , Civil Liberties , and the Administration of Justice of the House Comm . on the Judiciary , 94th Cong . , 1st Sess . 380 | Legislative history of copyright provision. | Referencing House Committee on Admininistration of Justice |
| 1977 | COCAP | C.A. 5, Chapman v. U.S., 547 F.2d 1240 | The Supreme Court 's test for whether a " new r ule " in the area of criminal procedure is to be ret roactively applied calls for the consideration of th ree criteria : " ( a ) the purpose to be served by th e new standards , ( b ) the extent of the reliance b y law enforcement authorities on the old standard s , and ( c ) the effect on the administration of jus tice of a retroactive application of the new standa rds . " | Discussing retroactivity. | Judicial proceeding; retroactivity |
| 1987 | COCAP | Cal., Camarena v. Sequioa Ins. Co., 190 Cal. App. 3d 1089 | As the Supreme Court in Bertero v. National Ge neral Corp , supra , 13 Cal .3 d at pages 50 - 51 , said : " The malicious commencement of a civil proceeding is actionable because it harms th e individual against whom the claim is made , an d also because it threatens the efficient administr ation of justice . | Rejecting argument for elimination of liability for malicious prosecution. | Judicial proceeding; procedure |
| 1985 | COCAP | Fla., In re Certificate, 467 So. 2d 286 | These judicial officers are necessary for the prop er administration of justice , and we recommend they be made permanent and funded by the state . | Recommending creation of new state judges. | Judicary generally |
| 1984 | COCAP | C.A. 4, U.S. v. Carvalho, 742 F.2d 146 | Society wins not only when the guilty are convict ed but when criminal trials are fair ; our system o f the administration of justice suffers when any a ccused is treated unfairly . | Reversing convictions because of government's introduction of dubious evidence. | Judicial proceeding; evidentiary issue |
| 1978 | COCAP | Pa., Commonwealth v. Garrison, 478 Pa. 356 | Under this subsection , allegedly contemptuous c onduct will not justify imposition of summary cri minal contempt except where it causes an obstru ction of the administration of justice . | Announcing rule in overturning contempt conviction. | Judicial proceeding; Contempt |
| 1979 | COCAP | C.A. 4, U.S. v. Neiswender, 590 F.2d 1269 | This " natural consequence , " the government co ntends , would have obstructed the due administr ation of justice . , | Government's contentions regarding *mens rea* for an obstruction charge. | Judicial proceeding; Tampering |
| 1982 | COCAP | N.C., Wright v. Am. Gen. Life Ins. Co., 59 N.C. App. 591 | The physician - patient privilege thus did not bar this testimony , and the court was not required as a prerequisite t o its admission to find that disclosure of the infor mation was " necessary to a proper administratio n of justice . " | Rejecting challenges to introduction of evidence. | Judicial proceeding; evidentiary issue |
| 1980 | COCAP | Ill., People v. Laws, 82 Ill. App. 3d 417 | The court weighed the above factors and determi ned that not only would it penalize law enforcem ent agents who had acted in accord with the pres ent state of the law , it also would amount to an o verwhelming burden on the administration of jus tice . | Recalling denial of retroactive effect for impacts on law enforcement. | Law enforcement |
| 1978 | COCAP | Mass., In re Bonin, 375 Mass. 680 | It is also charged that , by the foregoing acts , th e Respondent violated Supreme Judicial Court R ule 3:17 ( 2 ) , in that he engaged in misconduct i n office and conduct prejudicial to the administra tion of justice which brings the judicial office int o disrepute . | Recalling charge in disciplinary hearing of judge before another court. | Discipline, judge |
| 1983 | COCAP | E.D. Pa., Stevens Yachts of Annaploic, Inc. v. Am. Yacht Charters, Inc., 571 F. Supp. 467 | Severance of this action into two actions and tran sfer of the cases to Texas and the Virgin Islands r espectively is not in the interest of the administra tion of justice if a forum can be found in which a ll claims can be litigated simultaneously . | Refusing motion to sever. | Judicial proceeding; procedure |

| | | | | |
|---|---|---|---|---|
| 1980 | COCAP | Minn., Krug v. Indep. Sch. Dist. No. 16, 293 N.W.2d 26 | The rules of this court are designed to effectuate the orderly administration of justice and do not control its jurisdiction , for it retains the constitutional power to hear and determine , as a matter of discretion , any appeal in the interest of justice | Allowing appeal where defendant could have raised all issues on appeal of first judgment. | Judicial proceeding; procedure |
| 1978 | COCAP | C.A. 4, Doleman v. Muncy, 579 F.2d 1258 | The concurrence argued that neither history , nor the purpose of the writ of habeas corpus , nor the desired prophylactic utility of the exclusionary rule as applied in Fourth Amendment claims , nor any sound reason relevant to the administration of justice justified a federal court , on collateral review of a state court conviction , to review asserted Fourth Amendment claims with the application of the exclusionary rule in precisely the same manner as it would or could have been utilized on direct review . | Discussing the contrary view of the concurrence. | Judicial proceeding; procedure |
| 1983 | COCAP | D. P.R., Schneider v. Colegio De Abogados De Puerto Rico, 565 F. Supp. 963 | Law 43 , which as we know establishes the integrated bar of Puerto Rico , charges the Colegio with the duty of " cooperating ] in the improvement of the Administration of Justice [ and ] to render such reports and give such advice as the Government may require of it . " | Describing the nonjudicial powers of lawyers and the bar. | Judicary generally |
| 1984 | COCAP | C.A. 6, U.S. v. August, 745 F.2d 400 | Both August and Bogoff were convicted of conspiring to defraud the United States of the due administration of justice , in violation of 18 U.S.C. § 371 ( 1982 ) ( Count One ) . | Describing indictments for interference with blind draw system in bankruptcy court and influence clerk of court in duties. | Judiciary generally |
| 1983 | COCAP | N.J., Fellerman v. Bradley, 191 N.J. Super. 73 | This court can not sanction the frustration of its order ( in this case a consent order ) by permitting a post-judgment invocation of the attorney - client privilege to unduly interfere with and restrict the proper administration of justice which it is entrusted to foster . | Rejecting postjudgment assertion of attorney client privilege. | Judicial proceeding; procedure |
| 1983 | COCAP | Mass., In re Alter, 389 Mass. 153 | 1 Rule 4:01 , § 12 ( 2 ) , inserted by 365 Mass. 696 ( 1974 ) , reads as follows : " The term ' serious crime ' shall include ( a ) any felony , and ( b ) any lesser crime ( involving conduct of an attorney demonstrating unfitness to practice as a lawyer ) , a necessary element of which , as determined by the statutory or common law definition of such crime , includes interference with the administration of justice , false swearing , misrepresentation , fraud , wilful failure to file income tax returns , deceit , bribery , extortion , misappropriation , theft , or an attempt or a conspiracy , or solicitation of another , to commit a ' serious crime . '" | Citing in footnote the relevant rule supporting reversal of judgment below and two years' suspension, as per the Board's recommendation. | Discipline, lawyer |
