**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:21-CR-00619-BAH |
| ERIK HERRERA, | |
| Defendant. | |

## REPLY IN SUPPORT OF MOTION FOR RELEASE PENDING APPEAL

## AND POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Erik Herrera by and through his attorney of record, Federal Public Defender Jonathan K. Ogata, respectfully files this reply in support of his Motion for Release Pending Appeal, pursuant to 18 U.S.C.§ 3143(b) and Fed. R. Crim P. 46(c).

On March 19, 2024, Mr. Herrera filed his Motion for Release Pending Appeal and Points and Authorities in Support Thereof.  ECF No. 91.  On March 28, 2024, the Government filed an Opposition to Defendant's Motion for Release Pending Appeal.  ECF No. 97.  Mr. Herrera now files this reply in support of his Motion for Release Pending Appeal.

## <u>POINTS AND AUTHORITIES IN SUPPORT OF</u><br><u>MOTION FOR RELEASE PENDING APPEAL</u>

## <u>DISCUSSION</u>

Mr. Herrera should be released from custody pending appeal.  Pursuant to 18 U.S.C. § 3143(b) a district court that has sentenced a defendant may order him released from custody while an appeal is pending.  18 U.S.C. § 3143(b)(1) requires a court detain a sentenced defendant who has noted an appeal unless the court finds:

> A.  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> B.  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in —
> (i)      reversal
> (ii)     an order for a new trial
> (iii)    a sentence that does not include a term of imprisonment, or
> (iv)     a reduced sentence to a term of imprisonment less that the total of the time already served plus the expected duration of the appeal process

If the court finds that the subparagraphs (A) and (B) above apply, then the court:

> [S]hall order the release of the [defendant] in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph the [court] shall order the detention terminated at the expiration of the likely reduced sentence.

*Id.*

In *United States v. Perholtz*, 836 F.2d 554 (D.C. Cir 1987), the D.C. Circuit addressed whether three appellants should be released under 18 U.S.C. § 3143(b) while their appeal was pending.  The Court held that it needed to determine "whether appellants' appeal 'raises a substantial question of law or fact likely to result in reversal.'"  *Id*. at 555.  In order to make this determination, the Court indicated that it had to assess whether the appellants raised a substantial question of law or fact that, if decided in their favor, would result in the reversal of their convictions.  *Id*.  Addressing what constitutes a substantial question of law or fact, the Court

expressly held that such a question is "a 'close' question or one that could very well be decided the other way." *Id.* (citing cases).

The government begins by asserting that Mr. Herrera is a danger to the community based on this year being an election year and Mr. Herrera's conviction in the instant case. ECF No. 97 at 4. This argument is without merit. The government's position is belied by Mr. Herrera's lack of criminal history, this Court's previous determinations that Mr. Herrera be allowed to be and remain on pretrial release, this Court's decision to allow Mr. Herrera to remain released pending his self-surrender date into federal custody, and the fact that Mr. Herrera was a model supervisee during this entire period, having no violations and appearing to all hearings and Court dates, and self-surrendering without issue. *See* ECF No. 91 at 2-3. Mr. Herrera has demonstrated his willingness and ability to comply with supervision without issue, has shown respect for this process by complying with the terms of supervision and appearing and surrendering when required, and has established through his compliance that he is neither a flight risk nor a danger to the community. The government has presented no evidence to rebut this.

The government then turns to the substantial question prong of the analysis. The government argues Mr. Herrera has not shown "his appeal based on the issues raised in *Fischer* is likely to result in reversal [] a sentence without imprisonment or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." ECF No. 97 at 5. This is incorrect. As the government recognizes this Court has found in other cases that issues on appeal implicated by *United States v .Fischer*, raise a substantial question likely to result in reversal or a reduced sentence. *Id.* at 6 (citing *United States v. Bledsoe*, 21-cr-204-BAH, ECF 260; *United States v. Bender, et al*, 21-cr-508-BAH, ECF 161; *United States v. Williams*, 21-cr-377-BAH, ECF 153; *United States v. Roche*, 22-cr-86-BAH, ECF 94.) Nonetheless the Government attempts to argue that in Mr. Herrera's case the same legal reasoning does not apply. This argument runs contrary to this Court's previous decisions, including in *United States v. Bledsoe*, 21-cr-204-BAH, ECF 260, where the Court determined "*Fischer* produced three separate decisions, including a dissent, and such fractured appellate decision-making strongly

3

suggests a "close question" that is far from frivolous." This close question exists in Mr. Herrera's case just as it does in Mr. Bledsoe's and other defendants who have been release pending the resolution of *Fischer*.

The government assert's that even if Mr. Herrera's conviction under § 1512(c)(2) was vacated it would not undermine his other convictions. ECF No. 97 at 6. This argument is misplaced as Mr. Herrera does not argue a vacatur of the §1512(c)(2) count would undermine his remaining convictions. As Mr. Herrera outlined in his underling motion, if the § 1512(c)(2) count was vacated and he was resentenced *based on the remaining counts*, it is likely that he would have completed his term of imprisonment. ECF No. 91 at 6-9. The government then takes issue with this analysis and speculates that a vacatur of the §1512(c)(2) count "could compel the Court to *increase* the aggregate sentence of [Mr. Herrera's] misdemeanors, up to a statutory maximum of three years…" ECF No. 97 at 8. As the government itself recognizes, this argument has been rejected by this Court as "a departure from both default practice under federal law, *see* 18 U.S. Code § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."), and the position advanced by the government" in cases like Mr. Herrera's where the government did not seek a consecutive term of imprisonment. *Bledsoe*, 21-cr-204-BAH, ECF 260 at 10; *see also United States v. Williams*, 21-cr-377-BAH, ECF 153, at 9-10.

Here, Mr. Herrera has demonstrated by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" as evidenced by his past success on pretrial release and release pending self-surrender, and this Court's decision to allow such release. This Court has found that *Fischer* raised substantial questions—here, those substantial questions implicate Mr. Herrera's pending appeal related to the §1512(c)(2) count and would likely result in reversal and a reduced sentence for Mr. Herrera.

For these reasons, Mr. Herrera should be released while his appeal is pending.

///

///

4

## **CONCLUSION**

WHEREFORE, Defendant, Erik Herrera, moves this Honorable Court to order that he be released from custody pending appeal.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 5, 2024                    By   */s/ Jonthan K. Ogata*

JONATHAN K. OGATA
Deputy Federal Public Defender
CA Bar No. 325914
321 East 2nd Street
Los Angeles, CA 90012
Telephone: (213) 894-2854
E-Mail: Jonathan_Ogata@fd.org