UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIK HERRERA,<br><br>Defendant. | Criminal Action No. 21-619<br><br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

Pending before the Court is defendant Erik Herrera's Motion for Release from Custody Pending Appeal ("Def.'s Mot."), ECF No. 91, which the government opposes, Gov't's Opp'n Def.'s Mot. for Release Pending Appeal ("Gov't's Opp'n"), ECF No. 97. For the reasons stated below, defendant's motion is GRANTED.

### I.  BACKGROUND

Defendant was convicted, following a five-day jury trial, on August 15 to 19, 2022, of a single felony offense of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); and four misdemeanor offenses of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Verdict Form, ECF No. 69. Defendant was on pretrial release from the time of his arrest, on August 19, 2021, *see* Arrest Warrant Return, ECF No. 5; Min. Entry (Sept. 9, 2021), which release was continued, with the government's lack of objection, after trial pending sentencing, *see* Trial Tr. (Aug. 19,

1

2022) at 8:2–8, ECF No. 96; Min. Entry (Aug. 19, 2022), and again after his sentencing until he self-surrendered to the U.S. Bureau of Prisons on March 10, 2023, *see* Min. Entry (Jan. 13, 2023); Order (Feb. 22, 2023), ECF No. 88.

At the sentencing hearing on January 13, 2023, the Court concluded that the advisory guidelines sentencing range applicable to defendant, based on a Criminal History Category of I and an adjusted total offense level of 27, was 70 to 87 months' imprisonment. Sentencing Tr. (Jan. 13, 2013) at 62:23–63:3, ECF No. 89. Specifically, the guidelines applied to only Counts One, Two, and Three, which counts were grouped together, pursuant to U.S.S.G. § 3D1.2(c), for purposes of calculating the relevant offense level. *Id.* at 61:5–10; *see also* U.S.S.G. § 3D1.2(c) (explaining that the offense level applicable to the group is the offense level of the count that results in the highest offense level).

As to Count One, the base offense level of 14, pursuant to U.S.S.G. § 2J1.2(a), was increased by: (a) 8 offense levels, pursuant to U.S.S.G. § 2J1.2(b)(1)(B), "because the offense involved causing or threatening physical injury to a person or property damage in order to obstruct the administration of justice"; (b) 3 offense levels, pursuant to U.S.S.G. § 2J1.2(b)(2), "because the offense resulted in the substantial interference with the administration of justice, specifically the proceedings of Congress"; and (c) 2 offense levels, pursuant to U.S.S.G. § 3C1.1, for defendant's willful obstruction of justice by providing materially false testimony during his trial, resulting in a total offense level of 27. Sentencing Tr. at 62:11–22; *see also id.* at 20:4–31:16 (overruling defendant's objection to the two-level obstruction enhancement).[1]

---

[1] The D.C. Circuit recently held that the sentencing enhancement at U.S.S.G. § 2J1.2(b)(2) does not apply to convictions, under 18 U.S.C. § 1512(c)(2), for conduct disrupting Congress's counting and certification of the electoral college votes on January 6, 2021. *United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024). The *Brock* decision—and any potential extension of the reasoning therein to the sentencing enhancement at U.S.S.G. § 2J1.2(b)(1)(B)— likely has minimal impact on the ultimate sentence imposed for defendant's Section 1512(c)(2) conviction, should this conviction survive the Supreme Court's decision in *Fischer*, however, given the Court's discretion to vary upwards, as appropriate to account for the seriousness of the offense conduct, and alternative

As to Count Two, U.S.S.G. § 2B2.3(a) applied a base offense level of 4, which was increased by 2 offense levels, pursuant to U.S.S.G. § 2B2.3(b)(1)(A)(vii), "because the trespass occurred at a restricted building or grounds." *Id.* at 61:14–20.  The cross reference, at U.S.S.G. § 2B2.3(c)(1), applied "because the offense was committed with an intent to commit a felony offense," namely, the felony charged in Count One, resulting in an offense level of 25. *Id.* at 61:20–24.  Pursuant to U.S.S.G. § 3C1.1, 2 offense levels were then added for obstruction of justice, resulting in a total offense level of 27, the same offense level as Count 1. *Id.* at 61:24–62:3.

As to Count Three, U.S.S.G. § 2A2.4(a) provided a base offense level of 10, which was increased by 2 offense levels, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice, for a total offense level of 12. *Id.* at 62:4–10.

