**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO. 21-CR-619-BAH |
| v. | : | |
| | : | |
| ERIK HERRERA, | : | |
| | : | |
| Defendant. | : | |

**ERIK HERRERA'S MEMORANDUM RE: RESENTENCING**

    Erik Herrera, through undersigned counsel, Federal Public Defender Cuauhtemoc Ortega, hereby submits his sentencing memorandum for this Honorable Court's consideration following remand by the Court of Appeals. Mr. Herrera respectfully requests that the Court sentence him to a term of imprisonment of time served as to Counts Two, Three, Four, and Five; a 12-month term of supervised release to start from the time he was released from prison; $2,000 in restitution; and a total of $70 in special assessments.

**I.    PROCEDURAL HISTORY**

    On August 19, 2022, Mr. Herrera was convicted, after a five-day jury trial, of a single felony offense of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); and four misdemeanor offenses of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). At trial, Mr. Herrera admitted that he entered the Capitol on January 6, 2021, without permission and that he engaged in inappropriate, disorderly, and disruptive

conduct.[1] On January 13, 2023, the Court sentenced Mr. Herrera to 48 months' imprisonment on Count One, and to the statutory maximum sentence as to each misdemeanor (Counts Two through Five), all to run concurrently. The Court arrived at a 48-month sentence after granting a downward variance from the advisory Guidelines range of 70-87 months.

Mr. Herrera filed a notice of appeal on January 20, 2023, then self-surrendered to the Bureau of Prisons on March 10, 2023 for service of his sentence. On April 17, 2024, following the Supreme Court's grant of certiorari in *United States v. Fischer*, 603 U.S. 480 (2024), the Court granted Mr. Herrera's motion for bond pending appeal. *See* Dkt. No. 100. Following the Supreme Court's opinion in *Fischer*, the Court of Appeals, with the government's agreement, vacated Mr. Herrera's conviction under Count One and remanded the case to this Court. The Court then set this matter for resentencing.

By the time of his release from custody in April 2024, Mr. Herrera had completed over 13 months of his 48-month sentence, which exceeds the original sentence imposed on the misdemeanor counts and the statutory maximum sentence for each such offense. Mr. Herrera is presently out of custody and under Court supervision.

## II.    SENTENCING GUIDELINES

Because Mr. Herrera has already over-served the statutory maximum of each Count that remains after remand, the Sentencing Guidelines calculation is, in a practical sense, moot.

---

[1] *See* Final Jury Instructions, Dkt. 65, at 10 ("Defendant . . . admits that he committed the violations charged in Counts Two and Five, and that he engaged in disorderly or disruptive conduct—element one of Counts Three and Four. But Mr. Herrera denies that he acted with the intent to impede or disrupt the orderly conduct of Government business or Congress—element two of Counts Three and Four. Mr. Herrera further denies Count One. Specifically, he denies that he corruptly intended to obstruct, influence, and impede Congress' certification of the Electoral College vote on January 6, 2021.").

Nevertheless, as to Counts Two and Three,[2] Mr. Herrera submits that the correct calculation is as follows:

> Count Two: 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds
> - Base Offense Level: **4** (U.S.S.G. §2B2.3(a))
> - Specific Offense Characteristic: **+2** (U.S.S.G. §2B2.3(b)(1)(A)(vii), the trespass occurred "at any restricted building or grounds"))
> - *Total*: **6**
>
> Count Three: 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds
> - Base Offense Level: 10 (U.S.S.G. §2A2.4(a))
> - *Total*: **10**

Mr. Herrera herein incorporates the objections he made at the original sentencing hearing regarding the obstruction of justice enhancement (U.S.S.G. §3C1.1). *See* Dkt. 77, at 7-12. With no prior criminal history, the resulting guidelines range is **0-6** months for Count Two and **6-12** months for Count Three. Mr. Herrera also reincorporates his argument that, even though he may not be eligible for an acceptance of responsibility adjustment under U.S.S.G. §3E1.1, the Court should consider under 18 USC § 3553(a) the fact that Mr. Herrera conceded guilt as to Counts Two and Five and certain elements of Counts Three and Four during trial. *Id.* at 12.

### III.   APPROPRIATE SENTENCE

Because Mr. Herrera has already overserved the statutory maximum sentence for each surviving count, the only real question on remand is whether the Court should run the

---

[2] There is no dispute that the Guidelines do not apply to Counts Four and Five because they are Class B misdemeanors. (Gov't Re-Sentencing Memo, Dkt. 108, at 13).

misdemeanor sentences consecutively, as the government requests.[3]  The Court should reject the government's request for several reasons.