| 1982 | COCAP | Wash., State v. Jones, 97 Wash. 2d 159 | One situation where the proper administration of justice requires the discharge of a jury is where that jury is unable to agree on a verdict . | Reviewing propriety of discharge of jury. | Judicial proceeding; jury |
| 1985 | COCAP | C.A. 7, U.S. v. Rovetuso, 768 F.2d 809 | We agree with the well - reasoned Wesley and Lester decisions holding that it is entirely proper to charge defendants under § 1503 with interfering with the due administration of justice when the conduct of the defendant relates to tampering with a witness . | Rejecting appellants' contention that they were improperly charged. | Judicial proceeding; witness tampering |
| 1982 | COCAP | D. Nev., In re Santa Barbara …, 94 F.R.D. 105 | Courts have inherent power in the interest of the orderly administration of justice and under Rule 41 ( b ) , FRCP , to dismiss for disobedience of its orders . | Outlining remedial options. | Judicial proceeding; procedure |

| | | | | |
|---|---|---|---|---|
| 1979 COCAP | Md., St. v. Hicks, 285 Md. 310 | Postponement of cases from dates scheduled for trial is one of the major factors contributing to delay in the administration of justice , civil as well as criminal . | Discussing legislative history | Judicial proceeding; delay of |
| 1987 COCAP | N.J., In re Rigolosi, 107 N.J. 192 | Both the Master and the DRB found that respondent violated DR 1 - 102 ( A ) ( 3 ) , which provides that a lawyer shall not " [ e ] ngage in illegal conduct that adversely reflects on his fitness to practice law ; " DR 1 - 102 ( A ) ( 4 ) , which provided that a lawyer shall not " [ e]jngage in conduct involving dishonesty , fraud , deceit or misrepresentation ; " and DR 1 - 102 ( A ) ( 5 ) , which provided that a lawyer shall not " [ e ] ngage in conduct that is prejudicial to the administration of justice . " | Outlining lawyer's complicity as assessed in bribe in trial and Board review below. | Discipline, lawyer |
| 1987 COCAP | C.A. 7, U.S. v. Machi, 811 F.2d 991 | The Eleventh Circuit rejected Silverman 's argument stating : " Silverman 's proposed instruction incorrectly explained ' specific intent ' : it placed the burden on the government to prove that the purpose and object of Silverman 's endeavor was to influence or obstruct due administration of justice . | Rejecting intent as *mens rea* in obstruction. | Judicial proceeding; witness tampering |
| 1984 COCAP | Mo., State v. Butler, 676 S.W.2d 809 | [ I ] t wholly fails to take into account the enormous societal cost of excluding truth in the search for truth in the administration of justice . | Explaining the inevitable discovery doctrine. | Judicial proceeding; procedure |
| 1987 COCAP | E.D.N.Y., U.S. v. Gallo, 668 F. Supp. 736 | Just as important as the issue of prejudice is that of the efficient administration of justice . In particular , we question the traditional assumption that denial of severance in cases such as this promotes effi ciency . | Assessing motion for severance. | Judicial proceeding; procedure |
| 1985 COCAP | La., In re Whitaker, 463 So. 2d 1291 | By reason of the foregoing Paragraph A , ( 1 ) you have engaged in willful misconduct relating to your official duty and persistent and public conduct preju dicial to the administration of justice that brings the judicial office into disrepute , | Violation of ethical rules in practice of law by a sitting judge. | Discipline, judge |
| 1980 COCAP | Ct. of Claims, John M. Grieg, 224 Ct. Cl. 617 | We have weighed the contesting views of the parties in this matter and conclude that the administration of justice will best be served in the circumstances by the court 's exercise of its discretion to permit defendant to except to the trial judge 's de cisión consisting of his findings , opinion , and conclusion of law . | Explaining exercise of discretion. | Judicial proceeding; procedure |
| 1980 COCAP | Mich., People v. Rice, 101 Mich. App. 1 | The second and third factors to be considered under the three - prong test for retroactivity can be dealt with together , since , as the Court noted in Hampton , supra , " the amount of past reliance will often have a profound effect upon the administration of justice " . | Discussing retroactivity. | Judicial proceeding; retroactivity |
| 1984 COCAP | Ne., In re Complaint, 351 N.W.2d 693 | He also contends that his suspension from office would impose a burden on other judges who will be called upon to handle the caseload in the Eighth Judicial District and would perhaps result in delays in the administration of justice . | Exceptions of judge to suspension from office. | Discipline, judge |
| 1984 COCAP | C.A.D.C., Action on Smoking and Health v. Civil Aeronautics Bd., 724 F.2d 211 | See Award of Attorneys ' Fees Against the Federal Government : Hearings before the Subcommittee on Courts , Civil Liberties and Administration of Justice of the House Committee on the Judiciary , 96th Cong. , 2d Sess . 32 ( 1980 ) ( testimony of Sen. DeConcini ) | (collecting sources discussing fee awards to attorneys) | Referring to House Subcommittee on Courts, Civil Liberties and Administration of Justice |

| | | | | | |
|---|---|---|---|---|---|
| 1979 | COCAP | R.I., JWA Realty v. City of Cranston, 399 A.2d 479 | This general rule , rather than depending upon any fundamental principle of the law of evidence , is designed to expedite the orderly administration of justice in eminent domain proceedings . | Discussing doctrine back of evidentiary rules. | Judicial proceeding; procedure |
| 1985 | COCAP | Mo., State v. Garrette, 699 S.W.2d 468 | Additionally , in view of the mass of evidence in the instant case , the efficient administration of justice was served by trying all counts of the amended information at one time | Upholding finding that all counts were part of a common scheme. | Judicial proceeding; procedure |
| 1980 | COCAP | Mt., State v. Fitzpatrick, 186 Mont. 187 | At least in the limited context of sentencing , the courts can recognize this inherent institutional bias and the debilitating effect that it has on the administration of justice . | Discussing means to limit vindicitive sentencing. | Judicial proceeding; procedure |
| 1984 | COCAP | Az., In re Riley, 142 Ariz. 604 | Respondent was found guilty of violating DR 1 - 102 ( A ) ( 5 ) , conduct prejudicial to the administration of justice , although the Committee stated that it felt " considerable empathy for the respondent in the circumstances in which these statements were made | Basis of liability under conduct rules for statements to reporters. | Discipline, lawyer |
| 1982 | COCAP | Oh., State v. McKinley. 7 Ohio App. 3d 255 | Here , substitution was a matter of necessity , where the due administration of justice made it imperative , and no prejudice resulted . | Finding no error in service of substitutte judge. | Judicial proceeding; procedure |
| 1981 | COCAP | U.S. Army Ct. Crim. Rev., U.S. v. Lay, 10 M.J. 678 | The Supreme Court stated in Santobello v. New York , 404 U.S. 257 , 92 S.Ct . 495 , 30 L.Ed .2 d 427 ( 1971 ) , that " the disposition of criminal charges by agreement between the prosecutor and the accused , sometimes loosely called ' plea b argaining , ' is an essential component of the administration of justice . | Laying doctrinal background for instant analysis of plea bargains. | Judicial proceeding; procedure |