The offense level associated with Counts One and Two of 27 was the highest offense level for the group consisting of Counts One, Two, and Three and thus applied to the whole group, which offense level, when combined with a criminal history score of I, produced an advisory guidelines range of 70 to 87 months' imprisonment. *Id.* at 62:23–63:3.  This sentencing range, however, exceeded the statutory maximum of 12 months for the Class A misdemeanors charged in Counts Two and Three.  Accordingly, pursuant to U.S.S.G. § 5G1.2(a), the guidelines sentence was 12 months' incarceration for Count Two, and 10 to 12 months' incarceration for Count Three.[2]

---

upward departure provisions authorizing the same, including by increasing offense levels for significant disruption of a critical and important governmental function as a result of defendant's offense conduct. *See, e.g.*, U.S.S.G. §§ 5K2.0(a)(2), 5K2.7.  Indeed, defendant does not assert that *Brock* would influence the outcome of this case.

[2]     The sentencing guidelines are inapplicable to Counts Four and Five, which are Class B misdemeanors, each carrying a maximum sentence of six months' imprisonment. *See* U.S.S.G. § 1B1.9; 40 U.S.C. § 5109(b); *see also* Sentencing Tr. at 63:7–9.

3

The Court then granted a "substantial" downward variance, Sentencing Tr. at 94:10, to address "the disparity in sentencing severity arising from the cumulation of increases in offense levels for specific offense characteristics, under U.S.S.G. §§ 2J1.2(b)(1)(B) and 2J1.2(b)(2), and for defendant's dissembling about material matters in his trial testimony, under U.S.S.G. § 3C1.1, all of which though appropriately applied . . . , drove the sentence to be more severe than other defendants, whose offense conduct on January 6, 2021 was more serious, when the record evidence does not show that this defendant personally engaged directly in aggressive or violent confrontation with law enforcement, brought weapons, or irreparably damaged or stole [public] property while outside or inside the U.S. Capitol Building," Statement of Reasons at 5, ECF No. 84; *see also* Sentencing Tr. at 94:11–25.

Defendant was ultimately sentenced to concurrent terms of 48 months' imprisonment on Count One, the statutory maxima of 12 months' imprisonment on Counts Two and Three, and 6 months' imprisonment on Counts Four and Five, to be followed by concurrent terms of 36 months' supervised release as to Count One and 12 months' supervised release as to Counts Two and Three.  *See* Judgment at 3–4, ECF No. 83; *see also* Sentencing Tr. at 98:2–12; 18 U.S.C. § 1752(b)(2) ("The punishment for a violation of subsection (a) is . . . imprisonment for not more than one year."); 40 U.S.C. § 5109(b) ("A person violating section [5104(e)(2)] . . . shall be . . . imprisoned for not more than six months.").

Given defendant's satisfactory compliance while on pretrial release pending both trial and sentencing, defendant was permitted, with the government's consent, to self-surrender to the Bureau of Prisons to serve his term of imprisonment. Sentencing Tr. at 102:19–103:1.  He timely self-surrendered on March 10, 2023.  *See* Def.'s Mot. at 2–3; *see also* Order (Feb. 22, 2023)

(continuing, on defendant's motion, self-surrender date from 2:00 p.m. on March 2, 2023, to 2:00 p.m. on March 10, 2023).

Prior to his self-surrender, defendant filed, on January 20, 2023, a notice of appeal of his conviction and sentence, *see* Notice of Appeal, ECF No. 85, which appeal has been held in abeyance, on defendant's motion, pending issuance of the mandate in *United States v. Fischer*, No. 22-3038 (D.C. Cir.). *See* Order, *United States v. Herrera*, No. 23-3009 (D.C. Cir. Apr. 25, 2023).[3] Before issuance of the mandate, however, the Supreme Court granted certiorari in *Fischer* on December 13, 2023. *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023).

On March 19, 2024, defendant filed the instant motion for release pending appeal, under 18 U.S.C. § 3143(b), for "release[] from his current sentence while his case is on appeal," given the Supreme Court's grant of *certiorari* in *Fischer*, "which involves the same issue as Mr. Herrera's appeal currently pending in the [D.C. Circuit]." Def.'s Mot. at 1. For the reasons set forth below, defendant's motion is granted.