First, the only substantive change to the sentencing circumstances is that the severity of Mr. Herrera's offenses has reduced drastically.  In moving to vacate Count One on appeal, the government conceded that it cannot prove that Mr. Herrera's conduct fit the elements of 18 U.S.C. §§ 1512(c)(2) and 2.  The felony count drove the calculation of the final Guidelines range of 70-87 months and the ultimate sentence of 48 months. Without the felony in the calculus, Mr. Herrera's offenses are much less severe (at 0-6 and 6-12 Guideline ranges for the Class A misdemeanors, as set forth above).  The government argues that stacking the misdemeanor sentences is warranted because "imposing a 12-month sentence reflexively, simply because of the felony-misdemeanor status of a crime, unintentionally devalues the conduct, remorse, acceptance, and overall individual character of a defendant." Dkt. 108, at 22.  It notes that Mr. Herrera "trashed the Senate Parliamentarian's Office, smoked marijuana in the Capitol, [and] stole a bottle of alcohol," and that he "took his case to a jury and lied under oath when he took the stand." *Id.*  These assertions, though, were all made at the time of the original sentencing.  Despite these facts being available to them then, the government never argued that they made the misdemeanors so severe in scale that they should run consecutively.  To the contrary, it had no objection to all counts running concurrently.  What the government is doing now, thus, is plainly transparent.  Disappointed that it lost on appeal, it attempts to get creative about replicating, as best it can, the original sentence imposed, even if it means flatly contradicting its prior position.  If the Court accepted the government's new sentencing recommendation, it would (literally) impose the most severe sentence available under the law—stacked statutory maximums.  Nothing about the facts of this case

---

[3] Mr. Herrera herein incorporates the 18 U.S.C. § 3553(a) factors discussion from his original sentencing position.  Dkt. 77, at 13-17.

warranted this kind of extreme punishment when the felony was in play—and even less so now that the felony has been dismissed. The Court should reject the government's recommendation to run the misdemeanor sentences consecutively.

Second, the government's reliance on Mr. Herrera's political expression as a basis for additional punishment violates the First Amendment. In its sentencing position, it excerpts various social media posts Mr. Herrera made while on release pending re-sentencing. It is legally dangerous and improper, however, to use Mr. Herrera's political expression as a basis for increased punishment. Nothing the government attributes to Mr. Herrera reflects new criminal conduct. Any statement he makes about the events of January 6, 2021, the resulting prosecutions, his own prosecution, or the recent presidential election falls within the ambit of protected free expression. The fact that the government may find Mr. Herrera's posts distasteful, or revolting, is more reason why his speech merits protection. The First Amendment is meant to safeguard citizens with unpopular viewpoints from the exercise of government power.

The government tries to characterize Mr. Herrera's speech as evidence of lack of remorse, but, even if assumed true, this is not a changed circumstance. The government has never believed Mr. Herrera is remorseful, and under that belief, which it exhaustively emphasized at the original sentencing, the government did not ask for stacked sentences. It only asks for stacked sentences now because it is disappointed that its case did not survive on appeal. Mr. Herrera objects to any consideration of his post-sentencing thoughts and viewpoints during his upcoming resentencing.

Third, the fact that the government did not seek consecutive sentences on the misdemeanors in the original proceedings, but does so now, reflects improper vindictiveness due to Mr. Herrera's success on appeal. Though Mr. Herrera's charges have decreased in severity after appeal, the government seeks a more aggressive sentence (stacked statutory maximums) than it did at

5

the original sentencing. The obvious inference here is that the government is punishing Mr. Herrera for challenging his case on appeal and prevailing. The Court should not sanction the government's improper conduct.

## IV. RESTITUTION AND SPECIAL ASSESSMENTS

Mr. Herrera does not intend to contest the restitution amount and has no objection to the imposition of the relevant mandatory special assessments.

## V. CONCLUSION

Mr. Herrera respectfully requests that the Court sentence him to a term of imprisonment of time served as to Counts Two, Three, Four, and Five, a 12-month term of supervised release to start from the time he was released from prison, $2,000 in restitution, and a total of $70 in special assessments.[4]

Respectfully submitted,

DATED: January 14, 2025      /s/ Cuauhtemoc Ortega
CUAUHTEMOC ORTEGA
Federal Public Defender
(Cal. Bar No. 257443)
(E-Mail: Cuauhtemoc_Ortega@fd.org)
321 East 2nd Street
Los Angeles, CA 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

---

[4] Undersigned counsel apologizes that this memorandum is one day late. Counsel has been managing his office's response to the fires in Los Angeles County, which impacted many of his employees. Counsel alerted the government regarding this delay; the government does not object to the Court accepting this late filing.