| 1984 | COCAP | Fla., St. v. Johnson, 8 Fla. Supp. 2d 116 | The Court is of the opinion that the question and opinion contained in the Amended Order of Clarification ( a copy of which is attached hereto and is incorporated by reference [ see preceding order ] ) involve issues of statewide application , which are of great public importance and will affect the uniform administration of justice in this state . | Court's order setting standards for roadside intoxication tests. | Law enforcement. |
| 1986 | COCAP | Fla., Bammac, Inc. v. Grady, 500 So. 2d 274 | Neither the insurance companies nor their insureds , the employers , are officers of the legal system , nor , unlike lawyers , are they governed by a code of conduct casting upon them duties with respect to the administration of justice beyond that required of the ordinary citizen . | Rejecting attempts of attorneys to insinuate themselves as parties. | Judicial proceeding; procedure |
| 1985 | COCAP | N.J., Kerr Steamship Co., Inc. v. John D. Westhoff. Jr., 204 N.J. Super. 300 | And " secondly the false swearing must have obstructed or tended to obstruct the administration of justice ... It is the obstruction of judicial power which makes it contempt . " | Reciting legal standards in review of contempt finding. | Judicial proceeding; Contempt |
| 1985 | COCAP | Conn., In re Investigation …, 4 Conn. App. 544 | ( a ) Whenever it appears to the superior court for any judicial district that the administration of justice requires an investigation to determine whether or not there is probable cause to believe that a crime or crimes have been committed within the judicial district , said court may order an inquiry to be made into the matter , to be conducted before any judge , state referee , or any three judges of said court designated by it | Reciting statute back of investigatory abilities. | Law enforcement |

| | | | | | |
|---|---|---|---|---|---|
| 1981 | COCAP | La., Corcoran v. Parish of Jefferson, 405 So. 2d 667 | In the case of Tafaro 's Investment Company , In c. v. Division of Housing Improvement , et al , 2 61 La. 183 , 259 So .2 d 57 ( La. 1972 ) the Loui siana Supreme Court discussed the difference bet ween the legislative and judicial functions of pub lic bodies stating that when a judicial function is involved , an analogy to judicial process is made and the procedural safeguards developed in the a dministration of justice must be observed . " | Analysis of judicatory hearings at the Parish level. | Judicial proceeding; procedure |
| 1985 | COCAP | C.A.D.C., Urban v. United Nations, 768 F.2d 1497 | Suffice it to say that , in dealing with such a litig ant , the court " has an obligation to protect and p reserve the sound and orderly administration of j ustice | Outlining appropriate response to "prolific pro se litigants." | Judicial proceeding; procedure |
| 1981 | COCAP | Mich., People v. Young, 410 Mich. 363 | Retroactive application of the Fountain policy wo uld have an adverse effect on the administration of justice . | Discussing retroactivity. | Judicial proceeding; retroactivity |
| 1985 | COCAP | E.D.N.Y., Latzer v. Abrams, 602 F. Supp. 1314 | The footnote in Richmond Newspapers , Inc. v. Virginia , 448 U.S. 555 , 100 S.Ct . 2814 , 65 L. Ed .2 d 973 ( 1980 ) , to which the court made re ference in Romano , explicitly recognizes that a t rial judge may , " in the interest of the fair admin istration of justice , impose reasonable limitation s on access to a trial " just as " a government ma y impose reasonable time , place and manner rest rictions upon the use of the streets in the interest of such objectives as the free flow of traffic . " | Discussing limitations on press access to trials. | Judicial proceeding; media access to |
| 1979 | COCAP | C.A. 5, U.S. v. Gaston, 608 F.2d 607 | The indictment charges that Gaston " did wil - fully and knowingly corruptly endeavor to influe nce Johnny Self , a witness before the said Grand Jury , [ investigating alleged violations of the fal se claims and false statements laws ] and thereby corruptly endeavor to influence , obstruct and im pede the due administration of justice ... [ in that Gaston ] urged and advised Johnny Self to give f alse testimony before said Grand Jury in relation to the aforesaid violation . " | Introducing the issue before taking it up on appeal. | Judicial proceeding |
| 1986 | COCAP | Ill., Timothy Myers v. Bridgeport Machines Div. of Textron, Inc., 113 Ill. 2d 112 | The forum non conveniens doctrine is equitable i n nature ( Bell v. Louisville & Nashville R.R. Co . ( 1985 ) , 106 Ill. 2d 135 , 146 ; People ex rel . Atchison , Topeka & Santa Fe Ry . Co. v. Clark ( 1957 ) , 12 Ill. 2d 515 , 520 ) and allows courts t o strike a balance between the convenience of the litigants and the efficient administration of justic e . | Discussing state of doctrine. | Judicial proceeding |
| 1987 | COCAP | Tex., Collier v. Poe, 732 S.W.2d 332 | After overruling the motions the court stated ( 1 ) that legislative continuances , " in this particular case " would violate Article I , § 13 , Texas Constitution providing that all courts shall be open , and every person for an injury done him , in his lands , goods , person or reputation , shall have remedy by due course of law , ( 2 ) that the statute providing for legislative continuances was a " self serving law passed by the legislators for their own self preservation , " and ( 3 ) the said motions for continuance interfere " with the orderly administration of justice . " | Recalling proceedings below in mandamus action. | Judicial proceeding; procedure |
| 1983 | COCAP | Wyo., Osborn v. State, 672 P.2d 777 | When a patient and understanding judge gives ev ery consideration to a defendant 's change of pos ition the day before ' trial and the defendant atte mpts to mock the administration of justice , there is no abuse of discretion . | Evaluating procedural decisions below. | Judicial proceeding; procedure |

| | | | | | |
|---|---|---|---|---|---|
| 1981 | COCAP | N.C., State v. Simpson | Consequently , the present case is one in which t he defendant 's right to be free from repeated tria ls is outweighed by the public 's interest in the ad ministration of justice , and we find defendant 's double jeopardy challenge without merit and ove rruled . | Overruling double jeopardy challenge. | Judicial proceeding |
| 1987 | COCAP | Bankr. E.D. Mich., In re Miramar, Inc., 70 B.R. 32 | Questions would thus arise in numerous other cir cumstances as to which time computation rule to apply ; the efficient administration of justice requ ires that the Court and counsel look to one rule fo r time computation in bankruptcy — Bankruptcy Rule 9006 . | Explaining rejection of movant's position. | Judicial proceeding; procedure |
| 1980 | COCAP | D. Del., Coastal Gas Station Corp. v. Dept. of Energy, 495 F. Supp. 1172 | While the federal courts in the District of Colum bia are called upon to handle a much larger perce ntage of FOIA litigation and are therefore perhap s more overburdened by in camera review in suc h cases than most courts , see Weissman v. Centr al Intelligence Agency , 565 F. 2d 692 , 697 n. 1 1 ( D.C.Cir . 1977 ) , this Court has recently enc ountered a disturbing increase in requests for in c amera review in nonFOIA litigation which simila rly threatens to strangle the administration of just ice in this District . | Discussing rationale for burden of government to demonstrate a document's exemption from FOIA. | Judicial proceeding; procedure |