## II. DISCUSSION

Courts are directed to "order the release" of an individual pending appeal upon finding, "by clear and convincing evidence that the person is not likely to flee or pose a danger to the

---

[3]   Prior to trial, defendant moved to dismiss Counts One, Two, and Three of the Indictment. *See* Def.'s Mot. to Dismiss, ECF No. 38. In relevant part, defendant argued that Count One, which charged him with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), failed to state an offense because (1) Congress's certification of the Electoral College vote, on January 6, 2021, is "a ceremonial and administrative event that does not qualify as an 'official proceeding,'" as the term is used in 18 U.S.C. § 1512(c)(2), *see* Def.'s Mot. to Dismiss at 3–7; (2) 18 U.S.C. § 1512(c)(2) is unconstitutionally vague on its face and as applied, *see* Def.'s Mot. to Dismiss at 7–8; and (3) Congress intended 18 U.S.C. § 1512(c)(2) to apply to only obstructive conduct affecting documentary or tangible evidence, *see* Def.'s Mot. to Dismiss at 9–11. Defendant's motion was denied for reasons stated orally on the record during the parties' August 5, 2022 pretrial conference. *See* Min. Order (Aug. 5, 2022); Pretrial Conference Tr. at 65:8–100:21, ECF No. 82. Defendant's appeal was held in abeyance prior to the filing of his opening appellate brief, but defendant represents that he intends to raise on appeal the "arguments related to Count One of the [I]ndictment, including the application and interpretation of 18 U.S.C. § 1512(c)," which arguments are "preserved for appeal." Def.'s Mot. at 4.

safety of any other person or the community if released," 18 U.S.C. § 3143(b)(1), and, in pertinent part, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," *id*. § 3143(b)(1)(B); *see also* Charles Alan Wright et al., 3B FED. PRAC. & PROC. CRIM. § 770 (4th ed.).  Defendant bears the burden of showing that both statutory prongs are met.  *See United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987) (per curiam) (recognizing "the required showing on the part of the defendant" as to "whether [an] appeal 'raises a substantial question of law or fact likely to result in reversal'" (quoting 18 U.S.C. § 3143(b)(1)(B))); *see also United States v. Zimny*, 857 F.3d 97, 101 (1st Cir. 2017) ("[Defendant] has met his burden to show entitlement to release from custody pending appeal under § 3143(b)(1)."); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007) ("In enacting § 3143(b), Congress placed the burden as to all elements bearing on whether to grant bail pending appeal on the defendant." (quotation marks, brackets, and citation omitted)).  These standards are met in the instant case.

      First, this Court finds, by clear and convincing evidence, that defendant "is not likely to flee or pose a danger . . . if released."  18 U.S.C. § 3143(b)(1)(A).  In the over 18 months between defendant's arrest on August 19, 2021, and his self-surrender on March 10, 2023, defendant fully complied with the conditions of his release.  *See* Pretrial Compliance Report (Feb. 3, 2022), ECF No. 24; Pretrial Compliance Report (Mar. 30, 2022), ECF No. 26; Pretrial Compliance Report (May 12, 2022), ECF No. 33; Pretrial Compliance Report (Aug. 4, 2022), ECF No. 53; Pretrial Compliance Report (Aug. 15, 2022), ECF No. 61; Pretrial Compliance Report (Jan. 12, 2023), ECF No. 79; *see also* Presentence Investigation Report ¶ 7, ECF No. 73

(recognizing defendant's compliance with his release conditions).  The government did not seek pretrial detention and raised no objection to permitting defendant to remain on release pending sentencing or allowing defendant to self-surrender following sentencing.  *See* Trial Tr. (Aug. 19, 2022) at 8:2–5 (lodging "[n]o objection" to "allowing Mr. Herrera to remain on pre-trial release pending sentencing"); Sentencing Tr. at 102:19–22 ("defer[ring] to the Court" on the issue of self-surrender).  While incarcerated, defendant has used his time productively, completing the Residential Drug Abuse Program and continuing to participate in related programming.  Def.'s Mot. at 8.  Defendant's "very strong family," support from his friends, commitment to therapy, "plan for how . . . to give back to [his] community," and relatively steady employment prior to his incarceration are additional factors reinforcing that defendant is unlikely to flee or reoffend pending resolution of his appeal.  Sentencing Tr. at 93:20–94:4.