| 1978 | COCAP | Me., State v. Gatcomb, 389 A.2d 22 | However , when the physical or mental condition of the patient is at issue in such action , suit or p roceeding or when a court in the exercise of soun d discretion , deems such disclosure necessary to the proper administration of justice , no informat ion communicated to , or otherwise learned by , s uch physician in connection with such attendance , examination or treatment shall be privileged an d disclosure may be required . | Discussing limits of privilege. | Judicial proceeding; procedure |
| 1978 | COCAP | N.C., In re Inquiry …, 295 N.C. 291 | However , a judge may also , through negligence or ignorance not amounting to bad faith , behave in a manner prejudicial to the administration of j ustice so as to bring the judicial office into disrep ute . | Outlining bases of a judge's liability as against canons and ethical responsibilities | Judicial conduct |
| 1985 | COCAP | Ill., People v. Friesland, 109 Ill. 2d 369 | The waiver rule , as other like rules of procedure , finds its justification upon the interest of a fair , orderly and expeditious administration of justice . | Finding no facial constitutional issue in waiver of appeal | Judicial proceeding; procedure |
| 1979 | COCAP | Cal., People v. Cooper, 94 Cal. App. 2d 672 | Like the United States Supreme Court , Californi a courts use the following criteria to determine w hether a new rule of decisional law in criminal ca ses should be applied retroactively : ( 1 ) the purp ose of the new rule , ( 2 ) the extent of the relianc e by law enforcement authorities on the old rule , and ( 3 ) the effect on the administration of justi ce of retrospective application of the new rule . | Discussing retroactivity. | Judicial proceeding; retroactivity |
| 1986 | COCAP | Cal., Price v. Sup. Ct. Madera Cnty, 186 Cal. App. 3d 156 | As we have seen , all of the duties pertaining to t he office of superior court clerk , whether essenti al to the office or specifically prescribed by statut e , are ministerial functions necessarily subject to the control of the judges of the court so far as es sential to the proper administration of justice . | Reviewing behavior of court personnel. | Judiciary generally |
| 1984 | COCAP | N.Y., People v. Varela, 124 Misc. 2d 992 | The power that a court has over its judgments an d process notwithstanding , it is equally well esta blished that , in the interests of orderly administr ation of justice , Judges as a general rule should not disturb , vacate , reconsider or modify determ inations of a Judge of concurrent jurisdiction ( 28 NY Jur 2d , Courts and Judges , § 86 , p 153 ) . | Outlining appropriate bounds of discretion in bail remission. | Judicial proceeding; procedure |

| Year | COCAP | Case | Quote | Description | Category |
|---|---|---|---|---|---|
| 1985 | COCAP | C.A. 7, U.S. v. Balistrieri, 778 F.2d 1226 | The district court 's actions in this case to select the jury from the Green Bay division only is governed by Rule 18 of the Federal Rules of Criminal Procedure which states in part : The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice . | Reviewing district court's jury selection. | Judicial proceeding; jury |
| 1983 | COCAP | Conn., Crawford v. Warden, 189 Conn. 374 | Because of this ease by ease approach , we are not pursuaded that affording Sandstrom retroactivity will result in a devastatingly adverse impact on the administration of justice . I | Discussing retroactivity | Judicial proceeding; retroactivity |
| 1979 | COCAP | Minn., In re Complaint ..., 296 N.W.2d 648 | Finding : Referee finds that the conduct of the Respondent as outlined above would evidence conduct ' prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Canons [ Canon ] 3A ( 3 ) and ( 4 ) . | Bar referee found misconduct violative of ethical rules | Judicial discipline |
| 1987 | COCAP | N.Y., In re Baltimore, 132 A.D.2d 424 | The hearing Panel found him guilty of failing to preserve client funds in an attorney 's special account in violation of Code of Professional Responsibility DR 9 - 102 ( A ) and 22 NYCRR 603.15 ; failing to promptly pay funds to which his client was entitled ( DR 9 - 102 [ B ] [ 4 ] ) ; engaging in conduct involving dishonesty , fraud , deceit or misrepresentation which adversely reflected on his fitness to practice law ( DR 1 - 102 [ A ] [ 4 ] , [ 6 ] ) ; and conduct prejudicial to the administration of justice in violation of DR 1 - 102 ( A ) ( 5 ) . | Bar hearing panel | Discipline, lawyer |
| 1980 | COCAP | Wyo., Hoggatt v. State, 606 P.2d 718 | Citing criterion for nolo contendere plea in footnote. | Plea | Unclear |
| 1982 | COCAP | Wash., Rhinehart v. Seattle Times Co., 98 Wash. 2d 226 | Moreover , we are not convinced that the Halkin approach properly serves the administration of justice . | Discussing retroactivity. | Judicial proceeding; retroactivity |
| 1987 | COCAP | D.C., In re Hutchison, 534 A.2d 919 | Engage in conduct that is prejudicial to the administration of justice . | Citing in footnote basis for 303-day suspension. | Discipline, lawyer |
| 1984 | COCAP | Ga., Garland v. State, 171 Ga. App. 519 | [ T ] he question whether the conduct complained of interfered with the administration of justice in a pending case is not involved . | Exploring factual basis for contempt order below. | Judicial proceeding; Contempt |
| 1985 | COCAP | Ill., Kemner v. Norfolk & Western Ry. Co., 133 Ill. App. 3d 597 | Monsanto has appealed from this order , contending that the order constituted an impermissible prior restraint of its right of free speech in that it was entered without the necessary showing of threat to the administration of justice and was impermissibly over-broad . | Affirming order prohibiting party's communication with press. | Judicial proceeding; press access |
| 1982 | COCAP | Okla., Gilbreath v. State, 651 P.2d 699 | This Court in Bowen v. State , 606 P. 2d 589 , 593 ( Okl.Cr .1980 ) , held that " [ d ] ue to the near certain detriment to the defendant 's chances of receiving a fair defense and to the administration of justice , the defendant must clearly and unequivocally assert his demand to proceed pro se : ' | Reciting standard of review for denial of motion of defense counsel to withdraw. | Judicial proceeding; procedure |
| 1987 | COCAP | Fla., Bar v. Seidel, 510 So. 2d 871 | Pursuant to that consent judgment , the referee recommends that Seidel be found guilty of engaging in conduct prejudicial to the administration of justice , engaging in conduct that adversely reflects on his fitness to practice law , and committing an act contrary to honesty , justice , or good morals . | Recommendation of Bar referee. | Discipline, lawyer |
| 1979 | COCAP | S.D.N.Y., Mathias v. Lennon, 474 F. Supp. 949 | This rule is essential to the orderly administration of justice , and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons . | Explicating a jurisdictional rule. | Judicial proceeding |

| | | | | | |
|---|---|---|---|---|---|
| 1985 | COCAP | Colo., People v. Lloyd, 696 P.2d 249 | or investigation filed by the complainant with the Grievance Committee . The respondent 's condu ct in case No. 83A - 56 violated C.R.C.P. 241.6 ( 1 ) ( violation of th e Code of Professional Responsibility ) and C.R. C.P. 241.6 ( 7 ) ( failure to respond to a request f rom the committee ) , and DR 1 - 102 ( A ) ( 1 ) ( violation of a disciplinary rule ) , DR 1 - 102 ( A ) ( 4 ) ( conduct involving dishonesty ) , DR 1 - 102 ( A ) ( 5 ) ( conduct prejudicial to the admin istration of justice ) , DR 1 - 102 ( A ) ( 6 ) ( conduct that adversely reflects o n fitness to practice law ) ' , DR 6 - 101 ( A ) ( 3 ) ( neglect of legal matter ) , and D R 7 - 101 ( A ) ( 2 ) ( failure to carry out employment contract with client ) . | Bar Grievance Committee | Discipline, lawyer |