       The government acknowledges that defendant "had not committed other crimes prior to this case and was permitted to remain on pretrial release" but nonetheless argues that defendant is a danger to the community because "[w]e are now in a presidential election year, and during the last such election cycle, Herrera demonstrated his approval of violence and mob action to challenge the peaceful transfer of power."  Gov't's Opp'n at 4.  The government is correct that defendant's offense conduct is serious: he (1) came prepared for violence on his trip to D.C. from California, with items he purchased shortly before the trip, including a respirator mask, ski goggles, and bulletproof vest; (2) entered the Capitol Building through a fire door on the Upper West Terrace, despite hearing alarms going off and officers yelling to get out and seeing broken glass; (3) entered the clearly-marked Senate Parliamentarian's Office, where he (i) took a picture of himself throwing a stack of papers into the air, which photo he posted on Instagram with the caption, "I'm reclaiming Aztlan because I love America.  Querer es poder!"—an expression of

victory at having obstructed congressional proceedings, and (ii) stole a bottle of liquor, which he drank from and held triumphantly in the air as he left the building as law enforcement officers pushed the mob out of this corridor; (4) reentered the Capitol a second time through the Senate Wing Doors, despite again hearing the blaring alarms and seeing the shattered glass; (5) entered a private Senator's office and smoked a marijuana joint; (6) went to the Crypt and joined in the mob that overran the police trying to hold the Capitol Building; and (7) engaged in communications, both before and after the Capitol breach, indicating his belief that the election had been stolen and his knowledge that the certification of the presidential election results would occur on January 6, 2021, unless stopped. *See id.* at 2–3; *see also* Statement of Reasons at 5–6. While defendant's conduct was egregious, and the government's concern is legitimate, the Court is not persuaded that this defendant would pose a danger to others if released pending appeal, where defendant fully complied with the conditions of release pending trial and sentencing, and upon release, will again be placed under supervision. *See* Gov't's Opp'n at 5 (acknowledging that a similar argument, made by the government, was rejected when the "motions for release pending appeal for defendants Matthew Bledsoe, Luke Bender, Landon Mitchell, Anthony Williams, and Michael Lee Roche" were granted).

Second, defendant's appeal "raises a substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B). Specifically, defendant intends to challenge his conviction on Count One, arguing that his conduct does not fall within the scope of 18 U.S.C. § 1512(c)(2), *see* Def.'s Mot. at 4, which argument was rejected by this Court when presented in defendant's pretrial motion to dismiss, consistent with subsequent rulings by the D.C. Circuit in *Fischer*, 64 F.4th at 350, and *United States v. Robertson*, 86 F.4th 355, 381 (D.C. Cir. 2023). The Supreme Court granted *certiorari* to resolve whether Section 1512(c)(2) applies to "acts unrelated to investigations and

8

evidence," one basis for defendant's appeal of his Section 1512(c)(2) conviction. *See Fischer*, 2023 WL 8605748 (granting petition for *certiorari*); Pet. Writ of Certiorari § i, *Fischer v. United States*, No. 23-5572 (Sept. 11, 2023) (presenting the question whether "the D.C. Circuit err[ed] in construing 18 U.S.C. § 1512(c) . . . which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence").

"[A] substantial question" means "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555 (quotation marks and citations omitted). This is a "demanding standard . . . to accord with the expressed congressional intent to increase the required showing on the part of the defendant." *Id*. at 555–56. The question on appeal of whether the conduct for which defendant has been convicted in Count One falls within Section 1512(c)(2)'s ambit satisfies this standard, as this and other Judges on this Court have likewise concluded when considering the release pending the Supreme Court's resolution of the *Fischer* appeal of a defendant convicted of a single felony Section 1512(c)(2) charge and other misdemeanors, when the defendant had already served close to or more than twelve months in prison. *See, e.g., United States v. Sheppard*, No. 21-cr-203 (JDB), 2024 WL 127016, at *3 (D.D.C. Jan. 11, 2024); *United States v. Weyer*, No. 22-cr-40 (JEB), 2024 WL 809962, at *3 (D.D.C. Feb. 27, 2024); *United States v. Adams*, No. 21-cr-354 (APM), 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024); *see also United States v. Bender*, 21-cr-508 (BAH), 2024 WL 960999, at *6 (D.D.C. Mar. 6, 2024); *United States v. Bledsoe*, 21-cr-204 (BAH), 2024 WL 341159, at *6 (D.D.C. Jan. 30, 2024); *accord* Min. Order, *United States v. Clark*, No. 21-cr-538 (DLF) (D.D.C. Dec. 21, 2023) (granting defendant's motion to stay self-surrender date pending resolution of *Fischer*).