| 1983 | COCAP | C.A.D.C., U.S. v. Richardson, 702 F.2d 1079 | The entire purpose of the finality requirement of section 1291 is to " discourage undue litigiousne ss and leaden - footed administration of justice , particularly da maging to the conduct of criminal cases . " | Concluding full review of evidence's sufficiency would be available after a final verdict. | Judicial proceeding |
| 1986 | COCAP | La., State v. Green, 493 So. 2d 1178 | Professional responsibility does not countenance the use of the attorney - client privilege as a subterfuge and all conspiraci es , either active or passive , which are calculated to hinder the administration of justice will vitiate the privilege . | Precis to evidentiary ruling. | Judicial proceeding; evidentiary issue |
| 1977 | COCAP | Ga., Wilkerson v. Tolbert, 239 Ga. 702 | The proper administration of justice demands tha t courts have the power to enforce their orders an d decrees by contempt proceedings . | Upholding contempt order. | Judicial proceeding; Contempt |
| 1979 | COCAP | N.Y., People v. Le Grand, 67 A.D.2d 446 | More important than any inhibiting effect on the right to gather news is the public interest in the f air administration of justice . | Press privilege yields to defendant's need for exculpatory evidence. | Judicial proceeding; press access to |
| 1984 | COCAP | N.D. Ga., U.S. v. Caldwell, 594 F. Supp. 548 | Rule 14 requires the trial court to balance the rig ht of defendants to a fair trial absent the prejudic e that may result from joint trials , against the pu blic 's interest in efficient and economic administ ration of justice . | The court severed *sua sponte* . | Judicial proceeding; procedure |
| 1984 | COCAP | Ala., Commercial Fisheries Entry Comm'n v. Byayuk, 684 P.2d 114 | the effect on the administration of justice of a ret roactive application of the new rule of law . | Discussing retroactivity. | Judicial proceeding; retroactivity |
| 1977 | COCAP | Ind., In re Merritt, 266 Ind. 353 | Respondent 's actions as set forth above constitut ed a course of conduct prejudicial to the administ ration of justice as well as neglect of a legal matt er entrusted to him in that respondent failed to pr otect his client 's interest by filing an answer to t he defendant 's request for admissions and left th e jurisdiction without notifying his client that he would be unable to appear to represent him at the scheduled trial date and failed to direct his client to counsel who could represent the client at such trial . | Describing predicate conduct justifying liability to sanction as a matter of law. | Discipline, lawyer |
| 1982 | COCAP | S. Ct., Northern Pipeline Const. Co. v. Marathong Pipeline Co., 102 S. Ct. 2858 | The Framers chose to leave to Congress the prec ise role to be played by the lower federal courts i n the administration of justice . | Discussing separation of powers | Judiciary generally |

| | | | | |
|---|---|---|---|---|
| 1983 | COCAP | C.A. 11, U.S. v. Cross, 708 F.2d 631 | As recently as Rose v. Mitchell , supra , the Supreme Court reaffirmed the longstanding fundamental principle that discrimination in the administration of justice harms the accused and undermines the integrity of the judicial process itself . | Assessing constitutional significance of discriminatory jury foreman in trial below. | Judicial proceeding; jury |
| 1987 | COCAP | C.A. 5, U.S. v. Melguizo, 824 F.2d 370 | This circuit and others have held that , when the delay is short and the defendant does not show more than minimal prejudice , reprosecution has little , if any , adverse impact on the administration of justice and the administration of the Act . | Affirming dismissal without prejudice. | Judicial proceeding |
| 1984 | COCAP | C.A. 10. U.S. v. Dressel, 742 F.2d 1256 | The trial court must determine whether joint representation will adversely affect the effective and fair administration of justice . | Reciting considerations. | Judicial proceeding; procedure |
| 1977 | COCAP | Pa., Hamill Estate, 3 Pa. D. & C.3d 100 | We hold , under these circumstances , that judges already assigned and sitting on other cases or otherwise engaged in the administration of justice in this judicial district are not " reasonably available " for serving as a court en banc . | Deciding composition of en banc court. | Judiciary generally |
| 1979 | COCAP | Mich., In re Freedman, 406 Mich. 256 | Petitioner had the burden by clear and convincing evidence to persuade the panel and board he has the proper understanding of and attitude towards the standards imposed on State Bar members and can be safely recommended to aid in the administration of justice . | Denying reinstatement on advice of Bar Grievance Board. | Discipline, lawyer |
| 1983 | COCAP | Pa., Commonwealth v. Edrington, 317 Pa. Super. 545 | It is evident that the orderly administration of justice requires that a criminal controversy , like any other litigation , some day come to an end . | Denying reargument of validity of guilty plea. | Judicial proceeding |
| 1980 | COCAP | S.D.N.Y., Park-Tower Development Group, Inc., v. Goldfeld, 87 F.R.D. 96 | In recommending the appointment of a Special Master , the Magistrate noted that while the Master 's recommended functions could , as a technical matter , be performed by a magistrate , it would be seriously prejudicial to the proper administration of justice in this District to allocate so much of a magistrate 's time to serve the parties in th is particular multi-million dollar lawsuit . | Assessing sanctions for default. | Judicial proceeding; appointment of special master |
| 1981 | COCAP | N.C., Cox. V. Haworth, 304 N.C. 571 | We also reject defendant 's contention that retroactive application of Nicholson will unduly burden the administration of justice . | Discussing retroactivity. | Judicial proceeding; retroactivity |
| 1985 | COCAP | S.C., Creel v. King, 287 S.C. 205 | When the first case was called for trial , in order to facilitate the administration of justice , the trial judge ordered that all four cases arising out of th is accident be consolidated . | Reversing and remanding order for consolidated trials below. | Judicial proceeding; procedure |
| 1985 | COCAP | N.H., Eshleman's Case, 126 N.H. 1 | While the duty of a lawyer to disclose facts regarding his own conduct to an investigating tribunal is not entirely clear in the Code of Professional Responsibility ( see American Bar Association Model Rules of Professional Conduct § 8.1 and comment thereto ) , an attorney in this State is subject to discipline for failing to report to the Committee on Professional Conduct unprivileged knowledge of a lawyer 's conduct involving dishonesty , fraud , deceit or misrepresentation or conduct prejudicial to the administration of justice or conduct reflecting adversely on a lawyer 's fitness to practice law . DR 1 - 103 ; 1 - 102 ( 4 ) , ( 5 ) , ( 6 ) . | Addressing failure to disclose disciplinary record. | Discipline, lawyer |
| 1981 | COCAP | C.A. 8, Scurr v. Moore, 647 F.2d 854 | Removal should be limited to cases urgently demanding that action , but the balancing of the defendant 's confrontation right with the need for the proper administration of justice is a task uniquely suited to the trial judge . | Assessing possible contempt below. | Judicial proceeding; Contempt |