The government is correct that the Supreme Court's grant of *certiorari* in *Fischer* "does not indicate that it was wrongly decided." Gov't's Opp'n at 5. Indeed, defendant may be overly optimistic that the Supreme Court's resolution of *Fischer* may be favorable to him, given that the D.C. Circuit has twice upheld, over lone dissents, the application of Section 1512(c)(2) to obstructive conduct designed "to stop Congress from certifying the results of the 2020 presidential election," *Fischer*, 64 F.4th at 335; *see also Robertson*, 86 F.4th at 375–76, and the "striking" "near unanimity of [] rulings" by every other Judge on this Court, with one exception, that "adopted the broad reading of the statute . . . to uphold the prosecution of defendants who allegedly participated in the Capitol riot," *Fischer* 64 F.4th at 338 & n.3 (collecting cases); *see also* United States Br. Opp. Pet. Certiorari, *Fischer v. United States*, No. 23-5572, 2023 WL 7164427, at *20 n.3 (Oct. 30, 2023) ("[E]very other district judge in the District of Columbia has now rejected the interpretation adopted by the district judge here." (citations omitted)).[4] At the same time, *Fischer* produced three separate decisions, including a dissent, and such fractured appellate decision-making does suggest a "close question" that, at a minimum, is not frivolous.

---

[4] *See also United States v. Gillespie*, No. 22-cr-60, 2022 WL 17262218, at *3–6 (D.D.C. Nov. 29, 2022) (Howell, J.); *United States v. Hale-Cusanelli*, 628 F. Supp. 3d 320, 325–26 (D.D.C. 2022) (McFadden, J.); *United States v. Robertson*, 610 F. Supp. 3d 229, 232–36 (D.D.C. 2022) (Cooper, J.), *aff'd*, 86 F.4th 355 (D.C. Cir. 2023), *and aff'd*, 84 F.4th 1045 (D.C. Cir. 2023); *United States v. Williams*, No. 21-cr-618, 2022 WL 2237301, at *8–17 (D.D.C. June 22, 2022) (Berman Jackson, J.); *United States v. Fitzsimons*, 605 F. Supp. 3d 132, 137–51 (D.D.C. 2022) (Contreras, J.), *appeal docketed*, No. 23-3123 (D.C. Cir. Aug. 1, 2023); *United States v. Bingert*, 605 F. Supp. 3d 111, 118–28 (D.D.C. 2022) (Lamberth, J.); *United States v. McHugh*, No. 21-cr-453, 2022 WL 1302880, at *2–12 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Puma*, 596 F. Supp. 3d 90, 96–108 (D.D.C. 2022) (Friedman, J.); *United States v. Grider*, 585 F. Supp. 3d 21, 27–34 (D.D.C. 2022) (Kollar-Kotelly, J.); *United States v. Montgomery*, 578 F. Supp. 3d 54, 69–87 (D.D.C. 2021) (Moss, J.); *United States v. Nordean,* 579 F. Supp. 3d 28, 42–54 (D.D.C. 2021) (Kelly, J.); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 24–27 (D.D.C. 2021) (Boasberg, J.); *United States v. Caldwell*, 581 F. Supp. 3d 1, 11–34 (D.D.C. 2021) (Mehta, J.); *United States v. Sandlin*, 575 F. Supp. 3d 16, 21–34 (D.D.C. 2021) (Friedrich, J.). *But see United States v. Miller*, 589 F. Supp. 3d 60, 66–79 (D.D.C.) (Nichols, J.), *reconsideration denied*, 605 F. Supp. 3d 63 (D.D.C. 2022), *and rev'd and remanded sub nom. United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); *United States v. Fischer*, No. 21-cr-234, 2022 WL 782413, at *4 (D.D.C. Mar. 15, 2022) (Nichols, J.), *rev'd and remanded*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); Min. Order, *United States v. Lang*, No. 21-cr-53 (D.D.C. June 7, 2022) (Nichols, J.).

10

*Accord Adams*, 2024 WL 111802, at *2 ("[T]he Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a 'close question.'").