| | | | | | |
|---|---|---|---|---|---|
| 1978 | COCAP | Ill., People v. Stewart, 58 Ill. App. 3d 630 | To sustain a finding of direct contempt of court, it must be shown that the particular conduct was calculated to embarrass, hinder or obstruct the court in its administration of justice, or to lessen its authority of dignity, or to bring the administration of law into dispute. | Reviewing contempt finding. | Judicial proceeding; Contempt |
| 1982 | COCAP | Mich., In re Contempt …, 113 Mich. App. 549 | This power is essential to preserve the authority of the courts and to prevent the administration of justice from falling into disrepute. | Upholding summary contempt. | Judicial proceeding; Contempt |
| 1985 | COCAP | Mich., Moorhouse v. Ambassador Ins. Co., Inc., 147 Mich. App. 412 | The following considerations are pertinent to the issue of whether Ross should be given full retroactivity, limited retroactivity, or prospectivity only: (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice | Discussing retroactivity | Judicial proceeding; retroactivity |
| 1981 | COCAP | C.A.D.C., Grace v. Burger, 214 U.S. App. D.C. 375 | The Court made clear, however, that critical to its decision was the fact that the statute was drawn narrowly to apply only to picketing with an intent to interfere with the administration of justice. | Reviewing overbreadth of statute used below. | Judicial proceeding |
| 1982 | COCAP | Ore., In re Bevans, 655 P.2d 573 | Section 18 (b) specifies that the applicant must show that " he or she has good moral character, general fitness to practice law and that his or her resumption of the practice of law in this state will not be detrimental to the administration of justice or the public interest. " | Outlining legal standard back of reinstatement. | Discipline, lawyer |
| 1982 | COCAP | Pa., Commonwealth v. Falkenhan, 452 A.2d 750 | Appellant also argues that the evidence was insufficient to prove an " actual obstruction " of the administration of justice. | Finding meritless appeal of obstruction for refusal to participate. | Judicial proceeding; interference with |
| 1979 | COCAP | Mass., Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 | Furthermore, the judge who allowed the motion had been involved with several phases of the action 's development and undoubtedly was aware that its restoration to the trial list would not disrupt the administration of justice in the county. | No abuse of discretion in (affirmed) order allowing motion for relief from judgment. | Judicial proceeding |
| 1977 | COCAP | N.D., Shark Bros. Inc. v. Cass Cnty, 256 N.W.2d 701 | If such bifurcated procedures were encouraged or sustained, it would create duplication, and uncertainty, and waste manpower and money, with no appreciable result, and all without improving the administration of justice. | Refusing to allow bifurcated procedure in judicial and administrative venues. | Judicial and administrative proceeding |
| 1984 | COCAP | Md., St. v. Frazier, 470 A.2d 1269 | Castle v. State, 237 Ind. 83, 143 N.E. 2d 570, 572 (1957) (trial court failed in its duty to " ensure efficient administration of justice ") | Collecting precedent on judicial reactions to delays caused by congestion. | Judicial proceeding; delay of |
| 1979 | COCAP | Cal., In re Jonathan S., 88 Cal. App. 3d 468 | Moreover, unauthorized ex parte contacts of whatever nature erode public confidence in the fairness of the administration of justice, the very cement by which the system holds together. | Assessing liability to sanctions of juvenile court judge. | Discipline, judge |
| 1986 | COCAP | In re Anonymous Nos. 26 D.B. 73 and 32 D.B. 73, Disciplinary Board of the Supreme Court of Pennsylvania | What is at issue in this proceeding is whether petitioner met the burden of demonstrating by clear and convincing evidence that he has the moral qualifications and that the resumption of practice by him will be neither detrimental to the integrity and standing of the bar or the administration of justice, not subversive to the public interest. | Considering reinstatement. | Discipline, lawyer |

| | | | | | |
|---|---|---|---|---|---|
| 1985 | COCAP | D.C., In re Washington, 489 A.2d 452 | In Bar Docket No. 57 - 83 , the Hearing Committee found that Respondent was guilty of neglecting a legal matter entrusted to him , in violation of DR 6 - 101 ( A ) ( 3 ) , and conduct prejudicial to the administration of justice , in violation of DR 1 - 102 ( A ) ( 5 ) , and for these violations the Hearing Committee recommended a suspension of three months . | Recommendation of Hearing Committee. | Discipline, lawyer |
| 1980 | COCAP | Tex., Perry v. Ponder, 604 S.W.2d 306 | As a matter of sound administration of justice , Texas courts will not intervene in the domestic affairs of nonresidents , but will leave them to litigate in their home states . | | Judicial proceeding |
| 1987 | COCAP | Pa., Commonwealth v. Jackson, 367 Pa. Super. 6 | And in desperation , he did what he did in order to delay the administration of justice . | Recalling transcript below | Judicial proceeding; contempt |
| 1986 | COCAP | Cal., Bloom v. Sup. Ct. of San Diego Cnty, 185 Cal. App. 3d 409 | Implicit in what we said is that the judicial power to punish a lawyer summarily for contempt of court , essential to facilitate the orderly administration of justice ( Gallagher v. Municipal Court ( 1948 ) 31 Cal .2 d 784,788 [ 192 P. 2d 905 ] ) , is qualified by the cumulative effect of the lawyer 's right to engage in respectful advocacy on behalf of his client ( Cooper v. Superior Court ( 1961 ) 55 Cal .2 d 291 , 303 [ 10 Cal.Rptr . 842 , 359 P. 2d 274 ] ) , strict compliance with the statutory framework and the lawyer 's personal right to due process | Recalling previous refusal to find contempt. | Judicial proceeding; contempt |
| 1986 | COCAP | W.D. Pa., U.S. v. Renfroe, 634 F. Supp. 1536 | Next , the defendant in Local 542 contended , as does the respondent , that the fact that the trial judge did not bring the contempt charge immediately when the act was committed , but instead delayed 24 hours , was proof that respondent 's conduct did not obstruct the administration of justice as required under 18 U.S.C.A. § 401 ( 1 ) and therefore it was not properly punishable summarily under Rule 42 ( a ) , Fed.P . Crim.P , and should have been prosecuted only after notice and hearing before another judge as required by Fed.R.Crim.P . 42 ( b ) . | Rejecting theory against contempt. | Judicial proceeding; contempt |
| 1978 | COCAP | N.Y., Wuinn v. Aetna Life & Cas. Ins. Co., 96 Misc. 2d 545 | Although the court in Craig did indicate that the news articles were " by any standard " unfair , it nevertheless found that the clear and present danger test had not been met , stating that the utterances " must constitute an imminent , not merely a likely , threat to the administration of justice . " | Outlining standards for contempt. | Judicial proceeding; contempt |
| 1985 | COCAP | C.A. 11, U.S. v. Brand, 775 F.2d 1460 | Based upon these facts , the jury found defendants committed a corrupt endeavor , tending to impede the due administration of justice . | Overturning jury verdict based on facts not violative of s. 1503. | Judicial proceeding; jury |
| 1987 | COCAP | S. Ct., Frazier v. Heebe, 96 L. Ed. 2d 557 | ithout further explanation , the court declared that the in - state attorney 's admission to the bar " does not raise the same concern for the efficient administration of justice that admission of nonresident attorneys does . " | Recalling facts below | Bar generally |