Third and finally, reversal of defendant's conviction under Section 1512(c)(2) is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).[5] A favorable ruling for defendant in *Fischer* would not result in "reversal" under Section 3143(b)(1)(B)(i), for while such ruling may require vacatur of defendant's Section 1512(c)(2) conviction, defendant remains convicted on four misdemeanor counts. *See Perholtz*, 836 F.2d at 557 (stating the appeal must "raise[] a substantial question likely to result in reversal of *all* counts on which imprisonment is imposed" (emphasis supplied) (citation omitted)). Vacatur of defendant's Section 1512(c)(2) conviction, however, would likely "result in . . . a reduced sentence" in his term of imprisonment. 18 U.S.C. § 3143(b)(1)(B).

Defendant posits that he would be subject to a substantially lower sentencing guideline range were he to succeed on his appeal, with the applicable statutory maximum capping the applicable sentencing range at 12 months, pursuant to U.S.S.G. § 5G1.1. He argues for immediate release because he has now served over 13 months in prison, and "[i]f 18 U.S.C. § 1512(c)(2) did not apply to Mr. Herrera's conduct and he received an in-guidelines sentence for the remaining counts, it is likely he would have completed his term of imprisonment," even without the benefit of good-time credit under 18 U.S.C. § 3624(b)(1) or earned-time credit under

---

[5] The government is correct to note that even if the Supreme Court adopts the *Fischer* dissenting opinion's reading of Section 1512(c)(2), defendant's conviction might still stand because "his destruction of documents in the Senate Parliamentarian's Office" could be considered an "effort[] to prevent Congress from receiving, processing, and considering the evidence of each State's electoral votes." Gov't's Opp'n at 5–6 (quoting Order, *United States v. Brock*, No. 23-3045 (D.C. Cir. May 25, 2023) (Millet, J., concurring)). Heeding the warning "not prejudge that argument at this preliminary phase," Order, *Brock*, No. 23-3045 (Millet, J., concurring), the Court notes only that even if defendant's reading of Section 1512(c)(2) were adopted, defendant's Section 1512(c)(2) conviction would not *necessarily* be vacated.

11

18 U.S.C. § 3632(d)(4).  Def.'s Mot. at 8.  The government responds that the Court could vary upward to impose the same sentence of 48 months' incarceration or could order that defendant's conviction on the four misdemeanor counts be served consecutively, "that is, 12 months for each of Counts Two and Three and 6 months for each of Counts Four and Five, resulting in a total of 36 months."  Gov't's Opp'n at 8.  While possible, imposing consecutive sentences on *all four* misdemeanors, as the government proposes, would be a departure from both default practice under federal law, *see* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."), and the position adopted by this Court at defendant's sentencing in the instant case, where the government did not seek consecutive terms of imprisonment, *see generally* Gov't's Sentencing Mem., ECF No. 75, resulting in an order to concurrent terms of imprisonment on all Counts.  At the same time, if defendant succeeds on appeal in challenging his conviction under Section 1512(c)(2), a sentencing option available on resentencing that is not mentioned by either party is the imposition of a term of incarceration on one petty offense and a term of probation on another offense.  *See United States v. Little*, 78 F.4th 453, 456 (D.C. Cir. 2023) (concluding that 18 U.S.C. § 3561(a)(3) "bars a court from imposing probation and imprisonment for a single offense," but noting that "[a] court may impose both only if a defendant gets imprisonment for one petty offense and probation for a different offense").  Nonetheless, should defendant's conviction under Section 1512(c)(2) be vacated, he would face a "likely reduced sentence."

Defendant has served over 13 months' imprisonment, which may be more than the amount of time to which he likely would be sentenced, absent the Section 1512(c)(2) conviction in Count One.  Accordingly, defendant's Motion for Bond Pending Appeal is GRANTED.

While defendant appears to request his release for the duration of his appeal before the D.C. Circuit, his release now is predicated only on satisfaction of the statutory standard, under 18 U.S.C. § 3143(b), as to Count One and thus may be revoked depending on the Supreme Court's decision in *Fischer*.

### III.    CONCLUSION

For the reasons set forth above, defendant's Motion for Release Pending Appeal, ECF No. 91, is GRANTED.  An order consistent with this Memorandum Opinion will be filed contemporaneously.

Date: April 17, 2024

_____
**BERYL A. HOWELL**
United States District Judge