| 1980 | COCAP | Conn., State v. Aillon, 182 Conn. 124 | To compel the government to do so " would create an insuperable obstacle to the administration of justice in many cases in whieh there is no semblance of the type of oppressive practices at which the double - jeopardy prohibition is aimed . " | Demurring from requiring government to prosecute all counts against the same defendant "at one go." | Law enforcement; prosecutorial discretion |
| 1980 | COCAP | Pa., Commonwealth v. Brady, 508 A.2d 286 | The needless delays engendered by frivolous appeals hinder the administration of justice as well as the public interest . | Refusing to entertain appeal upon finding below motion is frivolous. | Judicial proceeding; procedure |

| | | | | | |
|---|---|---|---|---|---|
| 1979 | COCAP | N.D., In re Maragos, 285 N.W.2d 541 | The primary aim of disciplinary proceedings against a judge is to maintain the honor and dignity of the judiciary and the proper administration of justice | Policy back of judicial discipline. | Discipline, judge |
| 1980 | COCAP | Ore., In re Complaint …, 290 Or. 113 | and that his resumption of the practice of law in this state will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest . | Quoting rules en bloc. | Bar generally |
| 1979 | COCAP | Wash., In re Zderic, 92 Wash. 2d 777 | The Board modified the conclusion to find a violation of ( CPR ) DR 1 - 102 ( A ) ( 5 ) ( engaging in conduct prejudicial to the administration of justice ) . | Board Conclusion | Discipline, lawyer |
| 1985 | COCAP | Miss., Clark v. Miss. Bar Ass'n, 471 So. 2d 352 | The Mississippi State Bar Complaints Tribunal found the appellant guilty of violating the following disciplinary rules : DR 1 - 102 . Misconduct ( A ) A lawyer shall not : ( 1 ) Violate a Disciplinary Rule . ( 3 ) Engage in illegal conduct involving moral turpitude . ( 4 ) Engage in conduct involving dishonesty , fraud , deceit , or misrepresentation . ( 5 ) Engage in conduct that is prejudicial to the administration of justice . | Board Conclusion | Discipline, lawyer |
| 1987 | COCAP | C.A. 11, U.S. v. Godoy, 821 F.2d 1498 | Similarly , if a crime is quite serious , barring reprosecution will have a severe impact on the administration of justice . | Outlining factors to determin propriety of reprosecution. | Law enforcement; prosecutorial discretion |
| 1983 | COCAP | Fla., State ex rel Harte-Hanks v. Austin, 2 Fla. Supp. 2d 160 | Access or closure issues involving the press require a showing ( a ) that the action is necessary to prevent a serious and imminent threat to the administration of justice , | Outlining where press freedoms recede before needs of defendant. | Judicial proceeding; press access to |
| 1981 | COCAP | Pa., Noyer v. Commonwealth, 20 Pa. D. & C.3d 659 | The same question can not be presented in successive petitions for writs of habeas corpus before the same court ( Com . ex rel . v. Shovlin , 24 Beaver 94 ( 1962 ) ) , and we fail to see how the prompt and orderly administration of justice is to be fostered by presenting a subsequent petition to the very court whose purported inaction is being complained of under a subsisting petition presently being considered by our Federal district court . | Agreeing with magistrate that habeas petition lacked merit. | Judicial proceeding; delay of |
| 1979 | COCAP | C.A. 5, United Steelworkers of Am., AFL-CIO v. Bishop, 598 F.2d 408 | [ 1 ] t is a general principle of the highest importance to the proper administration of justice that a judicial officer , in exercising the authority vested in him , shall be free to act upon his own convictions , without apprehension of personal consequences to himself . | Policy back of upholding judicial immunity. | Judiciary generally |
| 1983 | COCAP | Sup. Ct., U.S. v. Grace, 103 S. Ct. 1702 | Zywicki had consulted with an attorney concerning the legality of his activities and had been informed that the Superior Court for the District of Columbia had construed the statute that prohibited leafletting , 40 U. S. C. § 13k , to prohibit only conduct done with the specific intent to influence , impede , or obstruct the administration of justice . | Outlining lawyer's assessment of legality of defendant's leafletting. | Unclear |
| 1983 | COCAP | C.A. 5, Stretton v. Penrod Drilling Co., 701 F.2d 441 | The Supreme Court has often considered the effect of retroactivity on the administration of justice as a relevant factor in determining the retroactivity question . | Discussing retroactivity. | Judicial proceeding; retroactivity |

| | | | | | |
|---|---|---|---|---|---|
| 1983 | COCAP | In re Anonymous No. 4 D.B. 76, Disciplinary Board of the Supreme Court of Pennsylvania | Hearing committee [ ] in its report filed May 18 , 1983 recommended that the petition for reinstatement be denied because petitioner failed to demonstrate by clear and convincing evidence that he has the moral qualifications required for admission to the practice of law in the Commonwealth of Pennsylvania and because the admission of Petitioner to the resumption of the practice of law would be detrimental to ' the administration of justice and subversive to the public interest | Committee Recommendation | Discipline, lawyer |
| 1986 | COCAP | Mo., St. ex rel McNaul v. Bonacker, 711 S.W.2d 566 | In leaving the breadth of the jurisdiction of the associate divisions of the circuit courts to the judiciary , the General Assembly may well have believed that the circuit courts , subject to the supervision of the Supreme Court and certain statutory restrictions ( some of which are mentioned in this opinion ) , can best decide what cases or classes of cases should be assigned to associate circuit judges in order to promote the efficient administration of justice in Missouri . | Considering whether refusal of jurisdiction was misconduct. | Discipline, judge |
| 1987 | COCAP | Sup. Ct., Griffith v. Ky., 1987 U.S. LEXIS 283 | Justice Powell has pointed out that it " hardly comports with the ideal of ' administration of justice with an even hand , '" when " one chance beneficiary — the lucky individual whose case was chosen as the occasion for announcing the new principle — enjoys retroactive application , while others similarly situated have their claims adjudicated under the old doctrine . | Discussing retroactivity | Judicial proceeding; retroactivity |
| 1980 | COCAP | E.D. Pa., Wilkinson v. Ellis, 484 F. Supp. 1072 | The destruction of evidence has a uniquely damaging effect on the administration of justice , for once evidence has been destroyed it can not be retrieved for judicial review . | Withholding immunity from law enforcement officers who destroyed evidence. | Law enforcement; destruction of evidence |
| 1977 | COCAP | Ill., People ex rel. Harrod v. Ill. Courts Comm'n, 69 Ill. 2d 445 | There the plaintiff argued that the phrase , " conduct which is prejudicial to the administration of justice or which brings the judicial office into disrepute , " was unconstitutionally vague and overly broad . | Reciting precedentg in instant consideration of judge's conduct. | Discipline, judge |
| 1986 | COCAP | Fla., Brookings v. State, 495 So. 2d 135 | The modern view is that the privilege promotes the administration of justice by " encouraging clients to lay thé facts fully before their counsel . | Articulating rational for, while refusing to find waiver of, attorney-client privilege. | Judicial proceeding; evidentiary issue |
| 1980 | COCAP | Ill., Hurletron Whittier, Inc. v. Barda, 82 Ill. App. 3d 443 | Finally , requiring defendant to defend this lawsuit in Illinois is neither reasonable nor in keeping with the orderly administration of justice . | Refusing to require defendant to defend the case in Illinois. | Judicial proceeding; procedure |
| 1981 | COCAP | Mo., State v. Gordon, 621 S.W.2d 262 | To those aware of the problem , it is readily apparent that compliance with the seemingly clear instructions just noted [ Note 3 ( e ) under MAI - CR2d 15.00 ] would contribute more to the orderly administration of justice than have the efforts of this and other appellate courts to approve or disapprove of the absence thereof [ the instruction on conventional manslaughter ] in specific cases . | Reversing and remanding on account of failure properly to instruct the jury. | Judicial proceeding; jury |
| 1984 | COCAP | N.J., Fitzgibbon v. Fitzgibbon, 197 N.J. Super. 63 | Their sole warrant is the protection of interests and relationships which , rightly or wrongly , are regarded as of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice . | Qualifying spousal privilege. | Judicial proceeding; evidentiary issue |
| 1985 | COCAP | Miss., Myers v. Miss. St. Bar, 480 So. 2d 1080 | The courts of this state are dedicated to the fair and equal administration of justice and act in accordance with that high principle . | No error where court was unaware that a party had no representation. | Judicial proceeding |

| | | | | | |
|---|---|---|---|---|---|
| 1977 | COCAP | E.D. Mich., U.S. v. Narciso, 446 F. Supp. 252 | He who makes studied inquiries of jurors as to what occurred there acts at his peril , lest he be held as acting in obstruction of the administration of justice . | Upholding prohibition on post-trial contact between lawyer and jurors. | Judicial proceeding; jury |
| 1986 | COCAP | Pa., Commonwealth v. Thomas, 506 A.2d 420 | Thereafter , on August 25 , 1983 , a criminal complaint was filed in the Court of Common Pleas of Dauphin County charging appellant with perjury , false swearing , and obstructing the administration of justice . | Consequence for appellant who had made false sworn representations to grand jury. | Grand Jury |
| 1979 | COCAP | C.A.D.C., In re Halkin, 194 U.S. App. D.C. 257 | The First Amendment Interest in Litigation and the Administration of Justice Defendants correctly point out that attorneys " have historically been ' officers of the courts [ , ] ' " | Discussing lawyers' qualified retention of First Amendment rights. | Judicial proceeding |
| 1979 | COCAP | Mich., People v. Kamin, 405 Mich. 482 | ( 1 ) The purpose of the new rule , ( 2 ) general reliance on the old rule and ( 3 ) the effect on the administration of justice . | Discussing retroactivity. | Judicial proceeding; retroactivity |
| | | | | | |
| 1977 | COHA | Toorrow's Son (Robert Hoskins) | The court may in its wisdom temper the administration of justice by casing the degree of punishment, but in this case sees no reason for leniency. | Judicial decision-making | Judicial decision-making |
| 1977 | COHA | NYT Letter to Editor | His characterization of the legal profession as being motivated by self-interest does a disservice to the thousands of lawyers who have actively involved themselves in nonpaying charitable activities in their local communities throughout the state. It also fails to take into consideration the active, concerted effort of state and local bar associations to aid in the administration of justice, which is a social commitment. | Bar associations upholding the administration of justice | Bar associations |
| 1979 | COHA | JUSTICES, 5-4, LIMIT COURTROOM ACCESS BY PRESS AND PUBLIC; JUDGE'S PRETRIAL BAN UPHELD (NYT) | Justice Powell said that a judge, when presented with a request to close a hearing, should first decide " whether there are alternative means reasonably available by which the fairness of the trial might be preserved without interfering substantially with the public's interest in prompt access to information concerning the administration of justice. " | Judge deciding whether to close a hearing to acess | Judicial decision-making |
| 1980 | COHA | Realities and Illusions (Frances Moley, autobiography) | This court modeled after the Chicago Municipal Court was an innovation in the administration of justice. | Expansion of municipal court to take civil and criminal jurisdiction. | Courts generally |
| 1980 | COHA | Realities and Illusions (Frances Moley, autobiography) | My familiarity with Pound's writing came from the writing of my essay on the Cleveland Municipal Court, in which I included a sprinkling of quotations from Pound's article on the administration of justice in the modern city. | Courts generally | Courts generally |
| 1980 | COHA | Realities and Illusions (Frances Moley, autobiography) | While he had expressed views concerning the administration of justice which were rated liberal, he was as solidly Republican and as conservative as William H. Taft. | Author's view of Pound | Courts generally |
| 1980 | COHA | Realities and Illusions (Frances Moley, autobiography) | When the survey was about half finished, he proposed to the Committee that there be a division of the survey which would deal with the influence of the newspapers in the administration of justice. | Press reporting about the administration of justice. | Unclear |
| 1982 | COHA | Jimmy Carter, Speaking Out for Human Rights, TIME | Neither did the adults who managed the education system, nor the lawyers and judges in our courts, nor the Governor, nor those who led our Government in Washington and were responsible for the administration of justice in our great and free nation. I | School desegration | Government generally |

| 1982 | COHA | Bennett H. Beach, No Longer Best or Brightest, TIME | " Rose Bird, " said Deukmejian in his campaign, " has done more damage to the California Supreme Court and the administration of justice than any of her predecessors. " | Campaign for state chief justice | Courts generally |
|------|------|------|------|------|------|
| 1984 | COHA | Gertrude Himmelfarb, The Compleat Utopian, The New Republic: 12/31/84, Vol. 191 Issue 26, p25-30, 6p | or a concept of " political justice " that does away with a need for any kind of polity or any administration of justice; or a humanism that would like to " extirpate " much of human nature as we know it, including sex, emotion, parental love, even parental identity. | Describing view of thinker. | Government generally |
| 1985 | COHA | Paul Johnson, A History of the English People | Henry V made a deliberate effort to grasp again all the reins of power; hugely self-confident, industrious, clear in his objectives and determined to have his way in all things, he was a fright-ening and much feared figure among the ruling class; but he simply did not have the time to supervise directly the administration of justice and finance, while engaged on a war of conquest. | Henry V's reign | Executive power; law enforcement |
| 1986 | COHA | Leon Botstein, Better Than Receiving, The New Republic: 12/29/86, Vol. 195 Issue 26, p34-38, 4p | For example, Ford, Carnegie, and Rockefeller have consistently sponsored studies and issued reports under their own aegis intended to shape social legislation, foreign policy, public opinion, and the administration of justice. | Describing robber barons' philanthropy. | Unclear |